Exhibit 1

Filed
D.C. Superior Court
08/02/2022 20:08PM
Clerk of the Court

## IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | | |
|---|---|---|
| LAWCO USA, PLLC | * | |
| 1140 Third Street NW | * | |
| Washington, DC, 20002, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| | * | |
| | * | |
| v. | * | CASE NO.:   2022 CA 003131 B |
| | * | |
| COOPER LAW FIRM, LLC | * | |
| 1525 Religious Street | * | |
| New Orleans, LA 70130, | * | |
| | * | |
| Defendant. | * | |
| | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF, AND SPECIFIC PERFORMANCE

COMES NOW, Plaintiff LawCo USA, PLLC, by and through undersigned counsel and files the following Complaint for declaratory relief, injunctive relief, and specific performance to require Defendant Cooper Law Firm, LLC to establish a joint bank account between the parties as required under the terms and conditions of a Joint Venture Agreement (the "Agreement") dated September 20, 2018.

### PARTIES

1.     Plaintiff LawCo, USA, LLC is a District of Columbia limited liability company.

2.     Cooper Law Firm, LLC is a Louisiana limited liability company.

## JURISDICTION

3.      This Court has jurisdiction of this matter under D.C. Code § 11-921, which provides

that the Superior Court of the District of Columbia may adjudicate any civil action at law or in

equity brought in the District of Columbia.

4.      This Court has personal jurisdiction over Defendant pursuant to D.C. Code § 13-

423, which allows a District of Columbia court to exercise personal jurisdiction over any person

who transacts any business in the District of Columbia either directly or through an agent.

## FACTS

5.      On August 1, 2018, Plaintiff and Defendant entered into an agreement to partner to

provide legal representation in connection with the side effects from the implantation of hernia

mesh products and to represent potential claimants in lawsuits against the manufacturers,

distributors, and sales representatives who promote and implant hernia mesh implants (the

"Agreement"). A copy of the Agreement is attached as Exhibit A.

6.      Pursuant to the terms and conditions of the Agreement, Plaintiff was responsible

for supervising and managing advertising for hernia mesh implant cases, managing operations of

the call center handling incoming potential clients from any advertisements, managing client intake

and initial screening, and client management. Exhibit A, Section 3.1

7.      Pursuant to the terms and conditions of the Agreement, Defendant was required to

defend all depositions, review and confirm completeness of paperwork, and conduct settlement

negotiations. Exhibit A, Section 3.2

8.      Section 6.4 of the Agreement provides as follows:

> In addition to the account designated in Section 3.2, CLF and LawCo shall
> establish a bank account in the joint name of CLF and LawCo (the "Joint
> Account"). The Joint Account shall be used exclusively for the Hernia Mesh
> Implant cases, and no other monies shall be comingled with the Joint
> Account. All fees and cost reimbursements received from the Hernia Mesh

Implant cases under this Agreement will be paid into the Joint Account. CLF and LawCo shall jointly control the Joint Account. All disbursement from such bank account shall be subject to the approval of both CLF and LawCo. Upon receipt of any fees or cost reimbursements, the Participants will, within fifteen (15) days of such receipt, jointly prepare a settlement statement and disburse all such receipts as set forth herein.

*See* Exhibit A.

9.    In December 2021, Plaintiff began efforts to establish the joint bank account, and Defendant acknowledged the requirement for same pursuant to the Agreement.  A copy of these communications is attached as Exhibit B.  Defendant further agreed to establish the joint bank account and proposed a dual signature account be opened at Hancock Whitney.  Id.

10.    On March 30, 2022, Plaintiff continued efforts to establish the joint bank account and sent correspondence to Defendant advising that it had sent an initial check for $100 to open the account. A copy of these communications is attached as Exhibit C.  That same day, Defendant requested that Hancock Whitney begin the process of establishing the joint account owned by both parties.  Id.

11.    After months of email exchanges and document production, seemingly only targeted at Plaintiff, Plaintiff became aware of security concerns and privacy breaches that rendered it impossible to engage Hancock Whitney as the financial institution to house the joint bank account.  Thus, on May 19, 2022, Plaintiff advised Hancock Whitney it would need to employ a separate financial institution.  A copy of this communication is attached as Exhibit D.

12.    On May 26, 2022, Plaintiff again attempted to establish the joint account, proposing a trusted financial institution, Truist Bank, which had been vetted by Plaintiff.   A copy of these communications is attached as Exhibit E.

13.      On May 31, 2022, Defendant made clear its intent to breach the Agreement, indicating that it would return the $100 check provided by Plaintiff and advising that it would no longer agree to open a joint account.  A copy of these communications is attached as <u>Exhibit F</u>. Defendant further requested that Plaintiff suggest reasons for it to reconsider its breach. <u>Id</u>. Defendant expressed that despite the clear and unambiguous terms of the Agreement, it did not see a reason to establish the joint account.

14.      Defendant's blatant refusal to assist in establishing the joint bank account is a material breach to the Agreement.

15.      Plaintiff respectfully requests that this Court issue an Order 1) declaring Defendant to be in material breach of the Agreements for its refusal to open the joint bank account, 2) enjoining Defendant from opening a different bank account in its name only and depositing proceeds related to the litigation into that account, 3) requiring Defendant to act in accordance with the Agreement by signing and providing the necessary documents to establish the joint bank account, and 4) directing Defendant to specifically perform in accordance with Section 6.4 of the agreement wherein Plaintiff and Defendant shall be the named signatories of same, and wherein a dual signature shall be required to release any funds.

## COUNT I
## DECLARATORY JUDGMENT
### Breach of Contract

16.      Plaintiff realleges each and every allegation in paragraphs 1-15 above as if fully set forth herein.

17.      Section 6.4 is a material term of a binding, enforceable contract between Plaintiff and Defendant.

18.     Defendant's refusal to cooperate with Plaintiff in opening the joint bank account constitutes a material breach of the Agreement.

19.     As a result, Plaintiff seeks a declaratory judgment finding that Defendant is in material breach of the Agreement.

## COUNT II
## INJUNCTIVE RELIEF

20.     Plaintiff realleges each and every allegation in paragraphs 1-19 above as if fully set forth herein.

21.     Defendant's breach of Section 6.4 of the Agreement will cause irreparable harm to Plaintiff.  The purpose of setting up a joint account is to ensure that any and all proceeds related to the litigation remain under the *joint control* of both Plaintiff and Defendant.  Plaintiff's loss of such control has no adequate remedy at law because such loss will strip Plaintiff of its ability to maintain a continuous accounting of such funds and to ensure that the funds are correctly allocated to the appropriate party(ies).

Moreover, Section 6.4 was intentionally included to prevent a prior course of conduct in earlier contractual relations between Plaintiff and Defendant from re-occurring.  In those previous contracts, Stuart Smith, Defendant's representative and of counsel to Defendant's firm, who signed the Agreement on behalf of Defendant, exercised exclusive control over the funds at issue to gain negotiating and financial advantages over Plaintiff.  That Defendant has instituted frivolous litigation against Plaintiff and its principal in another jurisdiction only serves to underscore the vital importance and materiality of the joint bank account provision.

22.     Because Defendant's breach of Section 6.4 of the Agreement causes such harm, any action by Defendant to set up its own, unilateral bank account and to deposit funds related to that litigation into that account must be enjoined.

5

## COUNT III
## SPECIFIC PERFORMANCE

23.     Plaintiff realleges each and every allegation in paragraphs 1-22 above as if fully set forth herein.

24.     For all of the reasons set forth in paragraph 21 above, no adequate remedy at law exists, warranting an order of specific performance from the Court directing Defendant to cooperate with Plaintiff in the establishment of the joint bank account required by Section 6.4 of the Agreement.

WHEREFORE, Plaintiff LawCO USA, PLLC asks for the following relief:

a.     Issue a declaratory judgment finding that Defendant is in material breach of Section 6.4 of the Agreement.

b.     Enjoin Defendant from unilaterally opening its own bank account and depositing any proceeds related to the litigation into that account.

c.     Order specific performance under Section 6.4 of the Agreement and direct Defendant to cooperate with Plaintiff in the execution of the requirements of Section 6.4.

d.     Grant such other or further relief as the Court deems proper.

Dated: July 14, 2022                    Respectfully submitted,

                                        _____
                                        Jeffrey E. McFadden (Bar No. 434234)
                                        LAW OFFICES OF JEFFREY E. MCFADDEN, LLC
                                        312 Prospect Bay Drive East
                                        Grasonville, MD  21638
                                        (410) 490-1163
                                        jmcfadden@jmcfaddenlaw.com

                                        *Counsel for Plaintiff*

# EXHIBIT A

## JOINT VENTURE AGREEEMENT

This Joint Venture Agreement (hereafter, "Agreement") is made effective the _____ day of August 2018 by and between The Cooper Law Firm, L.L.C. (hereafter, "CLF"), a Louisiana limited liability company, and LawCo USA, PLLC (hereafter, "LawCo"), a District of Columbia professional limited liability company.

## RECITALS

**WHEREAS**, numerous companies manufacture and supply hernia mesh products (the "Products" or "Hernia Mesh Implants") used to repair numerous hernia related problems in both men and women which have a high degree of failure requiring further surgery to either repair or replace the implanted products and correct damages to the surrounding tissue and organs as well as causing additional side effects and injuries relating to the implants;

**WHEREAS**, CLF and LawCo desire to work together to offer legal representation in connection with any side effects members of the public may suffer from the implant of the Products and to represent potential claimants in lawsuits against the manufacturers, distributors, and sales representatives who promote and implant the Hernia Mesh Implants; and

**WHEREAS**, it is agreed that the most desirable form of business for conducting the operation is a joint venture (the "Joint Venture").

**NOW THEREFORE**, for the reasons cited below, and in consideration of the mutual covenants contained in the Agreement, the Participants agree as follows:

### Article 1
### General

1.1   Effective Date.  The effective date of this Agreement is August 1, 2018 (the "Effective Date") and the parties recognize that advertising and case evaluation for these injuries has already commenced in connection with advertising for Hernia Mesh Implants.

1.2   Purpose.  The purpose of the Joint Venture is to procure and represent clients in hernia mesh product injury.

1.3   Participants; Participant Attorneys.

(a)   Participants.  The Participants in the Joint Venture are CLF and LawCo.

(b)   Participant Attorneys.  Each Participant acknowledges and agrees that the other Participant is a limited liability company, or a professional limited liability company comprised of attorneys (the "Attorneys").  Each Participant agrees to provide within ten (10) days of the Effective Date to the other Participant a list of all its Attorneys and all professional details about such Attorneys, and to update such information promptly as needed (but not less often than quarterly).

(c)     The principal of LawCo is James C.A. Crosland, Esq. The principal of CLF is Stuart H. Smith, L.L.C. (collectively, the "Principal Participant Attorney(s)"). Each Participant will immediately notify the other Participant of any change in its Principal Participant Attorneys.

1.4     <u>Term</u>.  The Joint Venture will continue from the Effective Date, through the conclusion of all legal matters filed in connection with Hernia Mesh cases as set forth herein.

## Article 2
## Conduct of Venture

The Participants shall jointly manage the Joint Venture through a designee.  CLF's initial designee is Stuart H. Smith.  LawCo's initial designee is James C.A. Crosland.    Each Participant's designee may be changed upon written notification to the other Participant.

## Article 3
## Duties of Participants

3.1     <u>Duties of LawCo</u>.

(a)     LawCo and its "Local Counsel" (as hereinafter defined) will air the advertising for Hernia Mesh Implant cases, which advertisements shall comply with the Rules of Professional Conduct of each jurisdiction in which the advertisements run. LawCo and its Local Counsel shall be responsible for all costs associated with the advertisements.

(b)     LawCo will be responsible for the information and operations of a call center to handle incoming potential clients from any advertisements.  An initial fact sheet will be generated by the call center containing the necessary required information (as established by CLF and LawCo) to initially evaluate the claim.  CLF will pay for all LawCo's out of pocket costs for the call center.  The costs for the shall be deemed a Joint Venture cost and shall be paid by CLF within twenty-five (25) days of presentment of said costs.  LawCo shall provide to CLF all supporting documentation for such costs.  Any disputes to the validity of costs shall be reserved until the culmination of this litigation and shall be resolved prior to the distribution of any Joint Venture fees or cost disbursements.

(c)     LawCo will screen initial client contact information.  If a potential client satisfies the screening criteria, LawCo and its Local Counsel will mail the appropriate medical authorizations, fact sheets and attorney contingency fee contracts to potential clients.  The fee contract shall be subject to applicable State rules and guidelines and call for a thirty-three and a third (33 1/3%) attorney fee plus reasonable costs in New York and a forty-five percent (45%) attorney fee plus reasonable costs in other States, unless local rules require a lower fee percentage. The fee contract shall name LawCo as principal counsel with CLF and Local

2

Counsel as co-counsel. LawCo, Local Counsel, and CLF will be the signatories to the fee agreement with the client and LawCo will execute a co-counsel agreement with Local Counsel for the benefit of CLF. Thereafter, CLF and LawCo jointly represent said client.

(d)     LawCo and its Local Counsel will be responsible for making sure that the potential clients complete the questionnaires, including, but not limited to, re-mailing incomplete packets, contacting the clients for additional information, meeting with the clients, and anything else necessary to obtain full and complete information enough for the parties to evaluate the claims. The costs for the (the "Case Evaluation Costs") shall be deemed a Joint Venture cost and shall be paid by CLF within twenty-five (25) days of presentment of said costs. For purposes hereof, Case Evaluation Costs shall be only actual out of pocket costs for copying (at rates to be determined by agreement of the parties), mail, and travel reimbursement. All Case Evaluation Costs shall be accounted for by individual case. At the request of CLF, LawCo will provide all backup documentation for Case Evaluation Costs. Any Case Evaluation Costs recovered from a client shall be paid as reimbursement to CLF. Any disputes to the validity of costs shall be resolved prior to the distribution of any Joint Venture fees or cost disbursements.

(e)     If a client is eventually not accepted, the disassociation letter shall be written by LawCo, naming all of the participating attorneys. LawCo is responsible for providing copies to all participating attorneys.

(f)     LawCo and Local Counsel, after obtaining all information to complete fact sheets from potential clients, will order preliminary medical records as identified by CLF. The cost of the medical records plus any postage or related retrieval fees charged by third-party providers will be paid by CLF within twenty-five (25) days of submission of said costs, and will be reimbursed to CLF by the Joint Venture from funds collected by the Joint Venture before distribution of any attorney fees, unless payment thereof is ordered by any Court or assumed by the client in any fee agreement. CLF shall be responsible for ordering any subsequent medical records deemed necessary to further prosecute the case. CLF shall establish an account with MediConnect or similar service, with LawCo as an authorized user. CLF shall keep said account current. The method of ordering these records, whether through MediConnect, or a similar records recovery source, as well as the cost structure of said recoveries, shall be pre-approved by CLF. Any disputes relative to the accuracy or necessity of such billing shall be reserved until the completion of this litigation and shall be resolved prior to any distribution of fees or costs. Any dispute of any of the costs heretofore mentioned, whether it is as to accuracy, necessity, or extent, shall not in any way interfere with the necessity of continued paying of other costs.

(g)     CLF will defend depositions of all clients after consultation with LawCo and its Local Counsel. The costs for defending said depositions ("Deposition Costs") shall be reimbursed by the Joint Venture from funds collected by the Joint

Venture before distribution of any attorney fees, unless payment thereof is ordered by any Court or assumed by the client in any fee agreement. "Deposition Costs" shall also include the cost of the transcript for any such deposition. All Deposition Costs shall be accounted for by individual case. At the request of LawCo or its Local Counsel, CLF will provide all backup documentation for Deposition Costs. Any disputes to the validity of costs shall be reserved until the culmination of this litigation and shall be resolved prior to the distribution of any Joint Venture fees or cost disbursements.

(h)  LawCo will be responsible for obtaining all necessary client approvals, authorizations and signatures on all settlement documents. LawCo or its Local Counsel will manage all client sign off on final paperwork and distribution of funds.

3.2  Duties of CLF.

(a)  CLF shall review paperwork received from potential clients for completeness and shall further screen potential clients. Those clients deemed to be acceptable shall be jointly decided upon by CLF and LawCo. CLF will identify to LawCo the deficiencies in potential clients' fact sheets, if any, and the medical records necessary to evaluate the case. CLF shall be responsible for ordering all medical records after the initial medical records ordered by LawCo.

(b)  If treating physicians and/or experts are deposed, CLF will represent the clients at the depositions.

(c)  CLF, at its option and at its expense, after reasonable notice to LawCo, may retain a third-party lien adjuster to handle any healthcare or other liens filed against a client. Such costs ("Lien Adjustment Costs") will be a Case Cost and will be defined as such in all client contracts. CLF will be entitled to reimbursement of all Case Costs received from a client. CLF will resolve any healthcare or other liens filed against clients who are represented in Hernia Mesh Implant cases by the Participants.

(d)  CLF will pay all Case Evaluation Costs and Deposition Costs with respect to the Hernia Mesh Implant Cases within twenty-five (25) days of receipt. CLF will be reimbursed for such costs by the Joint Venture from funds collected by the Joint Venture before distribution of any attorney fees, unless payment thereof is ordered by any Court or assumed by the client in any fee agreement. Any disputes relative to the accuracy or necessity of such billing shall be reserved until the completion of this litigation and shall be resolved prior to any distribution of fees or costs. Any dispute of any of the costs heretofore mentioned, whether it be as to accuracy, necessity, or extent, shall not in any way interfere with the necessity of continued payment of other costs.

(e)   CLF will handle all settlement negotiations.  However, any settlement must be approved by LawCo.

(f)   To ensure that there will be no delays in payment of costs, CLF agrees to deposit the sum of $10,000 into an interest-bearing account from which only LawCo can draw from to pay such costs.  After the call center closes, all amounts in the interest-bearing account more than $5,000 will be immediately refunded to CLF. However, CLF may elect to pay the Case Evaluation Costs and Deposition Costs set forth above by issuing a check to LawCo for reimbursement within the twenty-five (25) days of presentation of a bill or LawCo can draw down from the sum deposited and shall give CLF written notice thereof, in which case, the funds must be replenished within fifteen (15) days of the written notice.  At the termination of the Joint Venture, all amounts in the account shall be paid to CLF.

3.3   <u>Duties of the Participants</u>.

(a)   The CLF name shall not be used in advertising.  CLF will not represent any potential client until CLF has had an opportunity to review the medical records for valid claims and agrees to represent the potential client.

(b)   LawCo, with CLF as co-counsel, will be identified as counsel of record when any Hernia Mesh Implant cases are filed either through a complaint or tolling agreement.  All pleadings shall be prepared by CLF and shall be reviewed by LawCo prior to filing.

(c)   If any Hernia Mesh Implant case goes to trial, CLF and LawCo will serve as co-counsel at trial.

3.4   <u>Professional Requirements and Responsibilities</u>.  Each Participant agrees that it will and will cause its Participant Attorneys or Local Counsel to, perform all services and exercise all other rights and responsibilities under or in connection with this Agreement, in accordance with applicable law and ethical rules and guidelines governing the practice of law (collectively, "Professional Requirements").   Each Participant's obligation under this Section 3.4 will supersede all other obligations between or among the Joint Venture, the Participants, and the Participant Attorneys set forth in this Agreement or otherwise.

3.5   <u>Outside Interests</u>.   Subject to the provisions of Sections 3.1, 3.2, and 3.3, either Participant may participate or be interested in any other practice or business activity and will have no duty to account to the other Participant for any revenue or profits from such other activities.  Furthermore, the Joint Venture or any attorney associated with LawCo will not use the name of CLF (or any derivative of CLF) in conducting any practice or other business activity, except under and in furtherance of the business of the Joint Venture.  For purposes of this agreement, outside interests include the operation and marketing of CLF.

3.6   Should any party believe the other party to be in default in the performance of any other covenant, term, or provision of this Agreement, such party shall give the other party written

notice of the alleged default and the defaulting party shall have thirty (30) days after receipt of written notice to cure such default, provided that if the default complained of is of such a nature that the same can be rectified or cured, but cannot with reasonable diligence be rectified or cured within such thirty (30) day period, then such default shall be deemed to be rectified or cured and not a default if the defaulting party within such thirty (30) day period shall commence the rectification or curing thereof and shall continue thereafter with all due diligence to cause such rectification or curing to proceed to completion. All cure periods provided in the Joint Venture shall run concurrently with any periods provided by law.

### Article 4
### Division of Profits

Fees recovered (less payment of any Multi-District Litigation ("MDL") assessment, if applicable) shall be divided amongst the Law Firms as follows: For the first two hundred (200) cases filed (cases 1-200), Lawco shall receive 50% of the fees recovered and CLF shall receive 50% of the fees recovered. For the next one hundred (100) cases filed (cases 201-300), Lawco shall receive 55% of the fees recovered and CLF shall receive 45% of the fees recovered. For all cases filed after the first three hundred (cases 301 and beyond), LawCo shall receive 60% of the fees recovered and CLF shall receive 40% of the fees recovered. LawCo's Local Referring Counsel ("LRA") shall receive 25% of the fee on all cases filed, paid out of the above-mentioned fees due to Lawco. CLF shall be responsible for all appellate work associated with the Hernia Mesh Implant cases. Defense counsel and any disbursing agent in the event of a settlement or the collection of a judgment shall be notified that all payments shall be made, as set forth in Section 6.4, in the names of both Participants, unless modified as set forth elsewhere above.

### Article 5
### Allocation of Expenses and Client Costs

Each Party will be responsible for expenses and costs as set forth herein. Except as set forth herein, a Party will not be entitled to reimbursement from the other Party or from the Joint Venture for any costs or expenses paid by such Party. However, each Party shall be entitled to reimbursement for any client costs recovered in the event of settlement or Judgment of any or all Hernia Mesh Implant Cases, but only from the client for which the charge has been incurred. In the event it is not possible to directly trace any cost recovery to a specific cost advance, such costs shall be shared on a pro rata basis in accordance with the percentages set forth in Article 4.

### Article 6
### Management and Operations

6.1   Fiscal Year. The fiscal year of the Joint Venture will be the calendar year. All references to a "year" in this Agreement will be deemed to refer to the calendar year unless the context requires otherwise. All accounting based on fiscal year figures shall be completed within sixty (60) days after the close of the fiscal year.

6.2   Financial Statements; Information Rights. The Joint Venture shall maintain or cause to be maintained a complete set of records, statements, and accounts concerning the total operation

of the Joint Venture, in which books shall be entered, fully and accurately, each transaction pertaining to the Joint Venture. The Joint Venture will deliver to each Participant (i) customary annual financial statements (prepared in accordance with accounting principles, consistently applied, on a cash basis), (ii) monthly and quarterly financial reports on a cash basis, including a forecast for the subsequent three quarters, (iii) timely tax-reporting information, and (iv) such other information about the business and financial position of the Joint Venture as either Participant may request. All books will always be open for inspection and examination by the Participants or their respective agents.

6.3     Participant Meetings.  Unless otherwise agreed, the Participants will hold meetings (either in person or teleconference) at least quarterly to discuss the business and affairs of the Joint Venture.

6.4     Bank Accounts.  In addition to the account designated in Section 3.2, CLF and LawCo shall establish a bank account in the joint name of CLF and LawCo (the "Joint Account"). The Joint Account shall be used exclusively for the Hernia Mesh Implant cases, and no other monies shall be comingled with the Joint Account. All fees and cost reimbursements received from the Hernia Mesh Implant cases under this Agreement shall be paid into the Joint Account. CLF and LawCo shall jointly control the Joint Account. All disbursement from such bank account shall be subject to the approval of both CLF and LawCo. Upon receipt of any fees or cost reimbursements, the Participants will, within fifteen (15) days of such receipt, jointly prepare a settlement statement and disburse all such receipts as set forth herein.

6.5     Operating Expenses.  Except as set forth elsewhere herein, the Participants agree that the day-to-day operating expenses and overhead for the maintenance of the Joint Venture incurred by the Participants shall be borne by the Participants incurring them and shall not be deemed expenses of the Joint Venture to be reimbursed from any recovery.

## Article 7
## Indemnification and Insurance

7.1     Indemnification.  The Joint Venture will indemnify each Participant (and each of such Participants' local counsel, officers, attorneys, or agents) from and against all losses, damages, or claims, including reasonable attorneys' fees and expenses, not covered by insurance and incurred in connection with (i) all liabilities incurred by reason of any act or omission performed or omitted by the Joint Venture, (ii) all liabilities incurred by reason of any act or omission performed or omitted by another Participant with respect to the Joint Venture, and (iii) all liabilities incurred by reason of any act or omission performed or omitted by the indemnified Participant in good faith on behalf of the Joint Venture and in a manner reasonably believed by such Participant to be within its scope of authority on behalf of the Joint Venture. No person or entity that would otherwise be entitled to indemnification hereunder will be indemnified for any liabilities incurred by reason of the gross negligence or willful misconduct of such person or entity. The duty of the Joint Venture to indemnify any indemnified person or entity will be limited to the assets of the Joint Venture, including the proceeds of any insurance purchased by the Joint Venture, and no recourse will be available against any of the Joint Venture's Participants, affiliates, officers, attorneys, or agents.

7

7.2    Indemnification Procedure.  In the event any legal proceeding is threatened or instituted or any claim or demand is asserted by any person or entity (including a party hereto) in respect of which indemnification may be sought from the Joint Venture under Section 7.1, the person or entity seeking indemnification will promptly cause written notice of such actual or threatened legal proceeding, claim, or demand of which it has knowledge to be forwarded to the Participants.  In the event of the initiation of any legal proceeding against an indemnified person or entity by a third party, the Joint Venture will have the absolute right after the receipt of notice, at its option and at its own expense, to be represented by counsel of its choice, and to defend against, negotiation, settle, or otherwise deal with any proceeding, claim, or demand that relates to any of the covered liabilities; provided, however, that the indemnified person or entity may participate in any such proceeding with counsel of its choice and at its expense.  The Participants will cooperate fully with each other in connection with the defense, negotiation or settlement of any such legal proceeding, claim, or demand.  To the extent the Joint Venture elects not to defend such proceeding, claim, or demand, and the indemnified person or entity defends against or otherwise deals with any such proceeding, claim, or demand, the indemnified person or entity may retain counsel, at the expense of the Joint Venture (which expenses will be paid monthly by the Joint Venture to the indemnified person or entity as they are incurred), and control the defense of such proceeding.  Neither the Joint Venture nor the indemnified person or entity may settle any such proceeding without the consent of the other party, which consent will not be unreasonably withheld or delayed.  After any final judgment or award has been rendered by a court, arbitration board, or administrative agency of competent jurisdiction and the time in which to appeal there from has expired, or a settlement has been consummated, or the indemnified person or entity and the Joint Venture have arrived at a mutually binding agreement with respect to each separate matter alleged to be indemnified by the Joint Venture hereunder, the indemnified person or entity will forward to the Joint Venture notice of any sums due and owing by it with respect to such matter and the Joint Venture will satisfy such claims according to the provision of Section 7.1 and this Section 7.2.

7.3    Insurance.  Each Participant will maintain errors and omissions insurance covering each attorney performing any work on any Hernia Mesh Implant Case in an aggregate amount not less than $3,000,000.00 and such other insurance as is customarily maintained by law firms.  Each Participant waives subrogation against the other.  Each Participant will provide to the other Participant certificates of insurance for all insurance required to be carried hereunder.

7.4    Local Counsel Indemnity.  Each Participant ("Indemnifying Participant") agrees to indemnify and hold harmless the other Participant from all claims, damages, costs (including attorneys' fees) or expenses incurred by the other Participant arising out of or in any way connected with a claim by any local counsel pursuant to a contract with the Indemnifying Participant.

**Article 8
Assignments and Transfers**

8.1    Admission of New Participants.  No new Participant may be admitted to the Joint Venture without the prior written consent of all Participants.  In the event CLF contemplates

8

retaining its own Local Counsel to fulfill any of its duties hereunder, LawCo shall have the right to approve such counsel and the cost of such counsel shall be borne solely by CLF.

8.2   Voluntary Withdrawal by a Participant.   A Participant shall not have the right to voluntarily withdraw from the Joint Venture.

8.3   Cooperation by Participant.   Each Participant will cooperate with the Joint Venture to the extent reasonably requested by the Joint Venture from time to time in connection with Joint Venture matters.

8.4   Client Files and Matters.   Each Participant will be entitled to possession of each Hernia Mesh Implant Case file or copy thereof and to copy any such file in the possession of the other Participant.

8.5   Confidential Information.   In addition to any applicable Professional Requirements, no Participant or former Participant, without the prior written consent of the other Participant(s), will disclose to any person or entity not lawfully entitled thereto, including but not limited to the press, other media, or any public body, in the absence of a court order or binding administrative or regulatory directive, any confidential information relating to the business, affairs, or financial condition of the Joint Venture, including, without limitation, the contents of this Agreement and any other agreement of the Participants, as well as the compensation of the Participants and any and all payments made to a Participant upon its or his withdrawal or removal.   Confidential information includes, without limitation, all originals and all copies, other reproductions, abstracts, digests, notes, analyses or studies prepared by any person or entity relating to the business of the Joint Venture.

**Article 9**
**Termination of Agreement**

On termination of this Agreement for any cause whatever, the Joint Venture shall be wound up and dissolved in accordance with the laws of the District of Columbia.

**Article 10**
**Miscellaneous Provisions**

10.1   Further Assurances.   The Participants agree that they will execute such other and further instruments and documents, and take such further actions, as are or may become necessary or convenient to effectuate and carry out the terms of this Agreement.

10.2   Notices.   Any notices required under this Agreement will be in writing and will be delivered personally, sent by registered or certified mail, return receipt requested and postage prepaid, or sent by recognized air courier, to the recipient as follows:

If to Cooper Law Firm:      Stuart H. Smith, Esq.
                            Cooper Law Firm, L.L.C.
                            1525 Religious Street

New Orleans, Louisiana 70130

If to LawCo USA PLLC:  James C.A. Crosland, Esq.
                        LawCo USA PLLC
                        910 17th Street N.W., Suite 800
                        Washington, D.C. 20006

All notices will be deemed to be given on the date personally delivered as confirmed in the messenger service's records, the date indicated on the return receipt provided by the U.S. postal service, or the delivery date confirmed in the air courier's records.

10.3   Amendments; Waivers. No amendment or modification of this Agreement will be of any force or effect unless such amendment or modification is in writing and has been signed by all Participants. No waiver of any of the provisions of this Agreement or a breach hereof will be effective unless such waiver is in writing and signed by the Participants giving such waiver. No such waiver, in any one or more instances, will be deemed to be or construed as a further or continuing waiver of any condition or breach.

10.4   Severability. If any provision of this Agreement or the application hereof to any person, entity, or circumstance will be determined to be invalid, illegal, or unenforceable to any extent, the remainder of this Agreement and the application thereof will not be affected and will be enforceable fully permitted by law. Upon such determination that any provision is invalid, illegal, or unenforceable, the Participants will negotiate in good faith to modify this Agreement so as to affect the original intent and purpose of the Participants in agreeing to such provision as closely as possible in an acceptable manner. Any provision of this Agreement held invalid, illegal, or unenforceable only in part, degree, or in certain jurisdictions will remain in full force and effect to the extent not held invalid, illegal, or unenforceable.

10.5   Venue; Governing Law. Any claims relating to this Agreement or the breach thereof shall be filed in federal court in the District of Columbia, and each Participant agrees to the jurisdiction of such court. If the federal court in Washington, D.C. denies jurisdiction, then claims shall be brought to the Washington, D.C., Superior Court. The controlling law shall be that of the District of Columbia and CLF agrees to the jurisdiction of the courts for the District of Columbia over any dispute. In the event of a dispute, the prevailing party shall be entitled to recover its attorneys' fees and costs. All contracts with local counsel shall contain provisions substantially similar to those in this Section 10.5.

10.6   Non-Circumvention. The Participants acknowledge and agree that CLF shall not contact or pursue any future working relationships with any local counsel introduced by LawCo to the Joint Venture for any matter not related to Hernia Mesh Implant litigation. CLF further agrees that any requests for services made by Hernia Mesh Implant clients and/or originating attorneys beyond that of representation in Hernia Mesh Implant cases shall be referred directly to LawCo. All client and contact lists developed pursuant to the Joint Venture shall at all times remain the property of LawCo. In the event CLF breaches the provision of this Section, LawCo shall immediately be entitled to injunctive relief against CLF and its principals as well as to any costs, fees, and legal expenses incurred in connection with obtaining such relief.

10.7    Counterparts.  This Agreement may be executed in any number of counterparts, each of which will be deemed an original, but all of which will constitute one and the same instrument.

10.8    Headings.  The section headings contained in this Agreement are for reference purposes only and do not in any way affect the meaning or interpretation of this Agreement.

10.9    Entire Agreement.  This Agreement supersedes all prior agreements and understandings between or among the Participants with respect to the subject matter hereof.

10.10   Successors and Assigns.  This Agreement will be binding upon and inure to the benefit of the Participants hereto and their respective successors and permitted assigns.

10.11   Assignment of Interest.  Neither Participant may sell, assign, mortgage, hypothecate, or encumber his interest in the Joint Venture, nor may any Participant which is a corporation, partnership, or limited liability company permit the sale, assignment, mortgage, hypothecation, or encumbrance of its capital stock, partnership interests, or membership interests, respectively, without the prior written consent of the other Participant.

10.12   Third-Party Benefit.  None of the provisions of this Agreement will be construed as existing for the benefit of any creditor of the Partnership or of any of the Partners, nor will any such provision be enforceable by any party not a signatory to this Agreement.

10.13   Arms-Length Negotiation.  This Agreement is a product of arms-length negotiation and was drafted by the respective Participants.  There shall not be a presumption or a construction against any signatory, each such signatory expressly waiving the doctrine of *contra proferentem* with respect to the interpretation and application of the Agreement.  The Participants further agree to cooperate in demonstrating to a court, should the issue arise, that the language contained herein is the language agreed upon by the Participants as best reflecting the agreement negotiated between them.

       Each of the undersigned, desiring to enter into this Joint Venture Agreement, hereby (i) agrees to all the terms and provisions thereof, (ii) duly executes this Agreement in the capacity indicated below, and (iii) authorizes the Signature Page, or counterparts thereof, to be attached to this Agreement.

                              **Cooper Law Firm, L.L.C.**
                              **By:  Stuart H. Smith, L.L.C.**

11

_____

Stuart H. Smith

AND

**LawCo USA, PLLC**

_____

James Crosland

# EXHIBIT B

RE: Joint Iolta account for hernia mesh cases

Richard Sackett Rsackett@groupmatrix.com

To: cbrustowicz Cc: Amber Cleaver

" . What are Lawco's obligations?´ *will run this question by Amber…Richard.*

**From:** Celeste Brustowicz <cbrustowicz@clfnola.com>
**Sent:** Monday, January 3, 2022 2:27 PM
**To:** Richard Sackett <Rsackett@groupmatrix.com>
**Cc:** David Doherty <ddoherty@groupmatrix.com>
**Subject:** RE: Joint Iolta account for hernia mesh cases

My thoughts are I want to make this as simple and transparent as possible. The JVA seems to have two bank account requirements one for costs to be paid- which we have never employed and the other for fees and costs received.

We could run the settlements though our IOLTA account but I would have to redact non-hernia related monies- to avoid that- I propose an hernia mesh IOLTA account at Hancock Whitney that requires two signatures- that way we both have online access to the account to solve the transparency issues. I believe CLF must give interest to LA bar foundation but could be wrong. What are Lawco's obligations?

Celeste Brustowicz
Managing Partner

Cooper Law Firm, L.L.C.
1525 Religious Street
New Orleans, Louisiana 70130
Phone: 504.399.0009
Direct: 504.291.1344
Fax: (504) 309-6989

The information contained in this email message is protected under the Electronic Communications Privacy Act, 18 U.S.C. 2310-2321, and may also be protected by attorney-client and/or the attorney/work product privileges. It is intended only for the use of the individual named above and the privileges are not waived by virtue of this having been sent by email. If the person actually receiving this email or any other reader of the email is not the named recipient, any use, dissemination, distribution, or copying of the communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone at 504-566-1558 and return the original message to us at bcooper@sch-llc.com.

**From:** Richard Sackett <Rsackett@groupmatrix.com>
**Sent:** Monday, January 3, 2022 12:05 PM

**To:** Celeste Brustowicz <cbrustowicz@clfnola.com>
**Cc:** David Doherty <ddoherty@groupmatrix.com>
**Subject:** RE: Joint Iolta account for hernia mesh cases

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

HI Celeste: I believe the two signature account is for attorney fees and costs. You may select any bank in which you have a senior bank executive communication. These monies probably are not IOLTA regulated. These monies for fees and reimbursement are to be deposited to the joint fee signature account from the IOLTA once the client has signed the dispersal sheet.

Remaining Client award money is likely IOLTA Regulated. Since law firms are in separate jurisdictions I recommend we get an ethics opinion on whose jurisdiction should prevail for the IOLTA as the interest earned belongs to a single Bar; Louisiana, Washington DC or the various state bars of the local cooperating attorneys? The IOLTA is a burden for accounting when clients are deceased, bankrupt or difficult to contact. Who is responsible for it? We already have had IOLTA money dumped on us in other ventures when the other JPA firm decides to shed responsibility of it.

What are your thoughts?

Richard Sackett/Administrator*
504-220-5077
LawcoUSA, LLC
Washington DC


*No legal advice is included or intended in this transmittal.




**From:** Celeste Brustowicz <cbrustowicz@clfnola.com>
**Sent:** Monday, January 3, 2022 12:34 PM
**To:** David Doherty (Work) <ddoherty@lacompcorp.com>
**Cc:** Stuart H. Smith <ssmith@clfnola.com>; Barry J. Cooper, Jr. <bcooper@clfnola.com>; Amber Cleaver <amber@lawcousa.com>; Richard Sackett <Rsackett@groupmatrix.com>; Trava Aultman <taultman@clfnola.com>; Kaila Bratcher <kbratcher@clfnola.com>
**Subject:** Joint Iolta account for hernia mesh cases
**Importance:** High

Dave:

Happy New Year. There is reason to believe some of these cases will settle this year. Under our LVA with Lawco, we all agreed to have a joint IOLTA account. Home Bank has been proposed. We don't know them and prefer to use Hancock Whitney. I hope you agree. Call me so we may discuss opening this account and operating it as the settlement funds come in.

Celeste Brustowicz
Managing Partner

Cooper Law Firm, L.L.C.
1525 Religious Street
New Orleans, Louisiana 70130
Phone: 504.399.0009
Direct: 504.291.1344
Fax: (504) 309-6989

The information contained in this email message is protected under the Electronic Communications Privacy Act, 18 U.S.C. 2310-2321, and may also be protected by attorney-client and/or the attorney/work product privileges. It is intended only for the use of the individual named above and the privileges are not waived by virtue of this having been sent by email. If the person actually receiving this email or any other reader of the email is not the named recipient, any use, dissemination, distribution, or copying of the communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone at 504-566-1558 and return the original message to us at bcooper@sch-llc.com.

SPECIAL NOTICE TO CLIENT(S): If you are a client of this firm and this e-mail is directed to you. DO NOT FORWARD to any other party, or you could be waiving the attorney-client privilege. SPECIAL NOTICE TO CLIENT(S): If you are a client of this firm and this e-mail is directed to you. DO NOT FORWARD to any other party, or you could be waiving the attorney-client privilege.

# EXHIBIT C

RE: Joint Bank Account

Morton, John John.Morton@hancockwhitney.com
3/30/2022 8:50 PM

To: Richard Sackett; cbrustowicz Cc: Kaila Bratcher; Karen Smith; Amber Cleaver

What is the approximate amount of the remaining funds that will be dedicated to joint fees and cost? Thanks

Sent with BlackBerry Work
(www.blackberry.com)


**From:** Richard Sackett <Rsackett@groupmatrix.com>
**Date:** Wednesday, Mar 30, 2022, 7:11 PM
**To:** Morton, John <john.Morton@hancockwhitney.com>, cbrustowicz <cbrustowicz@clfnola.com>
**Cc:** Kaila Bratcher <kbratcher@clfnola.com>, Karen Smith <ksmith@clfnola.com>, Amber Cleaver <amber@lawcousa.com>
**Subject:** RE: Joint Bank Account

**EXTERNAL EMAIL ALERT: DO NOT CLICK LINKS** or **OPEN ATTACHMENTS** unless the email was expected and known to be safe. This email was sent from outside Hancock Whitney. If you suspect this email is potentially malicious, report it by clicking the Report Phishing button or by forwarding to: phishreporting@hancockwhitney.com **


HI All: As we understand there are two accounts:
The Award Account (AA) receives the total award and is classified as the Award Account (AA) - The Iolta. To Avoid confusion and expedite client payment one firm should be designated as primarily responsible. If Cooper, the Iolta will be housed at Whitney, NOLA. If Lawco the Iolta will reside in CHASE, Washington DC . We endorse Cooper/Whitney as appropriate.
The remaining funds, after the client's award portion is disbursed, are fees and costs. They should be deposited to the Lawco/Cooper fees and costs account (FCA).
The FCA money belongs to the respective Law Firms to be divided between them. The FCA requires dual signature. It is a business account owned by the two Law Firms. No client money is involved.
I am in town today Thursday, through Sunday evening. I am available for meeting and/or signature.
Richard Sackett/Administrator*
504-220-5077
LawcoUSA, LLC
Washington DC
*No legal advice is included or intended in this transmittal.

**From:** Morton, John <John.Morton@hancockwhitney.com>
**Sent:** Wednesday, March 30, 2022 5:36 PM
**To:** cbrustowicz <cbrustowicz@clfnola.com>
**Cc:** Kaila Bratcher <kbratcher@clfnola.com>; Karen Smith <ksmith@clfnola.com>; Richard Sackett <Rsackett@groupmatrix.com>
**Subject:** RE: Joint Bank Account
I will need to do some internal consulting on such ownership. Thanks for the opportunity.
**From:** Celeste Brustowicz <cbrustowicz@clfnola.com>
**Sent:** Wednesday, March 30, 2022 4:34 PM
**To:** Morton, John <John.Morton@hancockwhitney.com>
**Cc:** Kaila Bratcher <kbratcher@clfnola.com>; Karen Smith <ksmith@clfnola.com>; Richard Sackett (rsackett@groupmatrix.com) <rsackett@groupmatrix.com>
**Subject:** Re: Joint Bank Account
**\*\*EXTERNAL EMAIL ALERT\***. **DO NOT CLICK LINKS** or **OPEN ATTACHMENTS** unless the email was expected and known to be safe. This email was sent from outside Hancock Whitney. If you suspect this email is potentially malicious, report it by clicking the Report Phishing button or by forwarding to: phishreporting@hancockwhitney.com **\*\***


It is for settlements to be distributed, an iolta

Celeste Brustowicz

Managing Partner

Cooper Law Firm, L.L.C.

1525 Religious Street

New Orleans, Louisiana 70130

Phone: 504.399.0009

Direct: 504.291.1344

Fax: (504) 302-6899

**From:** Celeste Brustowicz <cbrustowicz@clfnola.com>
**Sent:** Wednesday, March 30, 2022 4:33:01 PM
**To:** Morton, John <John.Morton@hancockwhitney.com>
**Cc:** Kaila Bratcher <kbratcher@clfnola.com>; Karen Smith <ksmith@clfnola.com>; Richard Sackett (rsackett@groupmatrix.com) <rsackett@groupmatrix.com>
**Subject:** Re: Joint Bank Account
Yes

Celeste Brustowicz

Managing Partner

Cooper Law Firm, L.L.C.

1525 Religious Street

New Orleans, Louisiana 70130

Phone: 504.299.0009

Direct: 504.291.1344

Fax: (504) 309-6289

---

**From:** Morton, John <John.Morton@hancockwhitney.com>
**Sent:** Wednesday, March 30, 2022 4:32:25 PM
**To:** Celeste Brustowicz <cbrustowicz@clfnola.com>
**Cc:** Kaila Bratcher <kbratcher@clfnola.com>; Karen Smith <ksmith@clfnola.com>; Richard
Sackett (rsackett@groupmatrix.com) <rsackett@groupmatrix.com>
**Subject:** RE: Joint Bank Account

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless
you recognize the sender and know the content is safe.

Hello, Celeste:

Tell me more about this request, please. So, the ownership of the account will be as follows: Cooper Law
Firm LLC and Lawco?

Thanks, John

John Morton
SVP, Private Wealth Management
John.Morton@HancockWhitney.com
701 Poydras Street, Suite 3300, New Orleans LA 70139
Office: 504-552-4554 and Mobile: 504-782-6660
NMLS # 1424763
Administrator: Martha.Baril@HancockWhitney.com 504-552-4898
Loan Coordinator: Dawn.Cahall@HancockWhitney.com 504-299-5178

**From:** Celeste Brustowicz <cbrustowicz@clfnola.com>
**Sent:** Wednesday, March 30, 2022 2:52 PM
**To:** Morton, John <John.Morton@hancockwhitney.com>
**Cc:** Kaila Bratcher <kbratcher@clfnola.com>; Karen Smith <ksmith@clfnola.com>; Richard Sackett
(rsackett@groupmatrix.com) <rsackett@groupmatrix.com>
**Subject:** FW: Joint Bank Account

**EXTERNAL EMAIL ALERT DO NOT CLICK LINKS or OPEN ATTACHMENTS** unless the email was
expected and known to be safe. This email was sent from outside Hancock Whitney. If you suspect this
email is potentially malicious, report it by clicking the Report Phishing button or by forwarding to:
phishreporting@hancockwhitney.com **

We need to open an account with Whitney Monday- should I come to you? It is with
lawco too- see below. Tell me the easiest way to accomplish.

Celeste Brustowicz
Managing Partner
Cooper Law Firm, L.L.C.
1525 Religious Street
New Orleans, Louisiana 70130
Phone: 504.399.0009
Direct: 504.291.1344

Fax: (504) 309-6989

The information contained in this email message is protected under the Electronic Communications Privacy Act, 18 U.S.C. 2310-2321, and may also be protected by attorney-client and/or the attorney/work product privileges. It is intended only for the use of the individual named above and the privileges are not waived by virtue of this having been sent by email. If the person actually receiving this email or any other reader of the email is not the named recipient, any use, dissemination, distribution, or copying of the communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone at 504-566-1558 and return the original message to us at cooper@soh-llc.com.

**From:** Richard Sackett <Rsackett@groupmatrix.com>
**Sent:** Wednesday, March 30, 2022 2:50 PM
**To:** Amber Cleaver <amber@lawcousa.com>; Celeste Brustowicz <cbrustowicz@clfnola.com>
**Cc:** Trava Aultman <taultman@clfnola.com>
**Subject:** Re: Joint Bank Account

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

I'm Open until 12 . Do you have a Whitney officer? Let him/her pick branch and time that works for you

Get Outlook for iOS

---

**From:** Celeste Brustowicz <cbrustowicz@clfnola.com>
**Sent:** Wednesday, March 30, 2022 2:44:45 PM
**To:** Amber Cleaver <amber@lawcousa.com>
**Cc:** Richard Sackett <Rsackett@groupmatrix.com>; Trava Aultman <taultman@clfnola.com>
**Subject:** RE: Joint Bank Account

Great- Tell me where and when Richard and I can meet you.

Celeste Brustowicz
Managing Partner
Cooper Law Firm, L.L.C.
1525 Religious Street
New Orleans, Louisiana 70130
Phone: 504.399.0009
Direct: 504.291.1344
Fax: (504) 309-6989

The information contained in this email message is protected under the Electronic Communications Privacy Act, 18 U.S.C. 2310-2321, and may also be protected by attorney-client and/or the attorney/work product privileges. It is intended only for the use of the individual named above and the privileges are not waived by virtue of this having been sent by email. If the person actually receiving this email or any other reader of the email is not the named recipient, any use, dissemination, distribution, or copying of the communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone at 504-566-1558 and return the original message to us at cooper@soh-llc.com.

**From:** Amber Cleaver <amber@lawcousa.com>
**Sent:** Wednesday, March 30, 2022 2:23 PM
**To:** Celeste Brustowicz <cbrustowicz@clfnola.com>
**Cc:** Richard Sackett <Rsackett@groupmatrix.com>
**Subject:** Joint Bank Account

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Celeste,

I hope all is well. As you know, we have had several discussions regarding the joint bank account pursuant to the executed JVA between LawCo and Cooper Law. We have agreed to the branch you proposed to open the account, Hancock Whitney, and David Dougherty has provided you with $100 for the initial deposit to open the account.

Richard will be in town through Sunday, and is more than willing to assist in expediting this process.

Specifically, he has offered to personally go to the Hancock Whitney or to your office to sign and/or obtain the signature cards for the account. Which do you prefer? If you prefer that Richard present directly to your office, please let me know the best date/time.

I look forward to your response.

Best,
Amber

SPECIAL NOTICE TO CLIENT(S): If you are a client of this firm and this e-mail is directed to you. DO NOT FORWARD to any other party, or you could be waiving the attorney-client privilege.
SPECIAL NOTICE TO CLIENT(S): If you are a client of this firm and this e-mail is directed to you. DO NOT FORWARD to any other party, or you could be waiving the attorney-client privilege.
Learn about our Commitment to Service: hancockwhitney.com/commitment-to-service

*************************************************

This E-Mail transmission (and/or the documents accompanying it)
may contain information belonging to the sender which is confidential,
privileged and/or exempt from disclosure under applicable law. The
information is intended only for the use of the individual(s) or entity
named above. If you are not the intended recipient, you are hereby
notified that any disclosure, copying, distribution or the taking of any
action in reliance on the contents of this information is strictly
prohibited. If you have received this E-Mail transmission in error,
please immediately notify us by return E-Mail or telephone to arrange
for return of its contents including any documents.

SPECIAL NOTICE TO CLIENT(S): If you are a client of this firm and this e-mail is directed to you. DO NOT FORWARD to any other party, or you could be waiving the attorney-client privilege.
Learn about our Commitment to Service: hancockwhitney.com/commitment-to-service

*************************************************

This E-Mail transmission (and/or the documents accompanying it)
may contain information belonging to the sender which is confidential,
privileged and/or exempt from disclosure under applicable law. The
information is intended only for the use of the individual(s) or entity
named above. If you are not the intended recipient, you are hereby
notified that any disclosure, copying, distribution or the taking of any
action in reliance on the contents of this information is strictly
prohibited. If you have received this E-Mail transmission in error,
please immediately notify us by return E-Mail or telephone to arrange
for return of its contents including any documents.

Learn about our Commitment to Service: hancockwhitney.com/commitment-to-service

**************************************************

This E-Mail transmission (and/or the documents accompanying it) may contain information belonging to the sender which is confidential, privileged and/or exempt from disclosure under applicable law. The information is intended only for the use of the individual(s) or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this E-Mail transmission in error, please immediately notify us by return E-Mail or telephone to arrange for return of its contents including any documents.

**EXHIBIT D**

Morton, John John.Morton@hancockwhitney.com
5/19/2022 4:26 PM

To: Amber Cleaver Cc: cbrustowicz; Richard Sackett

Amber:

Thanks for your response and your reflections. Your decision for this need is respected and understood.

Warm regards,
John

John Morton
SVP, Private Wealth Management
John.Morton@HancockWhitney.com
701 Poydras Street, Suite 3300, New Orleans LA 70139
Office: 504-552-4554 and Mobile: 504-782-6660
NMLS # 1424763
Administrator: Martha.Baril@HancockWhitney.com 504-552-4898 &
Nicole.Ahlborn@HancockWhitney.com 985-801-2854
Loan Coordinator: Dawn.Cahall@HancockWhitney.com 504-299-5178


**From:** Amber Cleaver <amber@lawcousa.com>
**Sent:** Thursday, May 19, 2022 3:22 PM
**To:** Morton, John <John.Morton@hancockwhitney.com>
**Cc:** cbrustowicz <cbrustowicz@clfnola.com>; Richard Sackett <Rsackett@groupmatrix.com>
**Subject:** Re: CLF / Lawco - Joint Bank Account

John,

I see that you did not include Richard on this email, so I have added him here for transparency.

Your initial email was directed to LawCo, regarding the questions you had about the documents you requested/received. Celeste does not manage LawCo, nor does she need to be privy to my private discussions with you regarding our organization. She most certainly need not be included on our correspondence with you regarding personal, private and sensitive information. Specifically, you have requested social security numbers, driver's license information, etc., all of which is sensitive in nature and should have never been shared. I now have concerns about the security of the confidential information that has been shared with you via email during this process. To the extent that you have included Celeste or anyone on correspondence which has included any sensitive, confidential, or private information that we have shared, please promptly forward those communications to me.

In response to your inquires directed at LawCo, I emailed you separately. You and I then had several email exchanges separate from this email chain, regarding the specific information you needed. You have requested several documents from LawCo, which have been provided to you. Specifically, you stated you received our Articles, but that the Articles 'did not have a lot of information.' I asked you specifically what information was missing, but you did not provide a response. I asked you for an expected timeframe to resolve this matter, and again I have not received a response.

I would like to thank you very much for your efforts thus far. However, we will notify Celeste directly that, given the above outlined concerns, this request to open a new joint account will need to be transferred to a different institution.

Best,
Amber

Get Outlook for iOS

**From:** Morton, John <John.Morton@hancockwhitney.com>
**Sent:** Thursday, May 19, 2022 3:52:37 PM
**To:** Amber Cleaver <amber@lawcousa.com>
**Cc:** cbrustowicz <cbrustowicz@clfnola.com>
**Subject:** RE: CLF / Lawco - Joint Bank Account

Send the bank each of the Amendments of the Articles, so we answer this question. What is your hesitation to provide the Bank with your basic organizational documents? The Bank will keep this information confidential.

I am fine with having a conversation with you and Celeste.

John Morton
SVP, Private Wealth Management
John.Morton@HancockWhitney.com
701 Poydras Street, Suite 3300, New Orleans LA 70139
Office: 504-552-4554 and Mobile: 504-782-6660
NMLS # 1424763
Administrator: Martha.Baril@HancockWhitney.com 504-552-4898 &
Nicole.Ahlborn@HancockWhitney.com 985-801-2854
Loan Coordinator: Dawn.Cahall@HancockWhitney.com 504-299-5178

**From:** Amber Cleaver <amber@lawcousa.com>
**Sent:** Thursday, May 19, 2022 2:49 PM
**To:** Morton, John <John.Morton@hancockwhitney.com>
**Subject:** Re: CLF / Lawco - Joint Bank Account

**EXTERNAL EMAIL ALERT. DO NOT CLICK LINKS** or **OPEN ATTACHMENTS** unless the email was expected and known to be safe. This email was sent from outside Hancock Whitney. If you suspect this email is potentially malicious, report it by clicking the Report Phishing button or by forwarding to: phishreporting@hancockwhitney.com **

What is the expected timeframe for a resolution? In addition, if there is someone else that we need to speak with directly to move this process along, please let me know. We are happy to jump on a call. This is an important matter that we would like resolved as soon as possible.

Thank you

Get Outlook for iOS

**From:** Morton, John <John.Morton@hancockwhitney.com>
**Sent:** Thursday, May 19, 2022 3:45:36 PM
**To:** Amber Cleaver <amber@lawcousa.com>
**Subject:** RE: CLF / Lawco - Joint Bank Account

Hello, Amber.

Thanks for the response. I will continue the conversation around these numbers -- 1, 2, and 4.

> The Articles sent to the bank indicate very little about the LLC. It reports the Name of the entity; the Agent at the forming in 2000; its address; and its Organizer, David Lowans. There is no reference to Richard Sackett, for example. This documentation is not sufficient. Please send ALL amendments of the Articles of Organization.
> Actually, Amendment #4 amends the Operating Agreement. Not replaces it. Please see paragraph one. I do not have the Operating Agreement. Our Legal Department may be fine with this Amendment #4. However, I cannot address this exception of no Operating Agreement until I get the items requested in Item #1.
> For #4, I will ask Celeste who will sign for Cooper Law Firm.

John

**From:** Amber Cleaver <amber@lawcousa.com>
**Sent:** Thursday, May 19, 2022 12:10 PM
**To:** Morton, John <John.Morton@hancockwhitney.com>
**Subject:** Re: CLF / Lawco - Joint Bank Account
1. what information do you need that is not included in the Articles we provided?
2. We have already sent the signed amended operating agreement, which we advised replaced the original operating agreement. I'm not sure what else you need here. You have the Operating Agreement and the most recent amendment.
4. Richard Sackett and he has provided his DLN

What is the turnaround for getting this account opened and this process completed? We have provided the requested documents. To the extent you contend any document is not sufficient can you please provide an explanation and we can identify a resolutions

Thank you so much for your assistance.

Get Outlook for iOS

---

**From:** Morton, John <John.Morton@hancockwhitney.com>
**Sent:** Thursday, May 19, 2022 9:21:30 AM
**To:** Amber Cleaver <amber@lawcousa.com>
**Subject:** RE: CLF / Lawco - Joint Bank Account

The items noted and one, two and four in this email. I have inserted it below. Thanks.

1. Articles. So far, I have the Amendment that removing David Lowans (2 pages). I also have a Certification that outlines a name change. I do not have the Articles (filed 11/9/2000, it appears) and any other Amendments. ---I have the Articles, which provides little information on the entity. I do not have any of the other Amendments. Are there other Amendments? I tried to purchase on the DC Secretary of State site, but this service apparently is not offered.
2. Operating Agreement. So far, I have the 4th Amendment document to the Operating Agreement. This Amendment is unsigned by Richard. I do not have the Operating Agreement. --- I have the signed 4th Amendment. I do not have the Operating Agreement or any of the other Amendments, presumably three other Amendments. Will you be sending us the Operating Agreement and the other three Amendments?
3. Driver License or Passport for the Managers/Members for Lawco. So far, it appears that Richard may be the only Manager. And Member. I don't know, for sure, since I am awaiting some of the documents. --- I have the DL for Richard.
4. DL for any authorized signers. ---- who will be the authorized signers?
5. SSN for the Member / Manager(s) and any authorized signers --- I have the SSN for Richard.

**From:** Amber Cleaver <amber@lawcousa.com>
**Sent:** Thursday, May 19, 2022 8:18 AM
**To:** Morton, John <John.Morton@hancockwhitney.com>
**Subject:** Re: CLF / Lawco - Joint Bank Account

\*\*EXTERNAL EMAIL ALERT. **DO NOT CLICK LINKS** or **OPEN ATTACHMENTS** unless the email was expected and known to be safe. This email was sent from outside Hancock Whitney. If you suspect this email is potentially malicious, report it by clicking the Report Phishing button or by forwarding to: phishreporting@hancockwhitney.com \*\*

Which items are you referring to?

On May 18, 2022, at 5:16 PM, Morton, John <John.Morton@hancockwhitney.com> wrote:

Good afternoon, Amber. Thanks for the request of an update. I have revised the pending questions below. Please help by answering the questions in items #1, #2 and #4.

Warm regards,
John


John Morton
SVP, Private Wealth Management
John.Morton@HancockWhitney.com
701 Poydras Street, Suite 3300, New Orleans LA 70139
Office: 504-552-4554 and Mobile: 504-782-6660
NMLS # 1424763
Administrator: Martha.Baril@HancockWhitney.com 504-552-4898 &
Nicole.Ahlborn@HancockWhitney.com 985-801-2854
Loan Coordinator: Dawn.Cahall@HancockWhitney.com 504-299-5178


**From:** Morton, John
**Sent:** Thursday, April 21, 2022 5:32 PM
**To:** Richard Sackett ; Amber Cleaver
**Cc:** cbrustowicz ; Morton, John
**Subject:** RE: CLF / Lawco - Joint Bank Account

Thanks for your email today, Amber. I am in receipt of the three page Articles of Organization. Please see below for an update on the documents received. Let me know of any oversights of mine.

Best regards,
John

John Morton
SVP, Private Wealth Management
John.Morton@HancockWhitney.com
701 Poydras Street, Suite 3300, New Orleans LA 70139
Office: 504-552-4554 and Mobile: 504-782-6660
NMLS # 1424763
Administrator: Martha.Baril@HancockWhitney.com 504-552-4898 &
Nicole.Ahlborn@HancockWhitney.com 985-801-2854
Loan Coordinator: Dawn.Cahall@HancockWhitney.com 504-299-5178


**From:** Richard Sackett <Rsackett@groupmatrix.com>
**Sent:** Thursday, April 14, 2022 10:58 AM
**To:** Morton, John <John.Morton@hancockwhitney.com>; Amber Cleaver <amber@lawcousa.com>
**Subject:** RE: CLF / Lawco - Joint Bank Account

Please find signed amendment and Driver's License, front and back.

Richard Sackett/Administrator*
504-220-5077
LawcoUSA, LLC
Washington DC


*No legal advice is included or intended in this transmittal.

**From:** Morton, John
**Sent:** Wednesday, April 13, 2022 1:02 PM
**To:** Amber Cleaver ; Richard Sackett
**Cc:** cbrustowicz
**Subject:** RE: CLF / Lawco - Joint Bank Account

RE: Lawco USA PLLC

Good afternoon, Amber:

Thanks for the follow-up. Glad to give you an update. Here is the information we were seeking:

1. Articles. So far, I have the Amendment that removing David Lowans (2 pages). I also have a Certification that outlines a name change. I do not have the Articles (filed 11/9/2000, it appears) and any other Amendments. ---I have the Articles, which provides little information on the entity. I do not have any of the other Amendments. Are there other Amendments? I tried to purchase on the DC Secretary of State site, but this service apparently is not offered.

2. Operating Agreement. So far, I have the 4th Amendment document to the Operating Agreement. This Amendment is unsigned by Richard. I do not have the Operating Agreement. --- I have the signed 4th Amendment. I do not have the Operating Agreement or any of the other Amendments, presumably three other Amendments. Will you be sending us the Operating Agreement and the other three Amendments?

3. Driver License or Passport for the Managers/Members for Lawco. So far, it appears that Richard may be the only Manager. And Member. I don't know, for sure, since I am awaiting some of the documents. --- I have the DL for Richard.

4. DL for any authorized signers. --- who will be the authorized signers?

5. SSN for the Member / Manager(s) and any authorized signers --- I have the SSN for Richard.

John Morton
SVP, Private Wealth Management
John.Morton@HancockWhitney.com
701 Poydras Street, Suite 3300, New Orleans LA 70139

Office: 504-552-4554 and Mobile: 504-782-6660
NMLS # 1424763
Administrator: Martha.Baril@HancockWhitney.com 504-552-4898
Loan Coordinator: Dawn.Cahall@HancockWhitney.com 504-299-5178


**From:** Amber Cleaver <amber@lawcousa.com>
**Sent:** Wednesday, April 13, 2022 6:49 AM
**To:** Richard Sackett <Rsackett@groupmatrix.com>; Morton, John <John.Morton@hancockwhitney.com>
**Subject:** Re: CLF / Lawco - Joint Bank Account

***EXTERNAL EMAIL ALERT*:** **DO NOT CLICK LINKS** or **OPEN ATTACHMENTS**
unless the email was expected and known to be safe. This email was sent from outside Hancock
Whitney. If you suspect this email is potentially malicious, report it by clicking the Report
Phishing button or by forwarding to: phishreporting@hancockwhitney.com **

Good morning John,

I hope all is well. Can you please let us know the status of the account?

Thank you,
Amber

Get Outlook for iOS

---

**From:** Richard Sackett <Rsackett@groupmatrix.com>
**Sent:** Friday, April 1, 2022 12:53:06 PM
**To:** John.Morton@hancockwhitney.com <John.Morton@hancockwhitney.com>
**Cc:** Amber Cleaver <amber@lawcousa.com>
**Subject:** CLF / Lawco - Joint Bank Account

LAWCOUSA

EIN: 52-2280064

The Company has been an operating Law Firm for more than 2 decades with bank accounts elsewhere.
   1.   Truist 1000270278970 (operating) 2. Louisiana Iolta at Capitol One.

Richard Sackett/Administrator*
504-220-5077
LawcoUSA, LLC
Washington DC


Learn about our Commitment to Service: hancockwhitney.com/commitment-to-service

*************************************************

This E-Mail transmission (and/or the documents accompanying it) may contain information belonging to the sender which is confidential, privileged and/or exempt from disclosure under applicable law. The information is intended only for the use of the individual(s) or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this E-Mail transmission in error, please immediately notify us by return E-Mail or telephone to arrange for return of its contents including any documents.

Learn about our Commitment to Service: hancockwhitney.com/commitment-to-service

*************************************************

This E-Mail transmission (and/or the documents accompanying it) may contain information belonging to the sender which is confidential, privileged and/or exempt from disclosure under applicable law. The information is intended only for the use of the individual(s) or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this E-Mail transmission in error, please immediately notify us by return E-Mail or telephone to arrange for return of its contents including any documents.

Learn about our Commitment to Service: hancockwhitney.com/commitment-to-service

*************************************************

This E-Mail transmission (and/or the documents accompanying it) may contain information belonging to the sender which is confidential, privileged and/or exempt from disclosure under applicable law. The information is intended only for the use of the individual(s) or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this E-Mail transmission in error, please immediately notify us by return E-Mail or telephone to arrange for return of its contents including any documents.

Learn about our Commitment to Service: hancockwhitney.com/commitment-to-service

*************************************************

This E-Mail transmission (and/or the documents accompanying it) may contain information belonging to the sender which is confidential, privileged and/or exempt from disclosure under applicable law. The information is intended only for the use of the individual(s) or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this E-Mail transmission in error, please immediately notify us by return E-Mail or telephone to arrange for return of its contents including any documents.

Learn about our Commitment to Service: hancockwhitney.com/commitment-to-service

************************************************

This E-Mail transmission (and/or the documents accompanying it) may contain information belonging to the sender which is confidential, privileged and/or exempt from disclosure under applicable law. The information is intended only for the use of the individual(s) or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this E-Mail transmission in error, please immediately notify us by return E-Mail or telephone to arrange for return of its contents including any documents.

Learn about our Commitment to Service: hancockwhitney.com/commitment-to-service

************************************************

This E-Mail transmission (and/or the documents accompanying it) may contain information belonging to the sender which is confidential, privileged and/or exempt from disclosure under applicable law. The information is intended only for the use of the individual(s) or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this E-Mail transmission in error, please immediately notify us by return E-Mail or telephone to arrange for return of its contents including any documents.

Learn about our Commitment to Service: hancockwhitney.com/commitment-to-service

************************************************

This E-Mail transmission (and/or the documents accompanying it) may contain information belonging to the sender which is confidential, privileged and/or exempt from disclosure under applicable law. The information is intended only for the use of the individual(s) or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this E-Mail transmission in error, please immediately notify us by return E-Mail or telephone to arrange for return of its contents including any documents.

# EXHIBIT E

Re: Joint Fee Account

cbrustowicz cbrustowicz@clfnola.com

To: Richard Sackett; David Doherty; Amber Cleaver  Cc: Trava Aultman

Things have been difficult this past week.  I would like to discuss this joint account and how everyone will be paid. According to the contract,  Lawco disburses the funds. But I  confess I need to read with greater care.

Trava please set up a call next week.

Celeste Brustowicz

Managing Partner

Cooper Law Firm, L.L.C.

1525 Religious Street

New Orleans, Louisiana 70130

Phone: 504.399.0009

Direct: 504.221.1344

Fax: (504) 309-6289

---

**From:** Richard Sackett <Rsackett@groupmatrix.com>
**Sent:** Thursday, May 26, 2022 2:17:27 PM
**To:** Celeste Brustowicz <cbrustowicz@clfnola.com>; David Doherty <ddoherty@groupmatrix.com>; Amber Cleaver <amber@lawcousa.com>
**Subject:** Joint Fee Account

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Hi Celeste: Many of the banks we have contacted had a variety of conflicting rules for joint accounts and personal verifications. TRUIST (formerly BB&T and SUNTRUST) have a streamlined approach to opening business accounts.

**Brandon Mason at Truist** is now assisting with this task remotely.

You will receive shortly an email to accomplish this task with him. There will be a verification code email. We have authorized the first deposit of $100 from one of our accounts at this bank (Truist). His cell number is **931-284-1477** for questions. **24/7.**

Banking is today online, so no office visits are required. Further we have ordered <u>a special scanner for this account to be sent to you</u> so that you can make deposits without confusion or comingling. It is a dual signature account and you are authorized. Should you wish to add another individual authorization, Brandon can send you the form.

Truist Bank is FDIC insured and a full banking service. While it does not have branches in New Orleans, our staff member can go to bank branch Wash DC or Florida at your request.

As you know we spent a lot of energy at Whitney, Capitol One, and others to comply with differing rules. You will find the Truist relationship excellent should you wish to take it further.

Richard Sackett
Administrator/LawcoUSA,PLLC

E: Rsackett@groupmatrix.com
P: (504) 220-5077 • www.groupmatrix.com
409 Royal Plaza Dr. Fort Lauderdale FL, 33301

  No legal advice is given or implid in this transmission.

Fort Lauderdale FL   •  Albany NY   •  New Orleans LA   •  Washington DC

CONFIDENTIALITY NOTICE:
The contents of this email message and any attachments are intended solely for the addressee(s) and may contain confidential and/or privileged information and may be legally protected from disclosure. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited. All information in this email is belongs to Group Matrix, LLC unless otherwise paid for by client.

SPECIAL NOTICE TO CLIENT(S): If you are a client of this firm and this e-mail is directed to you. DO NOT FORWARD to any other party, or you could be waiving the attorney-client privilege.

# EXHIBIT F

RE: Hernia Mesh and Joint Bank account

cbrustowicz cbrustowicz@clfnola.com
5/31/2022 3:19 PM

To: Richard Sackett; Amber Cleaver Cc: christopher.kinkade@fisherbroyles.com;
Alan Ezkovich

I do not understand your response. If you have reasons why I should reconsider, let
me have them otherwise if this is your way of announcing a future suit against CLF,
you need not say more.

Celeste Brustowicz
Managing Partner

Cooper Law Firm, L.L.C.
1525 Religious Street
New Orleans, Louisiana 70130
Phone: 504.399.0009
Direct: 504.291.1344
Fax: (504) 309-6989

The information contained in this email message is protected under the Electronic Communications Privacy Act, 18 U.S.C. 2310-
2321, and may also be protected by attorney-client and/or the attorney/work product privileges. It is intended only for the use of the
individual named above and the privileges are not waived by virtue of this having been sent by email. If the person actually receiving
this email or any other reader of the email is not the named recipient, any use, dissemination, distribution, or copying of the
communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone at
504-566-1558 and return the original message to us at bcooper@sch-llc.com.

**From:** Richard Sackett <Rsackett@groupmatrix.com>
**Sent:** Tuesday, May 31, 2022 2:15 PM
**To:** Celeste Brustowicz <cbrustowicz@clfnola.com>; Amber Cleaver <amber@lawcousa.com>
**Cc:** christopher.kinkade@fisherbroyles.com; Alan Ezkovich <Alan.Ezkovich@ezkovichlaw.com>
**Subject:** RE: Hernia Mesh and Joint Bank account

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless
you recognize the sender and know the content is safe.

Hi Celeste: Not acceptable. Cooper Laws failure to honor a long standing agreement which you
have previously encouraged is the very reason why it is necessary. I  I suspect, as before with
Cooper Law, Mike Stag and with regrets Stuart Smith compliance will be required as before by
the courts.

Richard Sackett/Administrator*
504-220-5077
LawcoUSA, LLC

Washington DC


*No legal advice is included or intended in this transmittal.

**From:** Celeste Brustowicz <cbrustowicz@clfnola.com>
**Sent:** Tuesday, May 31, 2022 2:06 PM
**To:** Richard Sackett <Rsackett@groupmatrix.com>
**Subject:** Hernia Mesh and Joint Bank account

I have read the executed JPA regarding this joint account. I understand you wanted this because of issues you had with Mike Stag. I have some concerns and overall do not feel this is necessary.

Lawco is  authorized to do business in Louisiana- I checked with the sec. of state- but you have no Louisiana attorney. I do not want CLF involved in the potential issues that might arise from this. Was the account ever set up before as described in the JPA? I think not as I cannot see any evidence of it on my end. To me, that is another reason not to have the account as our course of conduct showed it was unnecessary.

The settlement funds will come to CLF as counsel of record. CLF will prepare settlement statements to be approved by Lawco and Local counsel in advance of distribution. I will agree to distribute all sums due to the parties entitled to payment on the same day we do client distribution. If you want  Lawco to receive local counsel's share at that time, I am happy to accommodate as long as local counsel agrees.

CLF will return your $100 check to you and it will not move forward with a joint account.


Celeste Brustowicz
Managing Partner

Cooper Law Firm, L.L.C.
1525 Religious Street
New Orleans, Louisiana 70130
Phone: 504.399.0009
Direct: 504.291.1344
Fax: (504) 309-6989

The information contained in this email message is protected under the Electronic Communications Privacy Act, 18 U.S.C. 2310-2321, and may also be protected by attorney-client and/or the attorney/work product privileges. It is intended only for the use of the individual named above and the privileges are not waived by virtue of this having been sent by email. If the person actually receiving this email or any other reader of the email is not the named recipient, any use, dissemination, distribution, or copying of the communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone at 504-566-1558 and return the original message to us at bcooper@sch-llc.com.

SPECIAL NOTICE TO CLIENT(S): If you are a client of this firm and this e-mail is directed to you.
DO NOT FORWARD to any other party, or you could be waiving the attorney-client privilege.
SPECIAL NOTICE TO CLIENT(S): If you are a client of this firm and this e-mail is directed to you.
DO NOT FORWARD to any other party, or you could be waiving the attorney-client privilege.

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH
INFORMATION SHEET

LawCo USA, PLLC

Case Number: **2022 CA 003131 B**

vs

Cooper Law Firm, LLC

Date: 7/14/22

☐ One of the defendants is being sued
in their official capacity.

| Name: *(Please Print)* Jeffrey E. McFadden | Relationship to Lawsuit |
|---|---|
| Firm Name: Law Offices of Jeffrey E. McFadden, LLC | ☑ Attorney for Plaintiff |
| Telephone No.:    Six digit Unified Bar No.: <br> (410) 490-1163    434234 | ☐ Self (Pro Se) <br> ☐ Other: _____ |

TYPE OF CASE: ☑ Non-Jury       ☐ 6 Person Jury       ☐ 12 Person Jury

Demand: $ n/a          Other: Declaratory and Injunctive Relief,
                                          Specific Performance

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.:_____  Judge:_____  Calendar #:_____

Case No.:_____  Judge:_____  Calendar#:_____

---

NATURE OF SUIT:       *(Check One Box Only)*

**A. CONTRACTS**                                      **COLLECTION CASES**

| | | |
|---|---|---|
| ☑ 01 Breach of Contract | ☐ 14 Under $25,000 Pltf. Grants Consent | ☐ 16 Under $25,000 Consent Denied |
| ☐ 02 Breach of Warranty | ☐ 17 OVER $25,000 Pltf. Grants Consent | ☐ 18 OVER $25,000 Consent Denied |
| ☐ 06 Negotiable Instrument | ☐ 27 Insurance/Subrogation | ☐ 26 Insurance/Subrogation |
| ☐ 07 Personal Property |     Over $25,000 Pltf. Grants Consent |     Over $25,000 Consent Denied |
| ☐ 13 Employment Discrimination | ☐ 07 Insurance/Subrogation | ☐ 34 Insurance/Subrogation |
| ☐ 15 Special Education Fees |     Under $25,000 Pltf. Grants Consent |     Under $25,000 Consent Denied |
| | ☐ 28 Motion to Confirm Arbitration | |
| |     Award (Collection Cases Only) | |

**B. PROPERTY TORTS**

| | | |
|---|---|---|
| ☐ 01 Automobile | ☐ 03 Destruction of Private Property | ☐ 05 Trespass |
| ☐ 02 Conversion | ☐ 04 Property Damage | |
| ☐ 07 Shoplifting, D.C. Code § 27-102 (a) | | |

**C. PERSONAL TORTS**

| | | |
|---|---|---|
| ☐ 01 Abuse of Process | ☐ 10 Invasion of Privacy | ☐ 17 Personal Injury- (Not Automobile, |
| ☐ 02 Alienation of Affection | ☐ 11 Libel and Slander |     Not Malpractice) |
| ☐ 03 Assault and Battery | ☐ 12 Malicious Interference | ☐ 18 Wrongful Death (Not Malpractice) |
| ☐ 04 Automobile- Personal Injury | ☐ 13 Malicious Prosecution | ☐ 19 Wrongful Eviction |
| ☐ 05 Deceit (Misrepresentation) | ☐ 14 Malpractice Legal | ☐ 20 Friendly Suit |
| ☐ 06 False Accusation | ☐ 15 Malpractice Medical (Including Wrongful Death) | ☐ 21 Asbestos |
| ☐ 07 False Arrest | ☐ 16 Negligence- (Not Automobile, | ☐ 22 Toxic/Mass Torts |
| ☐ 08 Fraud |     Not Malpractice) | ☐ 23 Tobacco |
| | | ☐ 24 Lead Paint |

SEE REVERSE SIDE AND CHECK HERE        IF USED

# Information Sheet, Continued

**C. OTHERS**

- [ ] 01 Accounting
- [ ] 02 Att. Before Judgment
- [ ] 05 Ejectment
- [ ] 09 Special Writ/Warrants
  (DC Code § 11-941)
- [ ] 10 Traffic Adjudication
- [ ] 11 Writ of Replevin
- [ ] 12 Enforce Mechanics Lien
- [x] 16 Declaratory Judgment

- [ ] 17 Merit Personnel Act (OEA)
  (D.C. Code Title 1, Chapter 6)
- [ ] 18 Product Liability
- [ ] 24 Application to Confirm, Modify,
  Vacate Arbitration Award (DC Code § 16-4401)
- [ ] 29 Merit Personnel Act (OHR)
- [ ] 31 Housing Code Regulations
- [ ] 32 Qui Tam
- [ ] 33 Whistleblower

**II.**

- [ ] 03 Change of Name
- [ ] 06 Foreign Judgment/Domestic
- [ ] 08 Foreign Judgment/International
- [ ] 13 Correction of Birth Certificate
- [ ] 14 Correction of Marriage
  Certificate
- [ ] 26 Petition for Civil Asset Forfeiture (Vehicle)
- [ ] 27 Petition for Civil Asset Forfeiture (Currency)
- [ ] 28 Petition for Civil Asset Forfeiture (Other)

- [ ] 15 Libel of Information
- [ ] 19 Enter Administrative Order as
  Judgment [ D.C. Code §
  2-1802.03 (h) or 32-151 9 (a)]
- [ ] 20 Master Meter (D.C. Code §
  42-3301, et seq.)

- [ ] 21 Petition for Subpoena
  [Rule 28-I (b)]
- [ ] 22 Release Mechanics Lien
- [ ] 23 Rule 27(a)(1)
  (Perpetuate Testimony)
- [ ] 24 Petition for Structured Settlement
- [ ] 25 Petition for Liquidation

**D. REAL PROPERTY**

- [ ] 09 Real Property-Real Estate
- [ ] 12 Specific Performance
- [ ] 04 Condemnation (Eminent Domain)
- [ ] 10 Mortgage Foreclosure/Judicial Sale
- [ ] 11 Petition for Civil Asset Forfeiture (RP)

- [ ] 08 Quiet Title
- [ ] 25 Liens: Tax / Water Consent Granted
- [ ] 30 Liens: Tax / Water Consent Denied
- [ ] 31 Tax Lien Bid Off Certificate Consent Granted

_____          _____
Attorney's Signature                        7/14/22
                                                    Date

CV-496/ June 2015

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
**Telephone: (202) 879-1133 Website: www.dccourts.gov**

LawCo USA, PLLC
_____
                                    Plaintiff

vs.                                                      Case Number    **2022 CA 003131 B**
                                                                    _____

Cooper Law Firm, LLC
_____
                                    Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Jeffrey E. McFadden
_____
Name of Plaintiff's Attorney

313 Prospect Bay Drive East, Grasonville, MD  21638
_____
Address                                                By _____
                                                                              Deputy Clerk
(410) 490−1163
_____
Telephone                                              Date    **08/02/2022**

如需翻譯，請打电话 (202) 879-4828          Veuillez appeler au (202) 879-4828 pour une traduction          Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828로 전화주세요          የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español



---




**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
**Sección de Acciones Civiles**
**500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001**
**Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov**

LawCo USA, PLLC
_____
                              Demandante

          contra                                        Número de Caso: _____

Cooper Law Firm, LLC
_____
                              Demandado

## CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o el Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

Jeffrey E. McFadden
_____          *SECRETARIO DEL TRIBUNAL*
Nombre del abogado del Demandante

312 Prospect Bay Drive East, Grasonville, MD  21638          Por: _____
_____
Dirección                                                                         Subsecretario

(410) 490-1163
_____          Fecha _____
Teléfono

如需翻译,请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828

만약 번역이 필요하면 (202)879-4828 로 전화하십시오      ኣማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO.*

Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CV-3110 [Rev. June 2017]                                                              Super. Ct. Civ. R. 4



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001**
**Telephone: (202) 879-1133 • Website: www.dccourts.gov**

LAWCO USA, PLLC
    Vs.                                      C.A. No.       2022 CA 003131 B
COOPER LAW FIRM, LLC

## INITIAL ORDER AND ADDENDUM

**Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby** ORDERED **as follows:**

(1) This case is assigned to the judge and calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of service on each defendant of copies of (a) the summons, (b) the complaint, and (c) this Initial Order and Addendum. The court will dismiss the claims against any defendant for whom such proof of service has not been filed by this deadline, unless the court extended the time for service under Rule 4(m).

(3) Within 21 days of service (unless otherwise provided in Rule 12), each defendant must respond to the complaint by filing an answer or other responsive pleading. The court may enter a default and a default judgment against any defendant who does not meet this deadline, unless the court extended the deadline under Rule 55(a).

(4) At the time stated below, all counsel and unrepresented parties shall participate in a remote hearing to establish a schedule and discuss the possibilities of settlement. Counsel shall discuss with their clients **before** the hearing whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this hearing.**

(5) If the date or time is inconvenient for any party or counsel, the Civil Actions Branch may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. To reschedule the hearing, a party or lawyer may call the Branch at (202) 879-1133. Any such request must be made at least seven business days before the scheduled date.
No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

**Chief Judge Anita M. Josey-Herring**

Case Assigned to: Judge JULIET J MCKENNA
Date:       July 20, 2022
Initial Conference: **REMOTE HEARING - DO NOT COME TO COURTHOUSE**
**SEE REMOTE HEARING INSTRUCTIONS ATTACHED TO INITIAL ORDER**

9:30 am, Friday, October 14, 2022
Location:   Courtroom 519
                500 Indiana Avenue N.W.
                WASHINGTON, DC 20001

                        CAIO-60

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

D.C. Code § 16-2821, which part of the Medical Malpractice Proceedings Act of 2006, provides,   "[a]fter action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ('ISSC'"), prior to any further litigation in an effort to reach a settlement agreement.   The early mediation schedule shall be included in the Scheduling Order following the ISSC.  Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC."

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator.  Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/.  To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC.  D.C. Code § 16-2825 Two separate Early Mediation Forms are available.   Both forms may be obtained at www.dccourts.gov/medmalmediation.  One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator.  Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov.  Unrepresented plaintiffs who elect not to eFile must either mail the form to the Multi-Door Dispute Resolution Office at, Suite 2900, 410 E Street, N.W., Washington, DC 20001, or deliver if in person if the Office is open for in-person visits.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation.  D.C. Code § 16-2823(a).  If the parties cannot agree on a mediator, the Court will appoint one.  D.C. Code § 16-2823(b).

The following people are required by D.C. Code § 16-2824 to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code§ 16-2826.  Any Plaintiff who is unrepresented may mail the form to the Civil Actions Branch at [address] or deliver it in person if the Branch is open for in-person visits. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Anita M. Josey-Herring

CAIO-60

**Civil Remote Hearing Instructions for Participants**

The following instructions are for participants who are scheduled to have cases heard before a Civil Judge in a **Remote Courtroom**

**Option1:  (AUDIO ONLY/Dial-in by Phone):**

Toll 1 (844) 992-4762 or (202) 860-2110, enter the Meeting ID from the attachment followed by #, press again to enter session.

> *Please call in no sooner than 5 minutes before your scheduled hearing time. Once you have joined the session, please place your phone on mute until directed otherwise.  If you should happen to get disconnected from the call, please call back in using the phone number and access number provided and the courtroom clerk will mute your call until the appropriate time.*

If you select **Option 2** or **Option 3** use the Audio Alternative

**Option 2: (LAPTOP/ DESKTOP USERS 1):**

> Open Web Browser in Google Chrome and copy and paste following address from the next page:
> https://dccourts.webex.com/meet/XXXXXXXXX

**Option 3: (LAPTOP/ DESKTOP USERS 2):**

> Open Web Browser in Google Chrome and copy and paste following address
> https://dccourts.webex.com   Select **Join**, enter the Meeting ID from the next page

AUDIO ALTERNATIVE**:**  Instead of automatically using **USE COMPUTER FOR AUDIO**, select **CALL-IN** and follow the **CALL-IN** prompt window.  Use a cell phone or desk phone. You will be heard clearer if you **do not** place your phone on SPEAKER. It is very important that you enter the **ACCESS ID #** so that your audio is matched with your video.



**Option 4: (Ipad/SMART PHONE/TABLET):**

- Go to App Store, Download WebEx App (Cisco WebEx Meetings)
- Sign into the App with your Name and Email Address
- Select Join Meeting
- Enter address from the next page: https://dccourts.webex.com/meet/XXXXXXXXX
- Click join and make sure your microphone is muted and your video is unmuted (if you need to be
- seen). If you only need to speak and do not need to be seen, use the audio only option.
- When you are ready click "Join Meeting". If the host has not yet started the meeting, you will be placed in the lobby until the meeting begins.

**For Technical Questions or issues Call: (202) 879-1928, Option #2**

CAIO-60

Superior Court of the District of Columbia
Public Access for Remote Court Hearings
(Effective August 24, 2020)

**The current telephone numbers for all remote hearings are: 202-860-2110 (local) or 844-992-4726 (toll free).** After dialing the number, enter the WebEx Meeting ID as shown below for the courtroom. Please click a WebEx Direct URL link below to join the hearing online.

Audio and video recording; taking pictures of remote hearings; and sharing the live or recorded remote hearing by rebroadcasting, live-streaming or otherwise are not allowed

| Division | Courtroom | Types of Hearings Scheduled in Courtroom | Public Access via WebEx | |
|---|---|---|---|---|
| | | | **WebEx Direct URL** | **WebEx Meeting ID** |
| Auditor Master | 206 | Auditor Master Hearings | https://dccourts.webex.com/meet/ctbaudmaster | 129 648 5606 |
| Civil | 100 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb100 | 129 846 4145 |
| | 205 | Foreclosure Matters | https://dccourts.webex.com/meet/ctb205 | 129 814 7399 |
| | 212 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb212 | 129 440 9070 |
| | 214 | Title 47 Tax Liens; and Foreclosure Hearings | https://dccourts.webex.com/meet/ctb214 | 129 942 2620 |
| | 219 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb219 | 129 315 2924 |
| | 221 | Civil 1 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb221 | 129 493 5162 |
| | 318 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb318 | 129 801 7169 |
| | 320 | | https://dccourts.webex.com/meet/ctb320 | 129 226 9879 |

CAIO-60

| 400 | Judge in Chambers Matters including Temporary Restraining Orders, Preliminary Injunctions and Name Changes | https://dccourts.webex.com/meet/ctb400 | 129 339 7379 |
|---|---|---|---|
| 415 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb415 | 129 314 3475 |
| 516 | | https://dccourts.webex.com/meet/ctb516 | 129 776 4396 |
| 517 | | https://dccourts.webex.com/meet/ctb517 | 129 911 6415 |
| 518 | | https://dccourts.webex.com/meet/ctb518 | 129 685 3445 |
| 519 | | https://dccourts.webex.com/meet/ctb519 | 129 705 0412 |
| JM-4 | | https://dccourts.webex.com/meet/ctbjm4 | 129 797 7557 |
| A-47 | Housing Conditions Matters | https://dccourts.webex.com/meet/ctba47 | 129 906 2065 |
| B-52 | Debt Collection and Landlord and Tenant Trials | https://dccourts.webex.com/meet/ctbb52 | 129 793 4102 |
| B-53 | Landlord and Tenant Matters including Lease Violation Hearings and Post Judgment Motions | https://dccourts.webex.com/meet/ctbb53 | 129 913 3728 |
| B-109 | Landlord and Tenant Matters | https://dccourts.webex.com/meet/ctbb109 | 129 127 9276 |
| B-119 | Small Claims Hearings and Trials | https://dccourts.webex.com/meet/ctbb119 | 129 230 4882 |

CAIO-60

Exhibit 2



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION Civil Actions Branch**
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Telephone: (202) 879-1133 • Website: www.dccourts.gov

LAWCO USA, PLLC
   Vs.                                  C.A. No.      2022 CA 003131 B
COOPER LAW FIRM, LLC

## INITIAL ORDER AND ADDENDUM

### Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby ORDERED as follows:

(1) This case is assigned to the judge and calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of service on each defendant of copies of (a) the summons, (b) the complaint, and (c) this Initial Order and Addendum. The court will dismiss the claims against any defendant for whom such proof of service has not been filed by this deadline, unless the court extended the time for service under Rule 4(m).

(3) Within 21 days of service (unless otherwise provided in Rule 12), each defendant must respond to the complaint by filing an answer or other responsive pleading. The court may enter a default and a default judgment against any defendant who does not meet this deadline, unless the court extended the deadline under Rule 55(a).

(4) At the time stated below, all counsel and unrepresented parties shall participate in a remote hearing to establish a schedule and discuss the possibilities of settlement. Counsel shall discuss with their clients **before** the hearing whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this hearing.**

(5) If the date or time is inconvenient for any party or counsel, the Civil Actions Branch may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. To reschedule the hearing, a party or lawyer may call the Branch at (202) 879-1133. Any such request must be made at least seven business days before the scheduled date.

No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

**Chief Judge Anita M. Josey-Herring**

Case Assigned to: Judge JULIET J MCKENNA
Date:     July 20, 2022
Initial Conference: **REMOTE HEARING - DO NOT COME TO COURTHOUSE**
**SEE REMOTE HEARING INSTRUCTIONS ATTACHED TO INITIAL ORDER**

9:30 am, Friday, October 14, 2022
Location:  Courtroom 519
              500 Indiana Avenue N.W.
              WASHINGTON, DC 20001

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

D.C. Code § 16-2821, which part of the Medical Malpractice Proceedings Act of 2006, provides,   "[a]fter action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ('ISSC'"), prior to any further litigation in an effort to reach a settlement agreement.  The early mediation schedule shall be included in the Scheduling Order following the ISSC.  Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC."

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator.  Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/.  To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. D.C. Code § 16-2825 Two separate Early Mediation Forms are available.   Both forms may be obtained at www.dccourts.gov/medmalmediation.  One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator.  Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. Unrepresented plaintiffs who elect not to eFile must either mail the form to the Multi-Door Dispute Resolution Office at, Suite 2900, 410 E Street, N.W., Washington, DC 20001, or deliver if in person if the Office is open for in-person visits.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation.  D.C. Code § 16-2823(a).  If the parties cannot agree on a mediator, the Court will appoint one.  D.C. Code § 16-2823(b).

The following people are required by D.C. Code § 16-2824 to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code§ 16-2826.  Any Plaintiff who is unrepresented may mail the form to the Civil Actions Branch at [address] or deliver it in person if the Branch is open for in-person visits. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Anita M. Josey-Herring

CAIO-60

The following instructions are for participants who are scheduled to have cases heard before a Civil Judge in a **Remote Courtroom**

**Option1:** (AUDIO ONLY/Dial-in by Phone):

Toll 1 (844) 992-4762 or (202) 860-2110, enter the Meeting ID from the attachment followed by #, press again to enter session.

- *Please call in no sooner than 5 minutes before your scheduled hearing time. Once you have joined the session, please place your phone on mute until directed otherwise. If you should happen to get disconnected from the call, please call back in using the phone number and access number provided and the courtroom clerk will mute your call until the appropriate time.*

If you select **Option 2** or **Option 3** use the **Audio Alternative**

**Option 2:** (LAPTOP/ DESKTOP USERS 1):

Open Web Browser in Google Chrome and copy and paste following address from the next page:
https://dccourts.webex.com/meet/XXXXXXXXX

**Option 3:** (LAPTOP/ DESKTOP USERS 2):

Open Web Browser in Google Chrome and copy and paste following address
https://dccourts.webex.com  Select **Join**, enter the Meeting ID from the next page

**AUDIO ALTERNATIVE**: Instead of automatically using **USE COMPUTER FOR AUDIO**, select **CALL-IN** and follow the **CALL-IN** prompt window. Use a cell phone or desk phone. You will be heard clearer if you **do not** place your phone on SPEAKER. It is very important that you enter the **ACCESS ID #** so that your audio is matched with your video.



**Option 4:** (Ipad/SMART PHONE/TABLET):

- Go to App Store, Download WebEx App (Cisco WebEx Meetings)
- Sign into the App with your Name and Email Address
- Select Join Meeting
- Enter address from the next page: https://dccourts.webex.com/meet/XXXXXXXXX
- Click join and make sure your microphone is muted and your video is unmuted (if you need to be
- seen). If you only need to speak and do not need to be seen, use the audio only option.
- When you are ready click "Join Meeting". If the host has not yet started the meeting, you will be placed in the lobby until the meeting begins.

**For Technical Questions or issues Call: (202) 879-1928, Option #2**

Superior Court of the District of Columbia
Public Access for Remote Court Hearings
(Effective August 24, 2020)

**The current telephone numbers for all remote hearings are: 202-860-2110 (local) or 844-992-4726 (toll free).** After dialing the number, enter the WebEx Meeting ID as shown below for the courtroom. Please click a WebEx Direct URL link below to join the hearing online.

Audio and video recording; taking pictures of remote hearings; and sharing the live or recorded remote hearing by rebroadcasting, live-streaming or otherwise are not allowed

| Division | Courtroom | Types of Hearings Scheduled in Courtroom | Public Access via WebEx | |
|---|---|---|---|---|
| | | | **WebEx Direct URL** | **WebEx Meeting ID** |
| Auditor Master | 206 | Auditor Master Hearings | https://dccourts.webex.com/meet/ctbaudmaster | 129 648 5606 |
| Civil | 100 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb100 | 129 846 4145 |
| | 205 | Foreclosure Matters | https://dccourts.webex.com/meet/ctb205 | 129 814 7399 |
| | 212 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb212 | 129 440 9070 |
| | 214 | Title 47 Tax Liens; and Foreclosure Hearings | https://dccourts.webex.com/meet/ctb214 | 129 942 2620 |
| | 219 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb219 | 129 315 2924 |
| | 221 | Civil 1 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb221 | 129 493 5162 |
| | 318 | Civil 2 Scheduling Conferences; Status, | https://dccourts.webex.com/meet/ctb318 | 129 801 7169 |
| | 320 | Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb320 | 129 226 9879 |

CAIO-60

Exhibit 3

Filed
D.C. Superior Court
09/12/2022 15:31PM
Clerk of the Court

## IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | | |
|---|---|---|
| **LAWCO USA, PLLC** | * | |
| **1140 Third Street NW** | * | |
| **Washington, DC, 20002,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| | * | |
| | * | |
| **v.** | * | **CASE NO.:  2022 CA 003131 B** |
| | * | |
| **COOPER LAW FIRM, LLC** | * | |
| **1525 Religious Street** | * | |
| **New Orleans, LA 70130,** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |
| | * | |

\*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*

### AFFIDAVIT OF SERVICE

I, Jeffrey E. McFadden, counsel for plaintiff in the above-captioned case, hereby certify that service of the Summons and Complaint in this action was made on Defendant Cooper Law Firm, LLC on September 9, 2022, as evidenced by the Affidavit of Service by Special Process Server attached as **Exhibit A.**

Dated: September 12, 2022               Respectfully submitted,

_/s/  Jeffrey E. McFadden_
Jeffrey E. McFadden (Bar No. 434234)
LAW OFFICES OF JEFFREY E. MCFADDEN, LLC
312 Prospect Bay Drive East
Grasonville, MD  21638
(410) 490-1163
jmcfadden@jmcfaddenlaw.com

*Counsel for Plaintiff*

# EXHIBIT A

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION, CIVIL ACTIONS BRANCH**
500 Indiana Avenue, N.W., Room 5000
Washington, D.C. 20001
Telephone (202) 879-1133

Civil Action No. 2022 CA 003131 B

LaCo USA, PLLC _____   **VS**   Cooper Law Firm, LLC _____
**Plaintiff**                                    **Defendant**

## AFFIDAVIT OF SERVICE BY SPECIAL PROCESS SERVER

I, Robert Riche _____, age 18 or older, residing or working
at 201 St. Charles Ave., Suite 114, New Orleans, LA 70170 _____, am not a party and have
no interest in this case. On September 9 _____, 20 22 , at **3:15** A̶M̶/PM.

**1.** I served a copy of the summons, complaint, initial order, and addendum if necessary,
and any attachments as follows on **defendant** Cooper Law Firm, LLC _____.

☐ Personally at _____.

☐ By leaving said copy with _____, a person
of suitable age and discretion, who stated that he/she resides with the defendant at
_____.

☑ By leaving said copy with _Selina Boone_____ at
_Cooper Law Firm, LLC, 1525 Religious Street, New Orleans, LA 70130_.
He/She stated that they are authorized to accept service on behalf of the above defendant
by statute or law and his/her official capacity is _receptionist_____.

**2.** Below, you must set forth specific facts from which the Court can determine that
process was served as indicated above and in compliance with SCR CIV 4, including a
physical description (approximate age, height, weight) of any person on whom service
was made:
Black female in her 50s, approx. 5'8" of average weight
_____

_____

_____
Special Process Server

Subscribed and sworn to before me this 12 day of September , 20 22 .

_____                FOR LIFE
Notary Public / Deputy Clerk              **My Commission Expires**

NOTE:  A separate Affidavit of Service is required for each named Defendant

**ALAN D. EZKOVICH**
**NOTARY PUBLIC**
For PARISH OF ORLEANS, LOUISIANA
**MY COMMISSION IS FOR LIFE.**
**LSBA No. 1865**

Exhibit 4

Filed
D.C. Superior Court
09/29/2022 09:00AM
Clerk of the Court

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | | |
|---|---|---|
| LAWCO USA, PLLC | * | |
| 1140 Third Street NW | * | |
| Washington, DC 20002, | * | |
| | * | |
| Plaintiff | * | |
| ~ Versus ~ | * | CASE NO.:  2002 CA 003131 B |
| | * | |
| COOPER LAW FIRM, LLC | * | |
| 1525 Religious Street | * | |
| New Orleans, Louisiana 70130, | * | |
| | * | |
| Defendant | * | |
| | * | |

*************************************

## MOTION FOR CONTINUANCE

NOW INTO COURT, comes Barry J. Cooper, Jr., a member of COOPER LAW FIRM, LLC who, without waiving any rights, respectfully represents to this Honorable Court that he is appearing for the limited purpose of seeking a (30) day continuance in which to file responsive pleadings to the original Complaint for Declaratory Relief, Injunctive Relief, and Specific Performance for the reasons provided below. *See* Super. Ct. Civ. R. 101 (a)(2)(2004).

On September 9th, 2022, COOPER LAW FIRM, LLC was delivered a copy of a Summons and Complaint for Declaratory Relief, Injunctive Relief, and Specific Performance. COOPER LAW FIRM, LLC is a Louisiana based limited liability company who is engaged in the practice of law but does not have any lawyers in its organization that are licensed to practice law before the Superior Court for the District of Columbia.  Defendant, COOPER LAW FIRM, LLC requires additional time in order to retain a law firm qualified to practice law in this jurisdiction so that responsive pleadings may be filed on its behalf in this civil action.

1

WHEREFORE, COOPER LAW FIRM, LLC prays that, for the reasons set forth, this Honorable Court grant it a (30) day extension in order to file its responsive pleadings to the Complaint for Declaratory Relief, Injunctive Relief, and Specific Performance.

/s/ *Barry J. Cooper, Jr.*

Barry J. Cooper, Jr., Member
COOPER LAW FIRM, LLC
1525 Religious Street
New Orleans, Louisiana 70130
Telephone: (504) 399-0009
E-mail: bcooper@clfnola.com

**NON-ATTORNEY (D.C.)**

## CERTIFICATE OF SERVICE

I, Barry J. Cooper, Jr., hereby certified that the Motion for Continuance and proposed Order was electronically filed on this 29th day of September 2022 and that a copy was sent to counsel of record for LawCo USA, PLLC by either e-mail, facsimile, or U.S. First Class Mail.

/s/ *Barry J. Cooper, Jr.*

Barry J. Cooper, Jr., Member
COOPER LAW FIRM, LLC

2

Exhibit 5

Filed
D.C. Superior Court
09/29/2022 16:06PM
Clerk of the Court

## IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | | |
|---|---|---|
| **LAWCO USA, PLLC,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| | * | |
| | * | |
| **v.** | * | **CASE NO.:  2022 CA 003131 B** |
| | * | |
| **COOPER LAW FIRM, LLC,** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |
| | * | |

\*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*

### OPPOSITION TO DEFENDANT'S MOTION FOR CONTINUANCE

Plaintiff LawCo USA, PLLC, through counsel, opposes Defendant Cooper Law Firm, LLC's Motion for Continuance, for three reasons:

First, by his own admission, Barry J. Cooper, Jr. is not licensed to practice law in the District of Columbia.

Second, the Motion does not conform with Superior Court Rule 12-1(a)(1), which requires the movant to make a good faith effort discuss the proposed motion with counsel for Plaintiff.  While one of Mr. Cooper's partners raised the possibility of seeking an extension with undersigned counsel, undersigned counsel never agreed to a 30-day extension, and instead offered, earlier today, an extension to October 13, 2022, given the status conference set for October 14, 2022.  None of these facts are recited in the Motion.

Third, and related to the second point, the Motion fails to acknowledge the status conference set for October 14 and does not seek a rescheduling of that conference.

For all of the foregoing reasons, Defendant's Motion for Continuance should be denied. A proposed order is attached.

Dated: September 29, 2022       Respectfully submitted,

                                    */s/  Jeffrey E. McFadden*
                                    Jeffrey E. McFadden (Bar No. 434234)
                                    LAW OFFICES OF JEFFREY E. MCFADDEN, LLC
                                    312 Prospect Bay Drive East
                                    Grasonville, MD  21638
                                    (410) 490-1163
                                    jmcfadden@jmcfaddenlaw.com

                                    *Counsel for Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that a copy of this Opposition to Defendant's Motion for Continuance was served on counsel for Defendant through the court's CaseFile Xpress system.

                                    */s/  Jeffrey E. McFadden*
                                    Jeffrey E. McFadden

2

**IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | | |
|---|---|---|
| **LAWCO USA, PLLC,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| | * | |
| | * | |
| **v.** | * | **CASE NO.:  2022 CA 003131 B** |
| | * | |
| **COOPER LAW FIRM, LLC,** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**[PROPOSED] ORDER ON DEFENDANT'S MOTION FOR CONTINUANCE**


Before the Court is Defendant's Motion for Continuance.  Having considered

Defendant's Motion, any opposition thereto, and any reply in support, it is hereby

**ORDERED**, that Defendant's Motion for Continuance is **DENIED.**



_____
Superior Court Judge

Date:

Copies via CaseFileXpress to all counsel

Exhibit 6

Filed
D.C. Superior Court
09/30/2022 16:17PM
Clerk of the Court

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | | |
|---|---|---|
| LAWCO USA, PLLC | * | |
| 1140 Third Street NW | * | |
| Washington, D.C. 20002, | * | |
| | * | |
| Plaintiff | * | |
| ~ versus ~ | * | CASE NO.  2022-ca-003131 B |
| | * | |
| COOPER LAW FIRM, LLC | * | |
| 1525 Religious Street | * | |
| New Orleans, Louisiana 70130, | * | |
| | * | |
| Defendant | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MOTION TO ENROLL AS COUNSEL OF RECORD

NOW INTO COURT, comes JONATHAN R. ZITT, ESQ. (D.C. Bar Roll # 1030902), a member in good standing with the District of Columbia Bar Association who respectfully moves this honorable Court to allow him to enroll as counsel of record for Defendant, COOPER LAW FIRM, LLC. Further, the Defendant has not been provided with any notice of a status conference referenced in the Plaintiff's Opposition to Defendant's Motion for Continuance. The Defendant through its counsel of record would like to participate in the referenced status conference and request the time on when the status conference is set on October 14th, 2022 and the call-in number.

WHEREFORE, Jonathan R. Zitt prays that his Motion to Enroll as Counsel of Record for Defendant, Cooper Law Firm, LLC be granted and that the details of the status conference set on October 14th, 2022 be circulated.

Respectfully submitted,

*/s/ Jonathan R. Zitt*
Jonathan R. Zitt, Esq. (D.C. Bar # 1030902)
2028 Harrison Street, Suite 201-4
Hollywood, Florida 33020
Telephone: (954) 654-5979
E-mail: jrzitt@yahoo.com

## CERTIFICATE OF SERVICE

This is to certify that a copy of the above Motion to Enroll as Counsel of Record has been

served upon counsel of record via CaseFile Xpress on this the 30th day of September 2022.

*/s/ Jonathan R. Zitt*
Jonathan R. Zitt

2

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

LAWCO USA, PLLC                    *
1140 Third Street NW               *
Washington, DC, 20002,             *
                                   *
                    Plaintiff      *        CASE NO.  2022-ca-003131 B
                                   *
~ Versus ~                         *
                                   *
COOPER LAW FIRM, LLC               *
1525 Religious Street              *
New Orleans, Louisiana 70130,      *
                                   *        **ORDER**
                    Defendant      *
                                   *

\*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*

Considering the foregoing Motion to Enroll as Counsel of Record for Defendant, Cooper

Law Firm, LLC;

IT IS HEREBY ORDERED, that JONATHAN R. ZITT (D.C. Bar Roll # 1030902), be

enrolled as counsel of record for Defendant, Cooper Law Firm, LLC in this proceeding.

Signed in the District of Columbia on this _____ day of _____, 2022.

_____
**SUPERIOR COURT JUDGE FOR THE
DISTRICT OF COLUMBIA**

Exhibit 7

Filed
D.C. Superior Court
10/05/2022 14:14PM
Clerk of the Court

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | |
|---|---|
| **LAWCO USA, PLLC,** | |
| **Plaintiff,** | **Case No. 2022 CA 003131 B** |
| **v.** | |
| **COOPER LAW FIRM, LLC,** | **Judge Juliet J. McKenna** |
| **Defendant.** | **Next Event: Initial Scheduling Conference, November 18, 2022 at 9:30 a.m.** |

## <u>ORDER</u>

Pending before the Court is Defendant Cooper Law Firm, LLC's (hereinafter

"Defendant") Motion for Continuance, filed on September 29, 2022, and Plaintiff LawCo USA,

PLLC's (hereinafter "Plaintiff") Opposition, filed the same day. Also pending before the Court is

Defendant's Motion to Enroll as Counsel of Record, filed on September 30, 2022. For the

reasons stated below, Defendant's Motion for a Continuance is **GRANTED**, Defendant's

Motion to Enroll as Counsel of Record is **GRANTED**, and the Initial Scheduling Conference is

continued until November 18, 2022.

Plaintiff filed suit against Defendant on July 14, 2022, requesting declaratory relief,

injunctive relief, and specific performance requiring the Defendant to establish a joint bank

account between the two parties. *See* Compl. at p. 1. Plaintiff filed an Affidavit of Service of

Summons and Complaint on September 12, 2022, stating that Defendant had been served on

September 9, 2022. *See* Aff. of Service (Exh. A).[1] On September 29, 2022, Barry J. Cooper filed

a Motion for Continuance on behalf of the Defendant, requesting additional time to file an

---

[1] Plaintiff had not been e-served the Complaint package by the Civil Division Clerk's Office until August 2, 2022, making service of process on September 9, 2022 timely. *See* Dkt. Entry, Aug. 2, 2022.

Answer or responsive pleading. *See* Def. Mot. for Cont. at 1-2. In support of this Motion, Mr.

Cooper states that he is not a member of the District of Columbia Bar Association and the

Defendant was actively seeking counsel who is barred in this jurisdiction. *Id.* Plaintiff filed an

Opposition to this Motion, stating that (1) as a non-DC barred attorney, Mr. Cooper could not

file this motion seeking a continuance; (2) the two attorneys had spoken earlier that day about

giving Defendant until October 13 to respond, given the impending October 14 Initial

Scheduling Conference; and (3) the Motion failed to mention the aforementioned conversation,

currently-scheduled hearing, or request a continuance of the hearing. *See* Pl. Opp. at 1-2. On

September 30, 2022, Jonathan R. Zitt, a member of the District of Columbia Bar, filed a Motion

seeking to enroll as counsel of record on behalf of the Defendant and also requested the Court to

provide him with information regarding the October 14, 2022 hearing. *See* Def. Mot. to Enroll at

1-2.

        D.C. Superior Court Civil Rule 101(a) states that "only an active member of the District

of Columbia Bar may appear in this court in a representative capacity for any purpose *other than*

*securing a continuance.*" *See* D.C. Super. Civ. R. 101(a) (*emphasis added*). Defendant's Motion

is clearly one of limited nature, as evidenced by the title—Motion for Continuance. *See generally*

Def. Mot. to Cont. This Motion restricted itself only to requesting a continuance to file an

Answer or responsive pleading because Mr. Cooper is not barred in this jurisdiction and

Defendant needed additional time to find adequate representation. *Id.* at 1. The Court finds that

Defendant acted in good faith to promptly secure a District of Columbia-barred attorney, as

evidenced by Mr. Zitt's Motion to Enroll as Counsel of Record, filed only one day later. *See generally* Mot. to Enroll.[2]

Given that the Defendant has only recently retained counsel, the Court finds good cause to permit an extension of time to file an Answer or responsive pleading. As such, the Court *sua sponte* continues the Initial Scheduling Conference from October 14, 2022 until November 18, 2022.

Whereby, it is this 5th day of October, 2022, hereby

**ORDERED** that Defendant's Motion for Continuance is **GRANTED**; and it is

**FURTHER ORDERED** that Defendant's Motion to Enroll as Counsel of Record is **GRANTED**; and it is

**FURTHER ORDERED** that Defendant shall have until and including November 4, 2022 to file an Answer or responsive pleading to Plaintiff's Complaint; and it is

**FURTHER ORDERED** that the Initial Scheduling Conference scheduled for October 14, 2022 is **VACATED**; and it is

**FURTHER ORDERED** that parties shall appear for an Initial Scheduling Conference on November 18, 2022 at 9:30 a.m. in Courtroom 519; parties may appear in-person or remotely utilizing the WebEx log-in instructions appended to this Order. If appearing in-person, the Court requests, but does not require, that the parties email JudgeMcKennaChambers@dcsc.gov, stating

---

[2] Defendant's Motion to Enroll as Counsel of Record requests that the Court provide counsel with hearing information. In the future, counsel is expected to review the Court's docket in order to ascertain the next hearing date and courtroom information.

an intent to do so.

**IT IS SO ORDERED.**

_____

Juliet J. McKenna, Associate Judge

Copies to:
Counsel of Record via CaseFileXpress.

**Instructions for Remote Hearings by Telephone or Video**
**Before Judge Juliet J. McKenna**

Remote hearings by telephone or video conferences will be held in a virtual courtroom, which the parties and counsel may access in the following ways:

(1) calling 1-844-992-4726 or 202-860-2110 and entering meeting ID number 129 705 0412;
(2) going to the WebEx website at https://dccourts.webex.com/meet/ctb519 or going to https://dccourts.webex.com and entering meeting ID number 129 705 0412; or
(3) downloading the WebEx Meetings app, opening the app, select Join Meeting, and enter https://dccourts.webex.com/meet/ctb519.

The WebEx platform has video capability, which can be utilized through the website or the app. If you have trouble gaining access to the virtual courtroom, please call the judge's chambers at (202) 879-0422.

**<u>NOTE</u>: Counsel is required to appear via WebEx video and log in so that their name appears on screen, absent extenuating circumstances that make it necessary for them to appear via telephone, or unless telephonic appearance is approved by Chambers prior to the hearing. All other parties are highly encouraged, but not required, to appear via WebEx video and identify themselves by name.**

Please note the following guidelines for appearing in the virtual courtroom:

(1) When you enter the virtual courtroom (by dialing in on a phone, or signing in through the website or app), you should not attempt to speak because another hearing may be underway. You should be automatically muted by the courtroom clerk when you first arrive. If you are using the WebEx website or the app, you may check in with the courtroom clerk using the "chat" function.  If you are on a telephone, you should wait for your case to be called.
(2) At the check-in time (which is specified in the Order setting the hearing), the courtroom clerk will perform a roll call to determine which parties and counsel are present. The courtroom clerk will then call the matters that are ready.
(3) If parties or counsel "arrive" in the virtual courtroom after roll call, they should not attempt to speak because another hearing may be underway. If they are using the WebEx website or the app, they may check in with the courtroom clerk using the "chat" function. If they are calling in by telephone, they should wait for their case to be called.

If a party or counsel intends to rely on exhibits or other documents during the hearing, the party or counsel shall e-mail the exhibits to the Court at judgemckennachambers@dcsc.gov, copying all sides, no later than 5:00 p.m. the day before the hearing. The party or counsel must also file the exhibits on the docket using the CaseFileXpress system and provide a copy of the exhibit to any witness before the hearing. The exhibits must be separately labeled so that they can be easily identified by all parties and the Court during the remote hearing.

Exhibit 8

eFiled
11/04/2022 11:07:34 AM
Superior Court
of the District of Columbia

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

LAWCO USA, PLLC             *
1140 Third Street NW        *
Washington, DC 20002,       *
                            *
            Plaintiff        *
~ Versus ~                  *          CASE NO.:  2022 CA 003131 B
                            *
COOPER LAW FIRM, LLC        *
1525 Religious Street       *          **MOTION FOR STAY**
New Orleans, Louisiana 70130, *        **(NOTICE OF SETTLEMENT)**
                            *
            Defendant        *
                            *
**************************************

**MOTION FOR STAY (NOTICE OF SETTLEMENT)**

NOW INTO COURT, comes Jonathan R. Zitt, a member licensed and in good-standing

with the District of Columbia who respectfully represents to the Court that the parties reached the

terms of a settlement agreement on October 5th, 2022 to resolve all issues with the original claims

brought with the case *sub judice;* however, the exact terms mutually negotiated between counsel

for the parties on October 5th, 2022 have not been incorporated into the *Consent Judgment* drafted

and circulated by counsel for Plaintiff, Jeffrey E. McFadden, Esq. on November 1st, 2022.  It is

represented to the Court in good faith that, upon information and belief, the parties in the instant

case have agreed upon the complete terms and conditions necessary to resolve all pending claims

and/or issues and additional limited time is required for counsel for the parties to re-draft a *Consent*

*Judgment* to reflect the proper intent.  On October 5th, 2022, the Honorable Juliet J. McKenna,

Associate Judge presiding over the pending civil action issued an Order that the defendant, Cooper

Law Firm, LLC, shall have until November 4th, 2022 to file an answer or responsive pleadings.

Out of an abundance of caution and reserving all rights thereto, the defendant, Cooper Law Firm,

LLC, files its Motion to Stay while counsel for the parties to the civil action collectively work towards perfecting an intended draft *Consent Judgment.*

WHEREFORE, the defendant, Cooper Law Firm, LLC, prays that this Honorable Court stay the pending proceedings temporarily for the reasons set forth and while counsel for the parties collectively work together to effectively draft a *Consent Judgment* for submission and consideration by the Court.

Respectfully submitted,

*/s/ Jonathan R. Zitt* _____
Jonathan R. Zitt, Esq. (D.C. Bar #1030902)
2028 Harrison Street, Suite 201-4
Hollywood, Florida 33020
Telephone: (954) 654-5979
E-mail: jrzitt@yahoo.com

## CERTIFICATE OF SERVICE

I, Jonathan R. Zitt, certify that a copy of the above Motion to Stay (Notice of Settlement) has been served upon counsel of record via CaseFile Xpress on this the 4th day of November 2022.

*/s/ Jonathan R. Zitt* _____
Jonathan R. Zitt, Esq. (D.C. Bar # 1030902)

2

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | | |
|---|---|---|
| LAWCO USA, PLLC | * | |
| 1140 Third Street NW | * | |
| Washington, DC 20002, | * | |
| | * | |
| Plaintiff | * | |
| | * | CASE NO.:  2022 CA 003131 B |
| ~ Versus ~ | * | |
| | * | |
| COOPER LAW FIRM, LLC | * | **ORDER ON MOTION FOR STAY** |
| 1525 Religious Street | * | **(NOTICE OF SETTLEMENT)** |
| New Orleans, Louisiana 70130, | * | |
| | * | |
| Defendant | * | |
| | * | |
| ************************************* | | |

In consideration of the Motion for Stay (Notice of Settlement) filed by the Defendant,

Cooper Law Firm, LLC;

IT IS HEREBY ORDERED that the pending civil action is temporarily stayed while

counsel for the parties perfect the draft *Consent Judgment* for submission and consideration by the

Court.

IT IS HEREBY FURTHER ORDERED that the Defendant, Cooper Law Firm, LLC,

reserves any and all rights to file an answer and/or responsive pleadings in the event a final *Consent*

*Judgment* is not submitted for consideration by the Court.


Signed on this _____ day of November 2022, Washington, D.C.


**_____**
**HONORABLE JULIET J. MCKENNA**
**ASSOCIATE JUDGE, SUPERIOR COURT,**
**DISTRICT OF COLUMBIA**

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

LAWCO USA, PLLC                         *
1140 Third Street NW                    *
Washington, DC 20002,                   *
                                        *
                      Plaintiff         *
                                        *        CASE NO.:  2022 CA 003131 B
~ Versus ~                              *
                                        *
COOPER LAW FIRM, LLC                    *
1525 Religious Street                   *        **ORDER ON MOTION FOR STAY**
New Orleans, Louisiana 70130,           *        **(NOTICE OF SETTLEMENT)**
                                        *
                      Defendant         *
                                        *
*************************************

        In consideration of the Motion for Stay (Notice of Settlement) filed by the Defendant,

Cooper Law Firm, LLC;

        IT IS HEREBY ORDERED that the pending civil action is temporarily stayed while

counsel for the parties perfect the draft *Consent Judgment* for submission and consideration by the

Court.

        IT IS HEREBY FURTHER ORDERED that the Defendant, Cooper Law Firm, LLC,

reserves any and all rights to file an answer and/or responsive pleadings in the event a final *Consent

Judgment* is not submitted for consideration by the Court.


        Signed on this _____ day of November 2022, Washington, D.C.


                                        _____
                                        **HONORABLE JULIET J. MCKENNA**
                                        **ASSOCIATE JUDGE, SUPERIOR COURT,**
                                        **DISTRICT OF COLUMBIA**

Exhibit 9

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | |
|---|---|
| **LAWCO USA, PLLC,** | **Case No. 2022 CA 003131 B** |
| **Plaintiff,** | |
| | **Judge Juliet J. McKenna** |
| **v.** | |
| **COOPER LAW FIRM, LLC,** | **Next Event:  Status Hearing, January 20, 2023 at 10:00 a.m.** |
| **Defendant.** | |

## <u>ORDER</u>

Pending before the Court is Defendant Cooper Law Firm, LLC's Motion for Stay (Notice of Settlement), filed on November 4, 2022. In support of the Motion, the Defendant states that "the parties reached the terms of a settlement agreement on October 5th 2022 . . . however, the exact terms mutually negotiated between counsel for the parties . . . have not been incorporated into the *Consent Judgment* drafted and circulated by counsel for Plaintiff . . . on November 1st, 2022." Mot. for Stay at 1. In order to permit the parties to execute the proposed settlement agreement, counsel for the Defendant requests that the Court stay the above-captioned proceedings. Given that parties are scheduled to appear before the Court for an Initial Scheduling Conference on November 18, 2022, but are still finalizing a settlement agreement, the Court will grant the Defendant's Motion for Stay (Notice of Settlement).[1]

Whereby, it is this 14th day of November, 2022, hereby

---

[1] Defendant's Motion for Stay (Notice of Settlement) does not include a certification pursuant to D.C. Superior Court Civil Rule 12-I(a)(1), (3)(B) regarding Defendant's counsel's efforts to obtain consent from Plaintiff's counsel prior to filing the Motion for Stay (Notice of Settlement). While the time for Plaintiff's counsel to file a response has not yet elapsed, given the representations contained in the Motion for Stay (Notice of Settlement) and to conserve judicial resources and attorney time that would be expended on the upcoming Initial Scheduling Conference, the Court grants the Defendant's Motion, without prejudice to either party requesting an earlier status hearing or lifting of the stay.

**ORDERED** that Defendant's Motion for Stay (Notice of Settlement) is **GRANTED**; and it is

**FURTHER ORDERED** that all pending deadlines in the above-captioned case are stayed until January 20, 2023; and it is

**FURTHER ORDERED** that parties shall appear for a Status Hearing on January 20, 2023 at 10:00 a.m. EST in Courtroom 519; parties may appear in-person or remotely utilizing the remote log-in instructions appended to this Order. If appearing in-person, the Court requests, but does not require, that the party email JudgeMcKennaChambers@dcsc.gov stating an intent to do so.

It is **FURTHER ORDERED** that parties shall file a dismissal praecipe or joint status report one week prior to the Status Hearing, submitting a courtesy copy to JudgeMcKennaChambers@dcsc.gov. If a settlement is finalized, and a dismissal praecipe is filed, Chambers will vacate the January 20, 2023 Status Hearing and close the case.

**IT IS SO ORDERED.**

Juliet J. McKenna
Associate Judge

**Copies to**:

**Counsel of Record via Odyssey and electronic mail.**

2

**Instructions for Remote Hearings by Telephone or Video**
**Before Judge Juliet J. McKenna**

Remote hearings by telephone or video conferences will be held in a virtual courtroom, which the parties and counsel may access in the following ways:

(1) calling 1-844-992-4726 or 202-860-2110 and entering meeting ID number 129 705 0412;
(2) going to the WebEx website at https://dccourts.webex.com/meet/ctb519 or going to https://dccourts.webex.com and entering meeting ID number 129 705 0412; or
(3) downloading the WebEx Meetings app, opening the app, select Join Meeting, and enter https://dccourts.webex.com/meet/ctb519.

The WebEx platform has video capability, which can be utilized through the website or the app. If you have trouble gaining access to the virtual courtroom, please call the judge's chambers at (202) 879-0422.

**NOTE: Counsel is <u>required</u> to appear via WebEx video and log in so that their name appears on screen, absent extenuating circumstances that make it necessary for them to appear via telephone, or unless telephonic appearance is approved by Chambers prior to the hearing. All other parties are highly encouraged, but not required, to appear via WebEx video and identify themselves by name.**

Please note the following guidelines for appearing in the virtual courtroom:

(1) When you enter the virtual courtroom (by dialing in on a phone, or signing in through the website or app), you should not attempt to speak because another hearing may be underway. You should be automatically muted by the courtroom clerk when you first arrive. If you are using the WebEx website or the app, you may check in with the courtroom clerk using the "chat" function.  If you are on a telephone, you should wait for your case to be called.
(2) At the check-in time (which is specified in the Order setting the hearing), the courtroom clerk will perform a roll call to determine which parties and counsel are present. The courtroom clerk will then call the matters that are ready.
(3) If parties or counsel "arrive" in the virtual courtroom after roll call, they should not attempt to speak because another hearing may be underway. If they are using the WebEx website or the app, they may check in with the courtroom clerk using the "chat" function. If they are calling in by telephone, they should wait for their case to be called.

If a party or counsel intends to rely on exhibits or other documents during the hearing, the party or counsel shall e-mail the exhibits to the Court at judgemckennachambers@dcsc.gov, copying all sides, no later than 5:00 p.m. the day before the hearing. The party or counsel must also file the exhibits on the docket using the Court's case management system and provide a copy of the exhibit to any witness before the hearing. The exhibits must be separately labeled so that they can be easily identified by all parties and the Court during the remote hearing.

3

Exhibit 10

eFiled
11/18/2022 6:07:42 PM
Superior Court
of the District of Columbia

## IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

LAWCO USA, PLLC,                    *
                                    *
                 **Plaintiff,**     *
                                    *
                                    *
                                    *
v.                                  *       **CASE NO.:  2022 CA 003131 B**
                                    *
**COOPER LAW FIRM, LLC,**           *
                                    *
                 **Defendant.**     *
                                    *
                                    *
*     *     *     *     *     *     *     *     *     *     *     *     *

### PLAINTIFF'S MOTION TO LIFT STAY

Plaintiff LawCo USA, PLLC, through counsel, herby moves to lift the stay granted by the Court by Order dated November 14, 2022. Good cause exists for the relief requested, for three reasons:

First, as the Court noted in Footnote 1 to its Order, counsel for Defendant did not comply with D.C. Superior Court Rule 12-1(a)(1), which requires the movant to make a good faith effort discuss the proposed motion with counsel for Plaintiff and certify to the Court that he had done so. This is the second time counsel for Plaintiff has failed to do so, despite being put on notice of his failure to do so in Plaintiff's Opposition to Defendant's Motion for Extension of Time. The Court should further be informed that counsel for Plaintiff did not receive service of Defendant's Motion for Stay, which may or may not have been a function of the Court's new e-filing platform.

Second, had Plaintiff been given that opportunity to respond, it would have opposed the request, because (and without disclosing any actual settlement discussions), it has become clear

to Plaintiff that Defendant not only takes the position that it is not in breach of the contract provision central to Plaintiff's claims, but that the entire Joint Venture Agreement itself may be legally unenforceable.  There is thus no prospect whatsoever of the parties coming to an agreed-upon consent judgement.  Moreover, given Defendant's position that the JVA may be legally unenforceable, a lifting of the stay is necessary so that Plaintiff can amend its Complaint to seek, at a minimum, a declaratory judgment that the JVA is, in fact, legally enforceable as to each and every one of its terms.

Third, and related to the second point, Plaintiff has no confidence in any further meaningful settlement discussions given that Defendant has previously instituted, and continues to press and to abuse discovery in, legally and factually baseless lawsuits against one of Plaintiff's principals and affiliates in the State of Louisiana.

**WHEREFORE**, Plaintiff respectfully requests that its Motion to Lift Stay be granted, and that Plaintiff be directed to file its Amended Complaint within twenty-one (21) days of the Court's Order.  A proposed Order is attached.

Dated: November 18, 2022          Respectfully submitted,

*/s/  Jeffrey E. McFadden*
Jeffrey E. McFadden (Bar No. 434234)
LAW OFFICES OF JEFFREY E. MCFADDEN, LLC
312 Prospect Bay Drive East
Grasonville, MD  21638
(410) 490-1163
jmcfadden@jmcfaddenlaw.com

*Counsel for Plaintiff*

**CERTIFICATION PURSUANT TO D.C. SUPERIOR COURT
CIVIL RULE 12-I(A)(1), (3)(B)**

Undersigned counsel hereby certifies that, on November 18, 2022, he contacted counsel of record for Defendants by electronic mail in a good faith effort to obtain Defendant's consent to Plaintiff's Motion to Lift Stay and that counsel for Defendant, through a Cooper Law Firm partner authorized to speak on behalf of Defendant, declined to consent to the Motion.

*/s/  Jeffrey E. McFadden*
Jeffrey E. McFadden

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of this Motion to Lift Stay was served on counsel for Defendant through the court's Odyssey File and Serve system.

*/s/  Jeffrey E. McFadden*
Jeffrey E. McFadden

3

**IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | | |
|---|---|---|
| **LAWCO USA, PLLC,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| | * | |
| | * | |
| **v.** | * | **CASE NO.:  2022 CA 003131 B** |
| | * | |
| **COOPER LAW FIRM, LLC,** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**[PROPOSED] ORDER ON PLAINTIFF'S MOTION TO LIFT STAY**

Before the Court is Plaintiff's Motion to Lift Stay.  Having considered Plaintiff's Motion, any opposition thereto, and any reply in support, it is hereby

**ORDERED**, that Plaintiff's Motion to Lift Stay is **GRANTED**, and it is further

**ORDERED**, that Plaintiff shall file its Amended Complaint within twenty-one (21) days of the date of this Order**.**

**SO ORDERED.**

_____
Juliet J. McKenna
Superior Court Judge

Dated:

Copies via Odyssey File and Serve to all counsel of record

Exhibit 11

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | |
|---|---|
| **LAWCO USA, PLLC,** | |
| **Plaintiff,** | **Case No. 2022 CA 003131 B** |
| **v.** | **Judge Juliet J. McKenna** |
| **COOPER LAW FIRM, LLC,** | **Next Event: Initial Scheduling Conference,** |
| **Defendant.** | **January 20, 2023 at 10:00 a.m.** |

## <u>ORDER</u>

Pending before the Court is Plaintiff LawCo USA, PLLC's (hereinafter "Plaintiff") Motion to Lift Stay, filed on November 18, 2022. Defendant Cooper Law Firm, LLC (hereinafter "Defendant") did not file an opposition or other response to the Plaintiff's Motion. For the reasons stated below, the Plaintiff's Motion is **GRANTED** and the stay entered on November 14, 2022 is **LIFTED**.

On November 4, 2022, Defendant filed a pleading entitled "Motion for Stay (Notice of Settlement)." In support of the Motion, Defendant stated that "the parties reached the terms of a settlement agreement on October 5th 2022 . . . however, the exact terms mutually negotiated between counsel for the parties . . . have not been incorporated into the *Consent Judgment* drafted and circulated by counsel for Plaintiff . . . on November 1st, 2022." Mot. for Stay at 1.

Given the representations contained in the Defendant's Motion to Stay, and in an effort to conserve judicial resources and attorney time that would be expended on the November 18, 2022 Initial Scheduling Conference, the Court granted the Defendant's Motion to Stay, without prejudice to either party requesting an earlier date for a Status Hearing or lifting of the stay. *See* Order, Nov. 14, 2022 at p. 1, n, 1.

1

Plaintiff's Motion to Lift Stay argues that the stay should be lifted because the Defendant failed to obtain Plaintiff's consent regarding Defendant's requested relief, in violation of D.C. Superior Court Rule 12-I(a)(1). Mot. to Lift Stay at 1. Plaintiff also notes that had it been given the opportunity to respond to Defendant's Motion for Stay, it would have denied consent, because "it has become clear to Plaintiff that . . . [t]here is no prospect whatsoever of the parties coming to an agreed-upon consent judgement [sic]" and "Plaintiff has no confidence in any further meaningful settlement discussions[.]" *Id.* at 1-2.

Defendant did not file a response or opposition to Plaintiff's Motion to Lift Stay. D.C. Superior Court Rule 12-I(e) allows the Court to treat unopposed motions as conceded. D.C. Super. Ct. R. Civ. P. 12-I(e).

Given the representations contained in the Plaintiff's Motion to Lift Stay, the Court finds good cause to grant the Plaintiff's Motion, lift the stay, and convert the January 20, 2023 Status Hearing to an Initial Scheduling Conference.

Whereby, it is this 5th day of December, 2022, hereby

**ORDERED** that Plaintiff's Motion to Lift Stay is **GRANTED**; and it is

**FURTHER ORDERED** that the stay, effective November 14, 2022, is hereby **LIFTED**; and it is

**FURTHER ORDERED** that the Status Hearing scheduled for January 20, 2023 at 10:00 a.m. in Courtroom 519 is **CONVERTED** to an Initial Scheduling Conference on January 20, 2023 at 10:00 a.m. in Courtroom 519. Parties may appear in-person or remotely utilizing the WebEx log-in instructions appended to this Order.  If appearing in-person, the Court requests, but does not require, that the parties email JudgeMcKennaChambers@dcsc.gov, stating an intent to do so. It is

2

**FURTHER ORDERED** that Plaintiff shall file its Amended Complaint on or before December 27, 2022; and it is

**FURTHER ORDERED** that as of the date of this Order, if a party fails to include a Rule 12-I Certificate to any motion, that motion shall be summarily denied without review by this Court.

**IT IS SO ORDERED.**

_____
Juliet J. McKenna
Associate Judge

**Copies to**:

**Counsel of Record via Odyssey and electronic mail.**

3

**Instructions for Remote Hearings by Telephone or Video**
**Before Judge Juliet J. McKenna**

Remote hearings by telephone or video conferences will be held in a virtual courtroom, which the parties and counsel may access in the following ways:

(1) calling 1-844-992-4726 or 202-860-2110 and entering meeting ID number 129 705 0412;

(2) going to the WebEx website at https://dccourts.webex.com/meet/ctb519 or going to https://dccourts.webex.com and entering meeting ID number 129 705 0412; or

(3) downloading the WebEx Meetings app, opening the app, select Join Meeting, and enter https://dccourts.webex.com/meet/ctb519.

The WebEx platform has video capability, which can be utilized through the website or the app. If you have trouble gaining access to the virtual courtroom, please call the judge's chambers at (202) 879-0422.

**NOTE: Counsel is required to appear via WebEx video and log in so that their name appears on screen, absent extenuating circumstances that make it necessary for them to appear via telephone, or unless telephonic appearance is approved by Chambers prior to the hearing. All other parties are highly encouraged, but not required, to appear via WebEx video and identify themselves by name.**

Please note the following guidelines for appearing in the virtual courtroom:

(1) When you enter the virtual courtroom (by dialing in on a phone, or signing in through the website or app), you should not attempt to speak because another hearing may be underway. You should be automatically muted by the courtroom clerk when you first arrive. If you are using the WebEx website or the app, you may check in with the courtroom clerk using the "chat" function.  If you are on a telephone, you should wait for your case to be called.

(2) At the check-in time (which is specified in the Order setting the hearing), the courtroom clerk will perform a roll call to determine which parties and counsel are present. The courtroom clerk will then call the matters that are ready.

(3) If parties or counsel "arrive" in the virtual courtroom after roll call, they should not attempt to speak because another hearing may be underway. If they are using the WebEx website or the app, they may check in with the courtroom clerk using the "chat" function. If they are calling in by telephone, they should wait for their case to be called.

If a party or counsel intends to rely on exhibits or other documents during the hearing, the party or counsel shall e-mail the exhibits to the Court at judgemckennachambers@dcsc.gov, copying all sides, no later than 5:00 p.m. the day before the hearing. The party or counsel must also file the exhibits on the docket using the Court filing system and provide a copy of the exhibit to any witness before the hearing. The exhibits must be separately labeled so that they can be easily identified by all parties and the Court during the remote hearing.

4

Exhibit 12

**Case Caption:**   LAWCO USA, PLLC   Vs.  COOPER LAW FIRM, LLC

**To:**   Cooper Law Firm, LLC                    **Case Number:**    2022-CA-003131-B

### NOTICE OF IN PERSON STATUS HEARING

Your case is scheduled for a(n) Status Hearing on 01/20/2023 at 10:00 AM

   Courtroom Number: Courtroom 519

   Courtroom Address: 500 Indiana Ave NW, Washington DC 20001


For questions, please contact the Civil Actions Branch Clerk's Office at 202-879-1133.

To change your method of hearing participation, visit www.dccourts.gov/services/remote-hearing-information for instructions and forms.



Superior Court of the District of Columbia
Civil Division - Civil Actions Branch
500 Indiana Ave NW, Room 5000, Washington DC 20001
202-879-1133 | www.dccourts.gov

First Class Mail
U. S. Postage Paid
Washington, D.C.
Permit No. 1726

Cooper Law Firm, LLC
1525 Religious Street
NEW ORLEANS LA  70130

You are named in a lawsuit filed in the Superior Court of the District of Columbia. If you cannot appear at the hearing, please contact the Clerk's Office immediately for more information. If Plaintiff does not participate, the case may be dismissed. If Defendant does not participate, default or judgment may be entered.

For case information, please contact the Civil Actions Branch Clerk's Office by phone at 202-879-1133 or by live chat at https://www.dccourts.gov/services/civil-matters/requesting-over-10k.

To access your case information online, please visit www.dccourts.gov/services/cases-online.

Exhibit 13

**IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | | |
|---|---|---|
| **LAWCO USA, PLLC** | * | |
| **1140 Third Street NW** | * | |
| **Washington, DC, 20002,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| | * | |
| | * | |
| **v.** | * | **CASE NO.:  2022 CA 003131 B** |
| | * | |
| **COOPER LAW FIRM, LLC** | * | |
| **1525 Religious Street** | * | |
| **New Orleans, LA 70130,** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |
| | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## AMENDED COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF, AND SPECIFIC PERFORMANCE

COMES NOW, Plaintiff LawCo USA, PLLC, by and through undersigned counsel and files the following Amended Complaint for declaratory relief, injunctive relief, and specific performance.  Since the filing of Plaintiff's original Complaint, Defendant Cooper Law Firm, LLC has communicated to Plaintiff its intention to flout its contractual obligations pursuant to a Joint Venture Agreement ("Agreement") between Plaintiff and Defendant with an effective date of August 1, 2018 by concocting a purported ethical preclusion to Defendant's continued performance under the Agreement, an ethical dilemma that is nothing more than an illusory sham and the product of Defendant's usurpation of obligations under the Agreement expressly and solely committed to Plaintiff.  Worse still, Defendant has now invoked this ethical contrivance wrongfully to withhold settlement proceeds due and owing to both Plaintiff and its Local Counsel.

Defendant's ultimate goal by way of this subterfuge is to deem the Agreement null and void, to exercise exclusive control over the clients served by the Agreement, to tortiously interfere with the contractual relationships between Plaintiff and its Local Counsel, and to retain for its sole benefit settlement proceeds rightfully belonging to Plaintiff and its Local Counsel, obviating any need for the joint bank account that was the focus of Plaintiff's original Complaint.

In view of Defendant's flagrant, bad faith violations of the Agreement, and by way of this Amended Complaint, Plaintiff seeks the following relief:  1) a declaration that each and every material provision of the Agreement is valid, binding, and enforceable against Defendant and that Defendant's supposed ethical dilemma has no basis in law or in fact, 2) a declaration that Defendant's collection and exercise of control over the approval of settlements and the settlement proceeds received under the Agreement constitutes a material breach of Sections 3.1(h) and 3.2(e) of the Agreement, 3) a declaration that Defendant's refusal to open a joint bank account constitutes a material breach of Section 6.4 of the Agreement, 4) a preliminary and permanent injunction enjoining Defendant from any further violations of Sections 3.1(h) and 3.2(e) of the Agreement and directing Defendant immediately to release to Plaintiff and its Local Counsel the settlement proceeds it has wrongfully held hostage, 5) a preliminary and permanent injunction ordering Defendant to cooperate with Plaintiff in the establishment of a joint bank account as required under Section 6.4 of the Agreement, and 6) specific performance as to each and every material provision of the Agreement.

## **PARTIES**

1.      Plaintiff LawCO, USA, LLC is a District of Columbia limited liability company.

2.      Cooper Law Firm, LLC is a Louisiana limited liability company.

## JURISDICTION

3.      This Court has jurisdiction of this matter under D.C. Code § 11-921, which provides

that the Superior Court of the District of Columbia may adjudicate any civil action at law or in

equity brought in the District of Columbia.  In addition, Section 10.5 of the Agreement provides

that any claim relating to the Agreement or the breach thereof shall be brought in this District and

shall be controlled by District of Columbia law.

4.      This Court has personal jurisdiction over Defendant pursuant to D.C. Code § 13-

423, which allows a District of Columbia court to exercise personal jurisdiction over any person

who transacts any business in the District of Columbia either directly or through an agent.

## FACTS

5.      On August 1, 2018, Plaintiff and Defendant entered into an agreement to partner to

provide legal representation in connection with the side effects from the implantation of hernia

mesh products and to represent potential claimants in lawsuits against the manufacturers,

distributors, and sales representatives who promote and implant hernia mesh implants (the

"Agreement"). A copy of the Agreement is attached as Exhibit A.

6.      Pursuant to the terms and conditions of the Agreement, Plaintiff is responsible for

supervising and managing advertising for hernia mesh implant cases, managing operations of the

call center handling incoming potential clients from any advertisements, managing client intake

and initial screening, and client management. Exhibit A, Section 3.1.

7.      Of particular note, Section 3.1(h) of the Agreement provides as follows:

> LawCo will be responsible for obtaining all necessary client approvals,
> authorizations and signatures on all settlement documents.  LawCo or its
> Local Counsel will manage all client sign off on final paperwork and
> distribution of funds.

8.      Pursuant to the terms and conditions of the Agreement, Defendant is required to defend all depositions, review and confirm completeness of paperwork, and conduct settlement negotiations. Exhibit A, Section 3.2.

9.      Of particular note, however, Section 3.2(e) provides as follows:

> CLF will handle all settlement negotiations.  However, any settlement must be approved by LawCo.

10.      The express purpose of Sections 3.1(h) and 3.2(e) cannot be understated and relates directly to the unique benefit Plaintiff, and particularly its Local Counsel, provide to hernia mesh victims:  an ultimate, objective assessment as to whether a settlement potentially involving tens or hundreds of victims, negotiated by Defendant whose fees would be based on the totality of that settlement, is fair to the individual victim.  This is the essential *quid pro quo* the joint venture relationship established under the Agreement:  Defendant has access to a client base and a local counsel network to which it otherwise never would have had access, and Plaintiff provides the necessary oversight and control to ensure that each one of the prospective and actual clients is treated fairly.

11.      Section 6.4 of the Agreement provides as follows:

> In addition to the account designated in Section 3.2 CLF and LawCo shall establish a bank account in the joint name of CLF and LawCo (the "joint Account"). The Joint Account shall be used exclusively for the Hernia Mesh Implant cases, and no other monies shall be comingled with the Joint Account. All fees and cost reimbursements received from the Hernia Mesh Implant cases under this Agreement will be paid into the Joint Account. CLF and LawCo shall jointly control the Joint Account. All disbursement from such bank account shall be subject to the approval of both CLF and LawCO. Upon receipt of any fees or cost reimbursements, the Participants will, within fifteen (15) days of such receipt, jointly prepare a settlement statement and disburse all such receipts as set forth herein.

*See* Exhibit A.

12.     In December 2021, Plaintiff began efforts to establish the joint bank account, and Defendant acknowledged the requirement for same pursuant to the Agreement.  A copy of these communications is attached as Exhibit B.  Defendant further agreed to establish the joint bank account and proposed a dual signature account be opened at Hancock Whitney.  Id.

13.     On March 30, 2022, Plaintiff continued efforts to establish the joint bank account and sent correspondence to Defendant advising that it had sent an initial check for $100 to open the account. A copy of these communications is attached as Exhibit C.  That same day, Defendant requested that Hancock Whitney begin the process of establishing the joint account owned by both parties.  Id.

14.     After months of email exchanges and document production, seemingly only targeted at Plaintiff, Plaintiff became aware of security concerns and privacy breaches that rendered it impossible to engage Hancock Whitney as the financial institution to house the joint bank account.  Thus, on May 19, 2022, Plaintiff advised Hancock Whitney it would need to employ a separate financial institution.  A copy of this communication is attached as Exhibit D.

15.     On May 26, 2022, Plaintiff again attempted to establish the joint account, proposing a trusted financial institution, Truist Bank, which had been vetted by Plaintiff.   A copy of these communications is attached as Exhibit E.

16.     On May 31, 2022, Defendant made clear its intent to breach the Agreement, indicating that it would return the $100 check provided by Plaintiff and advising that it would no longer agree to open a joint account.  A copy of these communications is attached as Exhibit F. Defendant further requested that Plaintiff suggest reasons for it to reconsider its breach.  Id. Defendant expressed that despite the clear and unambiguous terms of the Agreement, it did not see a reason to establish the joint account.

17.     Defendant's blatant refusal to assist in establishing the joint bank account was a material breach to the Agreement.  Plaintiff thus determined to file suit in this District to enforce its rights under the Agreement as to the bank account.

18.     On November 4, 2022, Defendant filed a Motion for Stay (Notice of Settlement).  In support of that Motion, Defendant claimed that "the parties reached the terms of a settlement agreement on October 5th, 2022 . . . however, the exact terms mutually negotiated between counsel for the parties . . . have not been incorporated into the *Consent Judgment* drafted and circulated by counsel for Plaintiff . . . on November 1st, 2022."

19.     As alluded to in the Motion to Lift Stay Plaintiff subsequently filed on November 18, 2022, Defendant's assertions concerning the near-consummation of a consent judgment were, at best, misleading, because in discussions between undersigned counsel and Defendant's managing partner, Celeste Brustowicz, discussions that took place before Defendant filed its Motion for Stay, Brustowicz had questioned whether, as a matter of her ethical responsibilities under Louisiana law, the Agreement was enforceable at all given that LawCo's owner was a non-lawyer.  She further stated her intention to obtain a formal opinion from the Louisiana bar on the matter.

20.     On December 9, 2022, Brustowicz sent an e-mail to Plaintiff and its in-house and outside counsel informing them of the receipt of settlement proceeds for two clients in the hernia mesh litigation and of her intent to distribute the proceeds as set forth in the Agreement.  A copy of this e-mail is attached as Exhibit G.

21.     Three days later, on December 12, 2022, Brustowicz sent Plaintiff and its in-house and outside counsel another e-mail announcing that Brustowicz was "retracting" her e-mail of December 9, 2022 because Defendant had now received "the Ethics Opinion I discussed with you on prior occasions."  Brustowicz represented, without any reference to the predicate facts or context, that, pursuant to the "Opinion," Defendant was precluded from sharing legal fees with an entity

owned by a non-lawyer and that Defendant intended to hold the legal fees due and owing to Plaintiff and its Local Counsel in escrow until Plaintiff certified that it was not owned by a non-lawyer.  A copy of this e-mail is attached as Exhibit H.

22.    When counsel for Plaintiff asked Brustowicz to provide a copy of the entire ethics opinion itself, Brustowicz responded that she could not because the opinion was protected by the attorney/client privilege, a classic example of misusing the privilege as both a sword and a shield.

23.    The purported "Opinion" is an illusory sham and was obtained in bad faith for at least the following reasons:

a.    Plaintiff, Defendant, and Defendant's predecessors-in-interest have been parties to multiple fee-sharing agreements for three decades.  Among these agreements are joint prosecution agreements for litigation concerning exposure to radiation and infant exposure to opioids.  At no point over the course of any of these fee-sharing arrangements did Defendant or its predecessors-in-interest ever question its lawyers' ethical obligations regarding fee-sharing with a District of Columbia-based law firm owned by a non-lawyer.

b.    The Agreement is governed by District of Columbia law (Agreement, Section 10.5), which allows fee-sharing between a law firm and a D.C.-based law firm owned by a non-lawyer.

c.    Any such ethical dilemma, however illusory, is of Defendant's own making because it is the product of Defendant's usurpation of Plaintiff's sole and exclusive right under Section 3.1(h) of the Agreement to collect settlement proceeds and to distribute them to Defendant and its Local Counsel.  Had Plaintiff been able to collect the settlement proceeds identified in Brustowicz's e-mails of December 9 and 12, it would have distributed Defendant's share of the proceeds to Defendant, evaporating any "ethical dilemma" dreamed up by Defendants.

d.      Directly related to point c. above, in an e-mail exchange between an attorney employed by Defendant and Plaintiff's counsel in late September and early October 2021, Defendant sought to enforce the very same provision of the Agreement – Section 3.1(h) – against Plaintiff, asserting that, pursuant to its obligations under that provision, Plaintiff had to open estates of deceased clients.  A copy of these e-mail exchanges is attached as Exhibit I.  That Defendant has now both usurped Plaintiff's sole and exclusive rights and obligations pursuant to a provision it previously sought to enforce against Plaintiff, and now claims that is unforceable, is sheer hypocrisy and compelling evidence of Defendant's bad faith.

24.      To the extent Defendant is seeking to benefit from an unethical agreement that allegedly cannot be enforced against it, it follows that Defendant fraudulently induced LawCo to enter into the Agreement, because Defendant and its members are charged with knowing and obeying applicable ethics rules.  Moreover, its members would be individually liable for repeatedly violating those rules over a three-decade course of dealing with Plaintiff.

25.      In furtherance of the wrongful actions and intentions set forth above, Brustowicz is seeking, from Plaintiff, the contact information for Plaintiff's Local Counsel.  Plaintiff is concerned that Defendant intends to reach out directly to these Local Counsel and to advise them that the Agreement is null and void, that LawCo is not in a position to distribute the Local Counsel's share of hernia mesh settlement proceeds, and that Defendant intends to take over the hernia mesh litigation to the exclusion of Plaintiff going forward, all of which would constitute a breach of the Agreement and tortious interference of the contractual relationships between Plaintiff and its Local Counsel; all of which would eviscerate the client protections discussed in Paragraphs 7 through 10 above to the substantial detriment of, and irreparable harm to, the clients; and all of which would expose Defendant to potential legal malpractice claims by the clients.

## COUNT I
## DECLARATORY JUDGMENT
### Breach of Contract

26.     Plaintiff realleges each and every allegation in paragraphs 1-25 above as if fully set forth herein.

27.     Section 6.4 is a material term of a binding, enforceable contract between Plaintiff and Defendant.

28.     Defendant's refusal to cooperate with Plaintiff in opening the joint bank account constitutes a material breach of the Agreement.

29.     Sections 3.1(h) and 3.2(e) are material terms of a binding, enforceable contract between Plaintiff and Defendant.

30.     Defendant's usurpation of Plaintiff's exclusive rights and obligations approve all settlements and to collect and distribute settlement proceeds constitutes a material breach of Sections 3.1(h) and 3.2(e).

31.     Defendant's contrived "Ethics Opinion" has no basis in law or in fact, and Defendant's efforts to invoke any such "Opinion" in an effort to nullify its obligations under the Agreement constitutes an anticipatory breach of the entire Agreement.

32.     The Agreement contains an implied covenant of good faith and fair dealing. Defendant's actions, as set forth in Paragraphs 16 through 25 above, constitute a breach of the covenant of good faith and fair dealing.  Such bad faith is further evidence by the continued prosecution by Defendant of frivolous litigation in other jurisdictions against Plaintiff and its principal.

33.     As a result, Plaintiff seeks a declaratory judgment finding that a) the Agreement is valid, binding, and enforceable as to Defendant and b) Defendant is in material breach of the Agreement and its implied covenant of good faith and fair dealing.

## COUNT II
## INJUNCTIVE RELIEF

34.     Plaintiff realleges each and every allegation in paragraphs 1-33 above as if fully set forth herein.

35.     Defendant's breach of Section 6.4 of the Agreement will cause irreparable harm to Plaintiff.  The whole purpose of setting up a joint account is to ensure that any and all proceeds related to the litigation remain under the ***joint control*** of both Plaintiff and Defendant.  Plaintiff's loss of such control has no adequate remedy at law because such loss will strip Plaintiff of its ability to maintain a continuous accounting of such funds and to ensure that the funds are correctly allocated to the appropriate party(ies).

Moreover, Section 6.4 was intentionally included to prevent a prior course of conduct in earlier contractual relations between Plaintiff and Defendant from re-occurring.  In those previous contracts, Stuart Smith, Defendant's representative and of counsel to Defendant's firm, who signed the Agreement on behalf of Defendant, exercised exclusive control over the funds at issue to gain negotiating and financial advantages over Plaintiff.  That Defendant has instituted frivolous litigation against Plaintiff and its principal in another jurisdiction only serves to underscore the vital importance and materiality of the joint bank account provision.

36.     Because Defendant's breach of Section 6.4 of the Agreement causes such harm, any action by Defendant to set up its own, unilateral bank account and to deposit funds related to that litigation into that account must be enjoined.

37.     Defendant's breaches of Sections 3.1(h) and 3.2(e) of the Agreement will cause irreparable harm to Plaintiff.  By usurping Plaintiff's exclusive obligation and right to approve all settlements and to collect and distribute settlement proceeds in the hernia mesh litigation, Defendant has manufactured an illusory "ethical conflict" of its own making and is using that contrivance as justification for eviscerating the client protections built into the Agreement and wrongfully withholding settlement proceeds due and owing to Plaintiff and its Local Counsel.

38.     Plaintiff therefore seeks an order enjoining Defendant from any further usurpation of Plaintiff's rights under Sections 3.1(h) and 3.2(e) of the Agreement and directing Defendant immediately to cease approving the very settlements it negotiated and to distribute the settlement proceeds due and owing to Plaintiff and its Local Counsel that are the subject of Brustowicz's December 9 and 12 e-mails.

39.     Brustowicz has requested the Local Counsel's contact information.  Plaintiff believes that Brustowicz and Defendant will contact Local Counsel to advise them that the Agreement is null and void, that LawCo is not in a position to distribute the Local Counsel's share of hernia mesh settlement proceeds, and that Defendant intends to take over the hernia mesh litigation to the exclusion of Plaintiff going forward, all of which would constitute tortious interference of the contractual relationships between Plaintiff and its Local Counsel.  Any such actions would cause irreparable harm to Plaintiff, its Local Counsel, and, most important, the clients.

40.     Plaintiff therefore seeks an order enjoining Defendant from taking any of the actions set forth in Paragraph 39 above.

## COUNT III
## SPECIFIC PERFORMANCE

39.     Plaintiff realleges each and every allegation in paragraphs 1-40 above as if fully set forth herein.

40.     For all of the reasons set forth in paragraphs 34 through 42 above, no adequate remedy at law exists, warranting an order of specific performance from the Court directing Defendant to cooperate with Plaintiff in the establishment of the joint bank account required by Section 6.4 of the Agreement and to cede the approval of settlements and the collection and distribution of settlement proceeds to Plaintiff as required under Sections 3.1(h) and 3.2(e) of the Agreement.

WHEREFORE, Plaintiff LawCO USA, PLLC asks for the following relief:

a.      Issue a declaratory judgment finding that each and every material provision of the Agreement is valid, binding, and enforceable against Defendant and that Defendant is in material breach of Sections 3.1(h), 3.2(e), and 6.4 of the Agreement as well as the Agreement's implied covenant of good faith and fair dealing.

b.      Enjoin Defendant from i) unilaterally opening its own bank account and depositing any proceeds related to the litigation into that account, ii) usurping Plaintiff's exclusive rights and obligations under Sections 3.1(h) and 3.2(e) of the Agreement, iii) communicating with Plaintiff's Local Counsel in any manner suggesting that the Agreement is null and void or that LawCo no longer has any rights in, or participation under, the Agreement.

c.      Order Defendant immediately to distribute the settlement proceeds due and owing to Plaintiff, its Local Counsel, and the clients that are the subject of Brustowicz's December 9 and 12 e-mails.

      d.     Order specific performance under Sections 3.1(h), 3.2(e), and 6.4 of the Agreement and direct Defendant to cooperate with Plaintiff in the execution of the requirements of both Sections, as well as the entire Agreement.

      e.     Award Plaintiff its attorneys' fees and costs pursuant to Section 10.5 of the Agreement.

      f.     Grant such other or further relief as the Court deems proper.

Dated: December 23, 2022        Respectfully submitted,

_____
Jeffrey E. McFadden (Bar No. 434234)
LAW OFFICES OF JEFFREY E. MCFADDEN, LLC
312 Prospect Bay Drive East
Grasonville, MD  21638
(410) 490-1163
jmcfadden@jmcfaddenlaw.com

*Counsel for Plaintiff*

13

**EXHIBIT A**

### JOINT VENTURE AGREEEMENT

This Joint Venture Agreement (hereafter, "Agreement") is made effective the ____ day of August 2018 by and between The Cooper Law Firm, L.L.C. (hereafter, "CLF"), a Louisiana limited liability company, and LawCo USA, PLLC (hereafter, "LawCo"), a District of Columbia professional limited liability company.

### RECITALS

**WHEREAS**, numerous companies manufacture and supply hernia mesh products (the "Products" or "Hernia Mesh Implants") used to repair numerous hernia related problems in both men and women which have a high degree of failure requiring further surgery to either repair or replace the implanted products and correct damages to the surrounding tissue and organs as well as causing additional side effects and injuries relating to the implants;

**WHEREAS**, CLF and LawCo desire to work together to offer legal representation in connection with any side effects members of the public may suffer from the implant of the Products and to represent potential claimants in lawsuits against the manufacturers, distributors, and sales representatives who promote and implant the Hernia Mesh Implants; and

**WHEREAS**, it is agreed that the most desirable form of business for conducting the operation is a joint venture (the "Joint Venture").

**NOW THEREFORE**, for the reasons cited below, and in consideration of the mutual covenants contained in the Agreement, the Participants agree as follows:

### Article 1
### General

1.1     Effective Date.  The effective date of this Agreement is August 1, 2018 (the "Effective Date") and the parties recognize that advertising and case evaluation for these injuries has already commenced in connection with advertising for Hernia Mesh Implants.

1.2     Purpose.  The purpose of the Joint Venture is to procure and represent clients in hernia mesh product injury.

1.3     Participants; Participant Attorneys.

    (a)     Participants.  The Participants in the Joint Venture are CLF and LawCo.

    (b)     Participant Attorneys.  Each Participant acknowledges and agrees that the other Participant is a limited liability company, or a professional limited liability company comprised of attorneys (the "Attorneys").  Each Participant agrees to provide within ten (10) days of the Effective Date to the other Participant a list of all its Attorneys and all professional details about such Attorneys, and to update such information promptly as needed (but not less often than quarterly).

(c)     The principal of LawCo is James C.A. Crosland, Esq. The principal of CLF is
        Stuart H. Smith, L.L.C. (collectively, the "Principal Participant Attorney(s)").
        Each Participant will immediately notify the other Participant of any change in its
        Principal Participant Attorneys.

1.4     <u>Term</u>.  The Joint Venture will continue from the Effective Date, through the conclusion
        of all legal matters filed in connection with Hernia Mesh cases as set forth herein.

<div align="center">

**Article 2**
**Conduct of Venture**

</div>

The Participants shall jointly manage the Joint Venture through a designee.  CLF's initial
designee is Stuart H. Smith.  LawCo's initial designee is James C.A. Crosland.   Each
Participant's designee may be changed upon written notification to the other Participant.

<div align="center">

**Article 3**
**Duties of Participants**

</div>

3.1     <u>Duties of LawCo</u>.

(a)     LawCo and its "Local Counsel" (as hereinafter defined) will air the advertising
        for Hernia Mesh Implant cases, which advertisements shall comply with the Rules
        of Professional Conduct of each jurisdiction in which the advertisements run.
        LawCo and its Local Counsel shall be responsible for all costs associated with the
        advertisements.

(b)     LawCo will be responsible for the information and operations of a call center to
        handle incoming potential clients from any advertisements.  An initial fact sheet
        will be generated by the call center containing the necessary required information
        (as established by CLF and LawCo) to initially evaluate the claim.  CLF will pay
        for all LawCo's out of pocket costs for the call center.  The costs for the shall be
        deemed a Joint Venture cost and shall be paid by CLF within twenty-five (25)
        days of presentment of said costs.  LawCo shall provide to CLF all supporting
        documentation for such costs.  Any disputes to the validity of costs shall be
        reserved until the culmination of this litigation and shall be resolved prior to the
        distribution of any Joint Venture fees or cost disbursements.

(c)     LawCo will screen initial client contact information.  If a potential client satisfies
        the screening criteria, LawCo and its Local Counsel will mail the appropriate
        medical authorizations, fact sheets and attorney contingency fee contracts to
        potential clients.  The fee contract shall be subject to applicable State rules and
        guidelines and call for a thirty-three and a third (33 1/3%) attorney fee plus
        reasonable costs in New York and a forty-five percent (45%) attorney fee plus
        reasonable costs in other States, unless local rules require a lower fee percentage.
        The fee contract shall name LawCo as principal counsel with CLF and Local

<div align="center">2</div>

Counsel as co-counsel. LawCo, Local Counsel, and CLF will be the signatories to the fee agreement with the client and LawCo will execute a co-counsel agreement with Local Counsel for the benefit of CLF. Thereafter, CLF and LawCo jointly represent said client.

(d)     LawCo and its Local Counsel will be responsible for making sure that the potential clients complete the questionnaires, including, but not limited to, re-mailing incomplete packets, contacting the clients for additional information, meeting with the clients, and anything else necessary to obtain full and complete information enough for the parties to evaluate the claims. The costs for the (the "Case Evaluation Costs") shall be deemed a Joint Venture cost and shall be paid by CLF within twenty-five (25) days of presentment of said costs. For purposes hereof, Case Evaluation Costs shall be only actual out of pocket costs for copying (at rates to be determined by agreement of the parties), mail, and travel reimbursement. All Case Evaluation Costs shall be accounted for by individual case. At the request of CLF, LawCo will provide all backup documentation for Case Evaluation Costs. Any Case Evaluation Costs recovered from a client shall be paid as reimbursement to CLF. Any disputes to the validity of costs shall be resolved prior to the distribution of any Joint Venture fees or cost disbursements.

(e)     If a client is eventually not accepted, the disassociation letter shall be written by LawCo, naming all of the participating attorneys. LawCo is responsible for providing copies to all participating attorneys.

(f)     LawCo and Local Counsel, after obtaining all information to complete fact sheets from potential clients, will order preliminary medical records as identified by CLF. The cost of the medical records plus any postage or related retrieval fees charged by third-party providers will be paid by CLF within twenty-five (25) days of submission of said costs, and will be reimbursed to CLF by the Joint Venture from funds collected by the Joint Venture before distribution of any attorney fees, unless payment thereof is ordered by any Court or assumed by the client in any fee agreement. CLF shall be responsible for ordering any subsequent medical records deemed necessary to further prosecute the case. CLF shall establish an account with MediConnect or similar service, with LawCo as an authorized user. CLF shall keep said account current. The method of ordering these records, whether through MediConnect, or a similar records recovery source, as well as the cost structure of said recoveries, shall be pre-approved by CLF. Any disputes relative to the accuracy or necessity of such billing shall be reserved until the completion of this litigation and shall be resolved prior to any distribution of fees or costs. Any dispute of any of the costs heretofore mentioned, whether it is as to accuracy, necessity, or extent, shall not in any way interfere with the necessity of continued paying of other costs.

(g)     CLF will defend depositions of all clients after consultation with LawCo and its Local Counsel. The costs for defending said depositions ("Deposition Costs") shall be reimbursed by the Joint Venture from funds collected by the Joint

Venture before distribution of any attorney fees, unless payment thereof is ordered by any Court or assumed by the client in any fee agreement. "Deposition Costs" shall also include the cost of the transcript for any such deposition. All Deposition Costs shall be accounted for by individual case. At the request of LawCo or its Local Counsel, CLF will provide all backup documentation for Deposition Costs. Any disputes to the validity of costs shall be reserved until the culmination of this litigation and shall be resolved prior to the distribution of any Joint Venture fees or cost disbursements.

(h)   LawCo will be responsible for obtaining all necessary client approvals, authorizations and signatures on all settlement documents. LawCo or its Local Counsel will manage all client sign off on final paperwork and distribution of funds.

3.2   <u>Duties of CLF</u>.

(a)   CLF shall review paperwork received from potential clients for completeness and shall further screen potential clients. Those clients deemed to be acceptable shall be jointly decided upon by CLF and LawCo. CLF will identify to LawCo the deficiencies in potential clients' fact sheets, if any, and the medical records necessary to evaluate the case. CLF shall be responsible for ordering all medical records after the initial medical records ordered by LawCo.

(b)   If treating physicians and/or experts are deposed, CLF will represent the clients at the depositions.

(c)   CLF, at its option and at its expense, after reasonable notice to LawCo, may retain a third-party lien adjuster to handle any healthcare or other liens filed against a client. Such costs ("Lien Adjustment Costs") will be a Case Cost and will be defined as such in all client contracts. CLF will be entitled to reimbursement of all Case Costs received from a client. CLF will resolve any healthcare or other liens filed against clients who are represented in Hernia Mesh Implant cases by the Participants.

(d)   CLF will pay all Case Evaluation Costs and Deposition Costs with respect to the Hernia Mesh Implant Cases within twenty-five (25) days of receipt. CLF will be reimbursed for such costs by the Joint Venture from funds collected by the Joint Venture before distribution of any attorney fees, unless payment thereof is ordered by any Court or assumed by the client in any fee agreement. Any disputes relative to the accuracy or necessity of such billing shall be reserved until the completion of this litigation and shall be resolved prior to any distribution of fees or costs. Any dispute of any of the costs heretofore mentioned, whether it be as to accuracy, necessity, or extent, shall not in any way interfere with the necessity of continued payment of other costs.

(e)      CLF will handle all settlement negotiations. However, any settlement must be approved by LawCo.

(f)      To ensure that there will be no delays in payment of costs, CLF agrees to deposit the sum of $10,000 into an interest-bearing account from which only LawCo can draw from to pay such costs. After the call center closes, all amounts in the interest-bearing account more than $5,000 will be immediately refunded to CLF. However, CLF may elect to pay the Case Evaluation Costs and Deposition Costs set forth above by issuing a check to LawCo for reimbursement within the twenty-five (25) days of presentation of a bill or LawCo can draw down from the sum deposited and shall give CLF written notice thereof, in which case, the funds must be replenished within fifteen (15) days of the written notice. At the termination of the Joint Venture, all amounts in the account shall be paid to CLF.

3.3      Duties of the Participants.

(a)      The CLF name shall not be used in advertising. CLF will not represent any potential client until CLF has had an opportunity to review the medical records for valid claims and agrees to represent the potential client.

(b)      LawCo, with CLF as co-counsel, will be identified as counsel of record when any Hernia Mesh Implant cases are filed either through a complaint or tolling agreement. All pleadings shall be prepared by CLF and shall be reviewed by LawCo prior to filing.

(c)      If any Hernia Mesh Implant case goes to trial, CLF and LawCo will serve as co-counsel at trial.

3.4      Professional Requirements and Responsibilities. Each Participant agrees that it will and will cause its Participant Attorneys or Local Counsel to, perform all services and exercise all other rights and responsibilities under or in connection with this Agreement, in accordance with applicable law and ethical rules and guidelines governing the practice of law (collectively, "Professional Requirements"). Each Participant's obligation under this Section 3.4 will supersede all other obligations between or among the Joint Venture, the Participants, and the Participant Attorneys set forth in this Agreement or otherwise.

3.5      Outside Interests. Subject to the provisions of Sections 3.1, 3.2, and 3.3, either Participant may participate or be interested in any other practice or business activity and will have no duty to account to the other Participant for any revenue or profits from such other activities. Furthermore, the Joint Venture or any attorney associated with LawCo will not use the name of CLF (or any derivative of CLF) in conducting any practice or other business activity, except under and in furtherance of the business of the Joint Venture. For purposes of this agreement, outside interests include the operation and marketing of CLF.

3.6      Should any party believe the other party to be in default in the performance of any other covenant, term, or provision of this Agreement, such party shall give the other party written

notice of the alleged default and the defaulting party shall have thirty (30) days after receipt of written notice to cure such default, provided that if the default complained of is of such a nature that the same can be rectified or cured, but cannot with reasonable diligence be rectified or cured within such thirty (30) day period, then such default shall be deemed to be rectified or cured and not a default if the defaulting party within such thirty (30) day period shall commence the rectification or curing thereof and shall continue thereafter with all due diligence to cause such rectification or curing to proceed to completion. All cure periods provided in the Joint Venture shall run concurrently with any periods provided by law.

## Article 4
### Division of Profits

Fees recovered (less payment of any Multi-District Litigation ("MDL") assessment, if applicable) shall be divided amongst the Law Firms as follows: For the first two hundred (200) cases filed (cases 1-200), Lawco shall receive 50% of the fees recovered and CLF shall receive 50% of the fees recovered. For the next one hundred (100) cases filed (cases 201-300), Lawco shall receive 55% of the fees recovered and CLF shall receive 45% of the fees recovered. For all cases filed after the first three hundred (cases 301 and beyond), LawCo shall receive 60% of the fees recovered and CLF shall receive 40% of the fees recovered. LawCo's Local Referring Counsel ("LRA") shall receive 25% of the fee on all cases filed, paid out of the above-mentioned fees due to Lawco. CLF shall be responsible for all appellate work associated with the Hernia Mesh Implant cases. Defense counsel and any disbursing agent in the event of a settlement or the collection of a judgment shall be notified that all payments shall be made, as set forth in Section 6.4, in the names of both Participants, unless modified as set forth elsewhere above.

## Article 5
### Allocation of Expenses and Client Costs

Each Party will be responsible for expenses and costs as set forth herein. Except as set forth herein, a Party will not be entitled to reimbursement from the other Party or from the Joint Venture for any costs or expenses paid by such Party. However, each Party shall be entitled to reimbursement for any client costs recovered in the event of settlement or Judgment of any or all Hernia Mesh Implant Cases, but only from the client for which the charge has been incurred. In the event it is not possible to directly trace any cost recovery to a specific cost advance, such costs shall be shared on a pro rata basis in accordance with the percentages set forth in Article 4.

## Article 6
### Management and Operations

6.1    Fiscal Year. The fiscal year of the Joint Venture will be the calendar year. All references to a "year" in this Agreement will be deemed to refer to the calendar year unless the context requires otherwise. All accounting based on fiscal year figures shall be completed within sixty (60) days after the close of the fiscal year.

6.2    Financial Statements; Information Rights. The Joint Venture shall maintain or cause to be maintained a complete set of records, statements, and accounts concerning the total operation

of the Joint Venture, in which books shall be entered, fully and accurately, each transaction pertaining to the Joint Venture. The Joint Venture will deliver to each Participant (i) customary annual financial statements (prepared in accordance with accounting principles, consistently applied, on a cash basis), (ii) monthly and quarterly financial reports on a cash basis, including a forecast for the subsequent three quarters, (iii) timely tax-reporting information, and (iv) such other information about the business and financial position of the Joint Venture as either Participant may request. All books will always be open for inspection and examination by the Participants or their respective agents.

6.3     Participant Meetings. Unless otherwise agreed, the Participants will hold meetings (either in person or teleconference) at least quarterly to discuss the business and affairs of the Joint Venture.

6.4     Bank Accounts. In addition to the account designated in Section 3.2, CLF and LawCo shall establish a bank account in the joint name of CLF and LawCo (the "Joint Account"). The Joint Account shall be used exclusively for the Hernia Mesh Implant cases, and no other monies shall be comingled with the Joint Account. All fees and cost reimbursements received from the Hernia Mesh Implant cases under this Agreement will be paid into the Joint Account. CLF and LawCo shall jointly control the Joint Account. All disbursement from such bank account shall be subject to the approval of both CLF and LawCo. Upon receipt of any fees or cost reimbursements, the Participants will, within fifteen (15) days of such receipt, jointly prepare a settlement statement and disburse all such receipts as set forth herein.

6.5     Operating Expenses. Except as set forth elsewhere herein, the Participants agree that the day-to-day operating expenses and overhead for the maintenance of the Joint Venture incurred by the Participants shall be borne by the Participants incurring them and shall not be deemed expenses of the Joint Venture to be reimbursed from any recovery.

## Article 7
## Indemnification and Insurance

7.1     Indemnification. The Joint Venture will indemnify each Participant (and each of such Participants' local counsel, officers, attorneys, or agents) from and against all losses, damages, or claims, including reasonable attorneys' fees and expenses, not covered by insurance and incurred in connection with (i) all liabilities incurred by reason of any act or omission performed or omitted by the Joint Venture, (ii) all liabilities incurred by reason of any act or omission performed or omitted by another Participant with respect to the Joint Venture, and (iii) all liabilities incurred by reason of any act or omission performed or omitted by the indemnified Participant in good faith on behalf of the Joint Venture and in a manner reasonably believed by such Participant to be within its scope of authority on behalf of the Joint Venture. No person or entity that would otherwise be entitled to indemnification hereunder will be indemnified for any liabilities incurred by reason of the gross negligence or willful misconduct of such person or entity. The duty of the Joint Venture to indemnify any indemnified person or entity will be limited to the assets of the Joint Venture, including the proceeds of any insurance purchased by the Joint Venture, and no recourse will be available against any of the Joint Venture's Participants, affiliates, officers, attorneys, or agents.

7.2     Indemnification Procedure.  In the event any legal proceeding is threatened or instituted or any claim or demand is asserted by any person or entity (including a party hereto) in respect of which indemnification may be sought from the Joint Venture under Section 7.1, the person or entity seeking indemnification will promptly cause written notice of such actual or threatened legal proceeding, claim, or demand of which it has knowledge to be forwarded to the Participants.  In the event of the initiation of any legal proceeding against an indemnified person or entity by a third party, the Joint Venture will have the absolute right after the receipt of notice, at its option and at its own expense, to be represented by counsel of its choice, and to defend against, negotiation, settle, or otherwise deal with any proceeding, claim, or demand that relates to any of the covered liabilities; provided, however, that the indemnified person or entity may participate in any such proceeding with counsel of its choice and at its expense.  The Participants will cooperate fully with each other in connection with the defense, negotiation or settlement of any such legal proceeding, claim, or demand.  To the extent the Joint Venture elects not to defend such proceeding, claim, or demand, and the indemnified person or entity defends against or otherwise deals with any such proceeding, claim, or demand, the indemnified person or entity may retain counsel, at the expense of the Joint Venture (which expenses will be paid monthly by the Joint Venture to the indemnified person or entity as they are incurred), and control the defense of such proceeding.  Neither the Joint Venture nor the indemnified person or entity may settle any such proceeding without the consent of the other party, which consent will not be unreasonably withheld or delayed.  After any final judgment or award has been rendered by a court, arbitration board, or administrative agency of competent jurisdiction and the time in which to appeal there from has expired, or a settlement has been consummated, or the indemnified person or entity and the Joint Venture have arrived at a mutually binding agreement with respect to each separate matter alleged to be indemnified by the Joint Venture hereunder, the indemnified person or entity will forward to the Joint Venture notice of any sums due and owing by it with respect to such matter and the Joint Venture will satisfy such claims according to the provision of Section 7.1 and this Section 7.2.

7.3     Insurance.  Each Participant will maintain errors and omissions insurance covering each attorney performing any work on any Hernia Mesh Implant Case in an aggregate amount not less than $3,000,000.00 and such other insurance as is customarily maintained by law firms.  Each Participant waives subrogation against the other.  Each Participant will provide to the other Participant certificates of insurance for all insurance required to be carried hereunder.

7.4     Local Counsel Indemnity.  Each Participant ("Indemnifying Participant") agrees to indemnify and hold harmless the other Participant from all claims, damages, costs (including attorneys' fees) or expenses incurred by the other Participant arising out of or in any way connected with a claim by any local counsel pursuant to a contract with the Indemnifying Participant.

**Article 8**
**Assignments and Transfers**

8.1     Admission of New Participants.  No new Participant may be admitted to the Joint Venture without the prior written consent of all Participants.  In the event CLF contemplates

retaining its own Local Counsel to fulfill any of its duties hereunder, LawCo shall have the right to approve such counsel and the cost of such counsel shall be borne solely by CLF.

8.2    Voluntary Withdrawal by a Participant.    A Participant shall not have the right to voluntarily withdraw from the Joint Venture.

8.3    Cooperation by Participant. Each Participant will cooperate with the Joint Venture to the extent reasonably requested by the Joint Venture from time to time in connection with Joint Venture matters.

8.4    Client Files and Matters.  Each Participant will be entitled to possession of each Hernia Mesh Implant Case file or copy thereof and to copy any such file in the possession of the other Participant.

8.5    Confidential Information.  In addition to any applicable Professional Requirements, no Participant or former Participant, without the prior written consent of the other Participant(s), will disclose to any person or entity not lawfully entitled thereto, including but not limited to the press, other media, or any public body, in the absence of a court order or binding administrative or regulatory directive, any confidential information relating to the business, affairs, or financial condition of the Joint Venture, including, without limitation, the contents of this Agreement and any other agreement of the Participants, as well as the compensation of the Participants and any and all payments made to a Participant upon its or his withdrawal or removal.  Confidential information includes, without limitation, all originals and all copies, other reproductions, abstracts, digests, notes, analyses or studies prepared by any person or entity relating to the business of the Joint Venture.

## Article 9
## Termination of Agreement

On termination of this Agreement for any cause whatever, the Joint Venture shall be wound up and dissolved in accordance with the laws of the District of Columbia.

## Article 10
## Miscellaneous Provisions

10.1    Further Assurances.  The Participants agree that they will execute such other and further instruments and documents, and take such further actions, as are or may become necessary or convenient to effectuate and carry out the terms of this Agreement.

10.2    Notices.   Any notices required under this Agreement will be in writing and will be delivered personally, sent by registered or certified mail, return receipt requested and postage prepaid, or sent by recognized air courier, to the recipient as follows:

If to Cooper Law Firm:          Stuart H. Smith, Esq.
                                Cooper Law Firm, L.L.C.
                                1525 Religious Street

9

New Orleans, Louisiana 70130

If to LawCo USA PLLC:    James C.A. Crosland, Esq.
                         LawCo USA PLLC
                         910 17th Street N.W., Suite 800
                         Washington, D.C. 20006

All notices will be deemed to be given on the date personally delivered as confirmed in the messenger service's records, the date indicated on the return receipt provided by the U.S. postal service, or the delivery date confirmed in the air courier's records.

10.3    Amendments; Waivers.  No amendment or modification of this Agreement will be of any force or effect unless such amendment or modification is in writing and has been signed by all Participants.  No waiver of any of the provisions of this Agreement or a breach hereof will be effective unless such waiver is in writing and signed by the Participants giving such waiver.  No such waiver, in any one or more instances, will be deemed to be or construed as a further or continuing waiver of any condition or breach.

10.4    Severability.  If any provision of this Agreement or the application hereof to any person, entity, or circumstance will be determined to be invalid, illegal, or unenforceable to any extent, the remainder of this Agreement and the application thereof will not be affected and will be enforceable fully permitted by law.  Upon such determination that any provision is invalid, illegal, or unenforceable, the Participants will negotiate in good faith to modify this Agreement so as to affect the original intent and purpose of the Participants in agreeing to such provision as closely as possible in an acceptable manner.  Any provision of this Agreement held invalid, illegal, or unenforceable only in part, degree, or in certain jurisdictions will remain in full force and effect to the extent not held invalid, illegal, or unenforceable.

10.5    Venue; Governing Law.  Any claims relating to this Agreement or the breach thereof shall be filed in federal court in the District of Columbia, and each Participant agrees to the jurisdiction of such court.  If the federal court in Washington, D.C. denies jurisdiction, then claims shall be brought to the Washington, D.C., Superior Court.  The controlling law shall be that of the District of Columbia and CLF agrees to the jurisdiction of the courts for the District of Columbia over any dispute.  In the event of a dispute, the prevailing party shall be entitled to recover its attorneys' fees and costs.  All contracts with local counsel shall contain provisions substantially similar to those in this Section 10.5.

10.6    Non-Circumvention.  The Participants acknowledge and agree that CLF shall not contact or pursue any future working relationships with any local counsel introduced by LawCo to the Joint Venture for any matter not related to Hernia Mesh Implant litigation.  CLF further agrees that any requests for services made by Hernia Mesh Implant clients and/or originating attorneys beyond that of representation in Hernia Mesh Implant cases shall be referred directly to LawCo.  All client and contact lists developed pursuant to the Joint Venture shall at all times remain the property of LawCo.  In the event CLF breaches the provision of this Section, LawCo shall immediately be entitled to injunctive relief against CLF and its principals as well as to any costs, fees, and legal expenses incurred in connection with obtaining such relief.

10.7  Counterparts.  This Agreement may be executed in any number of counterparts, each of which will be deemed an original, but all of which will constitute one and the same instrument.

10.8  Headings.  The section headings contained in this Agreement are for reference purposes only and do not in any way affect the meaning or interpretation of this Agreement.

10.9  Entire Agreement.  This Agreement supersedes all prior agreements and understandings between or among the Participants with respect to the subject matter hereof.

10.10  Successors and Assigns.  This Agreement will be binding upon and inure to the benefit of the Participants hereto and their respective successors and permitted assigns.

10.11  Assignment of Interest.  Neither Participant may sell, assign, mortgage, hypothecate, or encumber his interest in the Joint Venture, nor may any Participant which is a corporation, partnership, or limited liability company permit the sale, assignment, mortgage, hypothecation, or encumbrance of its capital stock, partnership interests, or membership interests, respectively, without the prior written consent of the other Participant.

10.12  Third-Party Benefit.  None of the provisions of this Agreement will be construed as existing for the benefit of any creditor of the Partnership or of any of the Partners, nor will any such provision be enforceable by any party not a signatory to this Agreement.

10.13  Arms-Length Negotiation.  This Agreement is a product of arms-length negotiation and was drafted by the respective Participants.  There shall not be a presumption or a construction against any signatory, each such signatory expressly waiving the doctrine of *contra proferentem* with respect to the interpretation and application of the Agreement.  The Participants further agree to cooperate in demonstrating to a court, should the issue arise, that the language contained herein is the language agreed upon by the Participants as best reflecting the agreement negotiated between them.

Each of the undersigned, desiring to enter into this Joint Venture Agreement, hereby (i) agrees to all the terms and provisions thereof, (ii) duly executes this Agreement in the capacity indicated below, and (iii) authorizes the Signature Page, or counterparts thereof, to be attached to this Agreement.

**Cooper Law Firm, L.L.C.**
**By:  Stuart H. Smith, L.L.C.**

Stuart H. Smith

AND

**LawCo USA, PLLC**

James Crosland

**EXHIBIT B**

RE: Joint Iolta account for hernia mesh cases

Richard Sackett Rsackett@groupmatrix.com

To: cbrustowicz Cc: Amber Cleaver

" . What are Lawco's obligations?´ *will run this question by Amber…Richard.*


**From:** Celeste Brustowicz <cbrustowicz@clfnola.com>
**Sent:** Monday, January 3, 2022 2:27 PM
**To:** Richard Sackett <Rsackett@groupmatrix.com>
**Cc:** David Doherty <ddoherty@groupmatrix.com>
**Subject:** RE: Joint Iolta account for hernia mesh cases

My thoughts are I want to make this as simple and transparent as possible. The JVA seems to have two bank account requirements one for costs to be paid- which we have never employed and the other for fees and costs received.

We could run the settlements though our IOLTA account but I would have to redact non-hernia related monies- to avoid that- I propose an hernia mesh IOLTA account at Hancock Whitney that requires two signatures- that way we both have online access to the account to solve the transparency issues. I believe CLF must give interest to LA bar foundation but could be wrong. What are Lawco's obligations?

Celeste Brustowicz
Managing Partner

Cooper Law Firm, L.L.C.
1525 Religious Street
New Orleans, Louisiana 70130
Phone: 504.399.0009
Direct: 504.291.1344
Fax: (504) 309-6989

The information contained in this email message is protected under the Electronic Communications Privacy Act, 18 U.S.C. 2310-2321, and may also be protected by attorney-client and/or the attorney/work product privileges. It is intended only for the use of the individual named above and the privileges are not waived by virtue of this having been sent by email. If the person actually receiving this email or any other reader of the email is not the named recipient, any use, dissemination, distribution, or copying of the communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone at 504-566-1558 and return the original message to us at bcooper@sch-llc.com.


**From:** Richard Sackett <Rsackett@groupmatrix.com>
**Sent:** Monday, January 3, 2022 12:05 PM

**To:** Celeste Brustowicz <cbrustowicz@clfnola.com>
**Cc:** David Doherty <ddoherty@groupmatrix.com>
**Subject:** RE: Joint Iolta account for hernia mesh cases

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

HI Celeste: I believe the two signature account is for attorney fees and costs. You may select any bank in which you have a senior bank executive communication. These monies probably are not IOLTA regulated. These monies for fees and reimbursement are to be deposited to the joint fee signature account from the IOLTA once the client has signed the dispersal sheet.

Remaining Client award money is likely IOLTA Regulated.  Since law firms are in separate jurisdictions I recommend we get an ethics opinion on whose jurisdiction should prevail for the IOLTA as the interest earned belongs to a single Bar; Louisiana, Washington DC or the various state bars of the local cooperating attorneys? The IOLTA is a burden for accounting when clients are deceased, bankrupt or difficult to contact. Who is responsible for it? We already have had IOLTA money dumped on us in other ventures when the other JPA firm decides to shed responsibility of it.

What are your thoughts?

Richard Sackett/Administrator*
504-220-5077
LawcoUSA, LLC
Washington DC


*No legal advice is included or intended in this transmittal.




**From:** Celeste Brustowicz <cbrustowicz@clfnola.com>
**Sent:** Monday, January 3, 2022 12:34 PM
**To:** David Doherty (Work) <ddoherty@lacompcorp.com>
**Cc:** Stuart H. Smith <ssmith@clfnola.com>; Barry J. Cooper, Jr. <bcooper@clfnola.com>; Amber Cleaver <amber@lawcousa.com>; Richard Sackett <Rsackett@groupmatrix.com>; Trava Aultman <taultman@clfnola.com>; Kaila Bratcher <kbratcher@clfnola.com>
**Subject:** Joint Iolta account for hernia mesh cases
**Importance:** High

Dave:

Happy New Year. There is reason to believe some of these cases will settle this year. Under our LVA with Lawco, we all agreed to have a joint IOLTA account. Home Bank has been proposed. We don't know them and prefer to use Hancock Whitney. I hope you agree. Call me so we may discuss opening this account and operating it as the settlement funds come in.

Celeste Brustowicz
Managing Partner

Cooper Law Firm, L.L.C.
1525 Religious Street
New Orleans, Louisiana 70130
Phone: 504.399.0009
Direct: 504.291.1344
Fax: (504) 309-6989

The information contained in this email message is protected under the Electronic Communications Privacy Act, 18 U.S.C. 2310-2321, and may also be protected by attorney-client and/or the attorney/work product privileges. It is intended only for the use of the individual named above and the privileges are not waived by virtue of this having been sent by email. If the person actually receiving this email or any other reader of the email is not the named recipient, any use, dissemination, distribution, or copying of the communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone at 504-566-1558 and return the original message to us at bcooper@sch-llc.com.

SPECIAL NOTICE TO CLIENT(S): If you are a client of this firm and this e-mail is directed to you. DO NOT FORWARD to any other party, or you could be waiving the attorney-client privilege.
SPECIAL NOTICE TO CLIENT(S): If you are a client of this firm and this e-mail is directed to you. DO NOT FORWARD to any other party, or you could be waiving the attorney-client privilege.

**EXHIBIT C**

RE: Joint Bank Account

Morton, John John.Morton@hancockwhitney.com
3/30/2022 8:50 PM

To: Richard Sackett; cbrustowicz  Cc: Kaila Bratcher; Karen Smith; Amber Cleaver

What is the approximate amount of the remaining funds that will be dedicated to joint fees and cost? Thanks

Sent with BlackBerry Work
(www.blackberry.com)


**From:** Richard Sackett <Rsackett@groupmatrix.com>
**Date:** Wednesday, Mar 30, 2022, 7:11 PM
**To:** Morton, John <John.Morton@hancockwhitney.com>, cbrustowicz <cbrustowicz@clfnola.com>,
**Cc:** Kaila Bratcher <kbratcher@clfnola.com>, Karen Smith <ksmith@clfnola.com>, Amber Cleaver <amber@lawcousa.com>
**Subject:** RE: Joint Bank Account

\*\*_**EXTERNAL EMAIL ALERT**_: **DO NOT CLICK LINKS** or **OPEN ATTACHMENTS** unless the email was expected and known to be safe. This email was sent from outside Hancock Whitney. If you suspect this email is potentially malicious, report it by clicking the Report Phishing button or by forwarding to: phishreporting@hancockwhitney.com \*\*


HI All: As we understand there are two accounts:
The Award Account (AA) receives the total award and is classified as the Award Account (AA) - The Iolta. To Avoid confusion and expedite client payment one firm should be designated as primarily responsible. If Cooper, the Iolta will be housed at Whitney, NOLA. If Lawco the Iolta will reside in CHASE, Washington DC . We endorse Cooper/Whitney as appropriate.
The remaining funds, after the client's award portion is disbursed, are fees and costs. They should be deposited to the Lawco/Cooper fees and costs account (FCA).
The FCA money belongs to the respective Law Firms to be divided between them. The FCA requires dual signature. It is a business account owned by the two Law Firms. No client money is involved.
I am in town today Thursday, through Sunday evening. I am available for meeting and/or signature.
Richard Sackett/Administrator*
504-220-5077
LawcoUSA, LLC
Washington DC
*No legal advice is included or intended in this transmittal.

**From:** Morton, John <John.Morton@hancockwhitney.com>
**Sent:** Wednesday, March 30, 2022 5:36 PM
**To:** cbrustowicz <cbrustowicz@clfnola.com>
**Cc:** Kaila Bratcher <kbratcher@clfnola.com>; Karen Smith <ksmith@clfnola.com>; Richard Sackett <Rsackett@groupmatrix.com>
**Subject:** RE: Joint Bank Account
I will need to do some internal consulting on such ownership. Thanks for the opportunity.
**From:** Celeste Brustowicz <cbrustowicz@clfnola.com>
**Sent:** Wednesday, March 30, 2022 4:34 PM
**To:** Morton, John <John.Morton@hancockwhitney.com>
**Cc:** Kaila Bratcher <kbratcher@clfnola.com>; Karen Smith <ksmith@clfnola.com>; Richard Sackett (rsackett@groupmatrix.com) <rsackett@groupmatrix.com>
**Subject:** Re: Joint Bank Account
\*\***_EXTERNAL EMAIL ALERT_**: **DO NOT CLICK LINKS** or **OPEN ATTACHMENTS** unless the email was expected and known to be safe. This email was sent from outside Hancock Whitney. If you suspect this email is potentially malicious, report it by clicking the Report Phishing button or by forwarding to: phishreporting@hancockwhitney.com \*\*

It is for settlements to be distributed, an iolta

Celeste Brustowicz

Managing Partner

Cooper Law Firm, L.L.C.

1525 Religious Street

New Orleans, Louisiana 70130

Phone: 504.399.0009

Direct: 504.291.1344

Fax: (504) 309-6989

**From:** Celeste Brustowicz <cbrustowicz@clfnola.com>
**Sent:** Wednesday, March 30, 2022 4:33:01 PM
**To:** Morton, John <John.Morton@hancockwhitney.com>
**Cc:** Kaila Bratcher <kbratcher@clfnola.com>; Karen Smith <ksmith@clfnola.com>; Richard Sackett (rsackett@groupmatrix.com) <rsackett@groupmatrix.com>
**Subject:** Re: Joint Bank Account
Yes

Celeste Brustowicz

Managing Partner

Cooper Law Firm, L.L.C.

1525 Religious Street

New Orleans, Louisiana 70130

Phone: 504.399.0009

Direct: 504.291.1344

Fax: (504) 309-6989

---

**From:** Morton, John <John.Morton@hancockwhitney.com>
**Sent:** Wednesday, March 30, 2022 4:32:25 PM
**To:** Celeste Brustowicz <cbrustowicz@clfnola.com>
**Cc:** Kaila Bratcher <kbratcher@clfnola.com>; Karen Smith <ksmith@clfnola.com>; Richard Sackett (rsackett@groupmatrix.com) <rsackett@groupmatrix.com>
**Subject:** RE: Joint Bank Account

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Hello, Celeste:
Tell me more about this request, please. So, the ownership of the account will be as follows: Cooper Law Firm LLC and Lawco?
Thanks. John
John Morton
SVP, Private Wealth Management
John.Morton@HancockWhitney.com
701 Poydras Street, Suite 3300, New Orleans LA 70139
Office: 504-552-4554 and Mobile: 504-782-6660
NMLS # 1424763
Administrator: Martha.Baril@HancockWhitney.com 504-552-4898
Loan Coordinator: Dawn.Cahall@HancockWhitney.com 504-299-5178
**From:** Celeste Brustowicz <cbrustowicz@clfnola.com>
**Sent:** Wednesday, March 30, 2022 2:52 PM
**To:** Morton, John <John.Morton@hancockwhitney.com>
**Cc:** Kaila Bratcher <kbratcher@clfnola.com>; Karen Smith <ksmith@clfnola.com>; Richard Sackett (rsackett@groupmatrix.com) <rsackett@groupmatrix.com>
**Subject:** FW: Joint Bank Account

**EXTERNAL EMAIL ALERT**: **DO NOT CLICK LINKS** or **OPEN ATTACHMENTS** unless the email was expected and known to be safe. This email was sent from outside Hancock Whitney. If you suspect this email is potentially malicious, report it by clicking the Report Phishing button or by forwarding to: phishreporting@hancockwhitney.com **

We need to open an account with Whitney Monday- should I come to you? It is with lawco too- see below. Tell me the easiest way to accomplish.

Celeste Brustowicz
Managing Partner
Cooper Law Firm, L.L.C.
1525 Religious Street
New Orleans, Louisiana 70130
Phone: 504.399.0009
Direct: 504.291.1344

Fax: (504) 309-6989

The information contained in this email message is protected under the Electronic Communications Privacy Act, 18 U.S.C. 2310-2321, and may also be protected by attorney-client and/or the attorney/work product privileges. It is intended only for the use of the individual named above and the privileges are not waived by virtue of this having been sent by email. If the person actually receiving this email or any other reader of the email is not the named recipient, any use, dissemination, distribution, or copying of the communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone at 504-566-1558 and return the original message to us at bcooper@sch-llc.com.

**From:** Richard Sackett <Rsackett@groupmatrix.com>
**Sent:** Wednesday, March 30, 2022 2:50 PM
**To:** Amber Cleaver <amber@lawcousa.com>; Celeste Brustowicz <cbrustowicz@clfnola.com>
**Cc:** Trava Aultman <taultman@clfnola.com>
**Subject:** Re: Joint Bank Account

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

I'm Open until 12 . Do you have a Whitney officer? Let him/her pick branch and time that works for you

Get Outlook for iOS

---

**From:** Celeste Brustowicz <cbrustowicz@clfnola.com>
**Sent:** Wednesday, March 30, 2022 2:44:45 PM
**To:** Amber Cleaver <amber@lawcousa.com>
**Cc:** Richard Sackett <Rsackett@groupmatrix.com>; Trava Aultman <taultman@clfnola.com>
**Subject:** RE: Joint Bank Account

Great- Tell me where and when Richard and I can meet you.

Celeste Brustowicz
Managing Partner
Cooper Law Firm, L.L.C.
1525 Religious Street
New Orleans, Louisiana 70130
Phone: 504.399.0009
Direct: 504.291.1344
Fax: (504) 309-6989

The information contained in this email message is protected under the Electronic Communications Privacy Act, 18 U.S.C. 2310-2321, and may also be protected by attorney-client and/or the attorney/work product privileges. It is intended only for the use of the individual named above and the privileges are not waived by virtue of this having been sent by email. If the person actually receiving this email or any other reader of the email is not the named recipient, any use, dissemination, distribution, or copying of the communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone at 504-566-1558 and return the original message to us at bcooper@sch-llc.com.

**From:** Amber Cleaver <amber@lawcousa.com>
**Sent:** Wednesday, March 30, 2022 2:23 PM
**To:** Celeste Brustowicz <cbrustowicz@clfnola.com>
**Cc:** Richard Sackett <Rsackett@groupmatrix.com>
**Subject:** Joint Bank Account

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Celeste,

I hope all is well. As you know, we have had several discussions regarding the joint bank account pursuant to the executed JVA between LawCo and Cooper Law. We have agreed to the branch you proposed to open the account, Hancock Whitney, and David Dougherty has provided you with $100 for the initial deposit to open the account.

Richard will be in town through Sunday, and is more than willing to assist in expediting this process.

Specifically, he has offered to personally go to the Hancock Whitney or to your office to sign and/or obtain the signature cards for the account. Which do you prefer? If you prefer that Richard present directly to your office, please let me know the best date/time.

I look forward to your response.

Best,
Amber
SPECIAL NOTICE TO CLIENT(S): If you are a client of this firm and this e-mail is directed to you. DO NOT FORWARD to any other party, or you could be waiving the attorney-client privilege.
SPECIAL NOTICE TO CLIENT(S): If you are a client of this firm and this e-mail is directed to you. DO NOT FORWARD to any other party, or you could be waiving the attorney-client privilege.
Learn about our Commitment to Service: hancockwhitney.com/commitment-to-service

**************************************************

This E-Mail transmission (and/or the documents accompanying it) may contain information belonging to the sender which is confidential, privileged and/or exempt from disclosure under applicable law. The information is intended only for the use of the individual(s) or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this E-Mail transmission in error, please immediately notify us by return E-Mail or telephone to arrange for return of its contents including any documents.

SPECIAL NOTICE TO CLIENT(S): If you are a client of this firm and this e-mail is directed to you. DO NOT FORWARD to any other party, or you could be waiving the attorney-client privilege.
Learn about our Commitment to Service: hancockwhitney.com/commitment-to-service

**************************************************

This E-Mail transmission (and/or the documents accompanying it) may contain information belonging to the sender which is confidential, privileged and/or exempt from disclosure under applicable law. The information is intended only for the use of the individual(s) or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this E-Mail transmission in error, please immediately notify us by return E-Mail or telephone to arrange for return of its contents including any documents.

Learn about our Commitment to Service: hancockwhitney.com/commitment-to-service

**************************************************

This E-Mail transmission (and/or the documents accompanying it) may contain information belonging to the sender which is confidential, privileged and/or exempt from disclosure under applicable law. The information is intended only for the use of the individual(s) or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this E-Mail transmission in error, please immediately notify us by return E-Mail or telephone to arrange for return of its contents including any documents.

# EXHIBIT D

Morton, John John.Morton@hancockwhitney.com
5/19/2022 4:26 PM

To: Amber Cleaver Cc: cbrustowicz; Richard Sackett

Amber:

Thanks for your response and your reflections. Your decision for this need is respected and understood.

Warm regards,
John

John Morton
SVP, Private Wealth Management
John.Morton@HancockWhitney.com
701 Poydras Street, Suite 3300, New Orleans LA 70139
Office: 504-552-4554 and Mobile: 504-782-6660
NMLS # 1424763
Administrator: Martha.Baril@HancockWhitney.com 504-552-4898 &
Nicole.Ahlborn@HancockWhitney.com 985-801-2854
Loan Coordinator: Dawn.Cahall@HancockWhitney.com 504-299-5178

**From:** Amber Cleaver <amber@lawcousa.com>
**Sent:** Thursday, May 19, 2022 3:22 PM
**To:** Morton, John <John.Morton@hancockwhitney.com>
**Cc:** cbrustowicz <cbrustowicz@clfnola.com>; Richard Sackett <Rsackett@groupmatrix.com>
**Subject:** Re: CLF / Lawco - Joint Bank Account

John,

I see that you did not include Richard on this email, so I have added him here for transparency.

Your initial email was directed to LawCo, regarding the questions you had about the documents you requested/received. Celeste does not manage LawCo, nor does she need to be privy to my private discussions with you regarding our organization. She most certainly need not be included on our correspondence with you regarding personal, private and sensitive information. Specifically, you have requested social security numbers, driver's license information, etc., all of which is sensitive in nature and should have never been shared. I now have concerns about the security of the confidential information that has been shared with you via email during this process. To the extent that you have included Celeste or anyone on correspondence which has included any sensitive, confidential, or private information that we have shared, please promptly forward those communications to me.

In response to your inquires directed at LawCo, I emailed you separately. You and I then had several email exchanges separate from this email chain, regarding the specific information you needed. You have requested several documents from LawCo, which have been provided to you. Specifically, you stated you received our Articles, but that the Articles 'did not have a lot of information.' I asked you specifically what information was missing, but you did not provide a response. I asked you for an expected timeframe to resolve this matter, and again I have not received a response.

I would like to thank you very much for your efforts thus far. However, we will notify Celeste directly that, given the above outlined concerns, this request to open a new joint account will need to be transferred to a different institution.

Best,
Amber

Get Outlook for iOS

**From:** Morton, John <John.Morton@hancockwhitney.com>
**Sent:** Thursday, May 19, 2022 3:52:37 PM
**To:** Amber Cleaver <amber@lawcousa.com>
**Cc:** cbrustowicz <cbrustowicz@clfnola.com>
**Subject:** RE: CLF / Lawco - Joint Bank Account

Send the bank each of the Amendments of the Articles, so we answer this question. What is your hesitation to provide the Bank with your basic organizational documents? The Bank will keep this information confidential.

I am fine with having a conversation with you and Celeste.

John Morton
SVP, Private Wealth Management
John.Morton@HancockWhitney.com
701 Poydras Street, Suite 3300, New Orleans LA 70139
Office: 504-552-4554 and Mobile: 504-782-6660
NMLS # 1424763
Administrator: Martha.Baril@HancockWhitney.com 504-552-4898 &
Nicole.Ahlborn@HancockWhitney.com 985-801-2854
Loan Coordinator: Dawn.Cahall@HancockWhitney.com 504-299-5178

**From:** Amber Cleaver <amber@lawcousa.com>
**Sent:** Thursday, May 19, 2022 2:49 PM
**To:** Morton, John <John.Morton@hancockwhitney.com>
**Subject:** Re: CLF / Lawco - Joint Bank Account

**\*\*_EXTERNAL EMAIL ALERT_**: **DO NOT CLICK LINKS** or **OPEN ATTACHMENTS** unless the email was expected and known to be safe. This email was sent from outside Hancock Whitney. If you suspect this email is potentially malicious, report it by clicking the Report Phishing button or by forwarding to: phishreporting@hancockwhitney.com \*\*

What is the expected timeframe for a resolution? In addition, if there is someone else that we need to speak with directly to move this process along, please let me know. We are happy to jump on a call. This is an important matter that we would like resolved as soon as possible.

Thank you

Get Outlook for iOS

**From:** Morton, John <John.Morton@hancockwhitney.com>
**Sent:** Thursday, May 19, 2022 3:45:36 PM
**To:** Amber Cleaver <amber@lawcousa.com>
**Subject:** RE: CLF / Lawco - Joint Bank Account

Hello, Amber.

Thanks for the response. I will continue the conversation around these numbers – 1, 2, and 4.

The Articles sent to the bank indicate very little about the LLC. It reports the Name of the entity; the Agent at the forming in 2000; its address; and its Organizer, David Lowans. There is no reference to Richard Sackett, for example. This documentation is not sufficient. Please send ALL amendments of the Articles of Organization.

Actually, Amendment #4 amends the Operating Agreement. Not replaces it. Please see paragraph one. I do not have the Operating Agreement. Our Legal Department may be fine with this Amendment #4. However, I cannot address this exception of no Operating Agreement until I get the items requested in Item #1.

For #4, I will ask Celeste who will sign for Cooper Law Firm.

John

**From:** Amber Cleaver <amber@lawcousa.com>
**Sent:** Thursday, May 19, 2022 12:10 PM
**To:** Morton, John <John.Morton@hancockwhitney.com>
**Subject:** Re: CLF / Lawco - Joint Bank Account
1. what information do you need that is not included in the Articles we provided?
2. We have already sent the signed amended operating agreement, which we advised replaced the original operating agreement. I'm not sure what else you need here. You have the Operating Agreement and the most recent amendment.

4. Richard Sackett and he has provided his DLN

What is the turnaround for getting this account opened and this process completed? We have provided the requested documents. To the extent you contend any document is not sufficient can you please provide an explanation and we can identify a resolutions

Thank you so much for your assistance.


Get Outlook for iOS

---

**From:** Morton, John <John.Morton@hancockwhitney.com>
**Sent:** Thursday, May 19, 2022 9:21:30 AM
**To:** Amber Cleaver <amber@lawcousa.com>
**Subject:** RE: CLF / Lawco - Joint Bank Account

The items noted and one, two and four in this email. I have inserted it below. Thanks.

1. Articles. So far, I have the Amendment that removing David Lowans (2 pages). I also have a Certification that outlines a name change. I do not have the Articles (filed 11/9/2000, it appears) and any other Amendments. ---I have the Articles, which provides little information on the entity. I do not have any of the other Amendments. Are there other Amendments? I tried to purchase on the DC Secretary of State site, but this service apparently is not offered.
2. Operating Agreement. So far, I have the 4th Amendment document to the Operating Agreement. This Amendment is unsigned by Richard. I do not have the Operating Agreement. --- I have the signed 4th Amendment. I do not have the Operating Agreement or any of the other Amendments, presumably three other Amendments. Will you be sending us the Operating Agreement and the other three Amendments?
3. Driver License or Passport for the Managers/Members for Lawco. So far, it appears that Richard may be the only Manager. And Member. I don't know, for sure, since I am awaiting some of the documents. --- I have the DL for Richard.
4. DL for any authorized signers. --- who will be the authorized signers?
5. SSN for the Member / Manager(s) and any authorized signers --- I have the SSN for Richard.


**From:** Amber Cleaver <amber@lawcousa.com>
**Sent:** Thursday, May 19, 2022 8:18 AM
**To:** Morton, John <John.Morton@hancockwhitney.com>
**Subject:** Re: CLF / Lawco - Joint Bank Account

**EXTERNAL EMAIL ALERT**: **DO NOT CLICK LINKS** or **OPEN ATTACHMENTS** unless the email was expected and known to be safe. This email was sent from outside Hancock Whitney. If you suspect this email is potentially malicious, report it by clicking the Report Phishing button or by forwarding to: phishreporting@hancockwhitney.com **

Which items are you referring to?


On May 18, 2022, at 5:16 PM, Morton, John <John.Morton@hancockwhitney.com> wrote:

Good afternoon, Amber. Thanks for the request of an update. I have revised the pending questions below. Please help by answering the questions in Items #1, #2 and #4.

Warm regards,
John


John Morton
SVP, Private Wealth Management
John.Morton@HancockWhitney.com
701 Poydras Street, Suite 3300, New Orleans LA 70139
Office: 504-552-4554 and Mobile: 504-782-6660
NMLS # 1424763
Administrator: Martha.Baril@HancockWhitney.com 504-552-4898 &
Nicole.Ahlborn@HancockWhitney.com 985-801-2854
Loan Coordinator: Dawn.Cahall@HancockWhitney.com 504-299-5178


**From:** Morton, John
**Sent:** Thursday, April 21, 2022 5:32 PM
**To:** Richard Sackett ; Amber Cleaver
**Cc:** cbrustowicz ; Morton, John
**Subject:** RE: CLF / Lawco - Joint Bank Account

Thanks for your email today, Amber. I am in receipt of the three page Articles of Organization. Please see below for an update on the documents received. Let me know of any oversights of mine.

Best regards,
John

John Morton
SVP, Private Wealth Management
John.Morton@HancockWhitney.com
701 Poydras Street, Suite 3300, New Orleans LA 70139
Office: 504-552-4554 and Mobile: 504-782-6660
NMLS # 1424763
Administrator: Martha.Baril@HancockWhitney.com 504-552-4898 &
Nicole.Ahlborn@HancockWhitney.com 985-801-2854
Loan Coordinator: Dawn.Cahall@HancockWhitney.com 504-299-5178


**From:** Richard Sackett <Rsackett@groupmatrix.com>
**Sent:** Thursday, April 14, 2022 10:58 AM
**To:** Morton, John <John.Morton@hancockwhitney.com>; Amber Cleaver <amber@lawcousa.com>
**Subject:** RE: CLF / Lawco - Joint Bank Account

Please find signed amendment and Driver's License, front and back.

Richard Sackett/Administrator*
504-220-5077
LawcoUSA, LLC
Washington DC


*No legal advice is included or intended in this transmittal.

**From:** Morton, John
**Sent:** Wednesday, April 13, 2022 1:02 PM
**To:** Amber Cleaver ; Richard Sackett
**Cc:** cbrustowicz
**Subject:** RE: CLF / Lawco - Joint Bank Account

RE: Lawco USA PLLC

Good afternoon, Amber:

Thanks for the follow-up. Glad to give you an update. Here is the information we were seeking:

1. Articles. So far, I have the Amendment that removing David Lowans (2 pages). I also have a Certification that outlines a name change. I do not have the Articles (filed 11/9/2000, it appears) and any other Amendments. ---I have the Articles, which provides little information on the entity. I do not have any of the other Amendments. Are there other Amendments? I tried to purchase on the DC Secretary of State site, but this service apparently is not offered.
2. Operating Agreement. So far, I have the 4th Amendment document to the Operating Agreement. This Amendment is unsigned by Richard. I do not have the Operating Agreement. --- I have the signed 4th Amendment. I do not have the Operating Agreement or any of the other Amendments, presumably three other Amendments. Will you be sending us the Operating Agreement and the other three Amendments?
3. Driver License or Passport for the Managers/Members for Lawco. So far, it appears that Richard may be the only Manager. And Member. I don't know, for sure, since I am awaiting some of the documents. --- I have the DL for Richard.
4. DL for any authorized signers. --- who will be the authorized signers?
5. SSN for the Member / Manager(s) and any authorized signers --- I have the SSN for Richard.

John Morton
SVP, Private Wealth Management
John.Morton@HancockWhitney.com
701 Poydras Street, Suite 3300, New Orleans LA 70139

Office: 504-552-4554 and Mobile: 504-782-6660
NMLS # 1424763
Administrator: Martha.Baril@HancockWhitney.com 504-552-4898
Loan Coordinator: Dawn.Cahall@HancockWhitney.com 504-299-5178


**From:** Amber Cleaver <amber@lawcousa.com>
**Sent:** Wednesday, April 13, 2022 6:49 AM
**To:** Richard Sackett <Rsackett@groupmatrix.com>; Morton, John <John.Morton@hancockwhitney.com>
**Subject:** Re: CLF / Lawco - Joint Bank Account

***EXTERNAL EMAIL ALERT*: DO NOT CLICK LINKS or OPEN ATTACHMENTS**
unless the email was expected and known to be safe. This email was sent from outside Hancock
Whitney. If you suspect this email is potentially malicious, report it by clicking the Report
Phishing button or by forwarding to: phishreporting@hancockwhitney.com **


Good morning John,

I hope all is well. Can you please let us know the status of the account?

Thank you,
Amber


Get Outlook for iOS
_____
**From:** Richard Sackett <Rsackett@groupmatrix.com>
**Sent:** Friday, April 1, 2022 12:53:06 PM
**To:** John.Morton@hancockwhitney.com <John.Morton@hancockwhitney.com>
**Cc:** Amber Cleaver <amber@lawcousa.com>
**Subject:** CLF / Lawco - Joint Bank Account

LAWCOUSA

EIN: 52-2280064

The Company has been an operating Law Firm for more than 2 decades with bank accounts elsewhere.
1. Truist 1000270278970 (operating) 2. Louisiana Iolta at Capitol One.

Richard Sackett/Administrator*
504-220-5077
LawcoUSA, LLC
Washington DC


Learn about our Commitment to Service: hancockwhitney.com/commitment-to-service

*************************************************

This E-Mail transmission (and/or the documents accompanying it) may contain information belonging to the sender which is confidential, privileged and/or exempt from disclosure under applicable law. The information is intended only for the use of the individual(s) or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this E-Mail transmission in error, please immediately notify us by return E-Mail or telephone to arrange for return of its contents including any documents.

Learn about our Commitment to Service: hancockwhitney.com/commitment-to-service

************************************************

This E-Mail transmission (and/or the documents accompanying it) may contain information belonging to the sender which is confidential, privileged and/or exempt from disclosure under applicable law. The information is intended only for the use of the individual(s) or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this E-Mail transmission in error, please immediately notify us by return E-Mail or telephone to arrange for return of its contents including any documents.

Learn about our Commitment to Service: hancockwhitney.com/commitment-to-service

************************************************

This E-Mail transmission (and/or the documents accompanying it) may contain information belonging to the sender which is confidential, privileged and/or exempt from disclosure under applicable law. The information is intended only for the use of the individual(s) or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this E-Mail transmission in error, please immediately notify us by return E-Mail or telephone to arrange for return of its contents including any documents.

Learn about our Commitment to Service: hancockwhitney.com/commitment-to-service

************************************************

This E-Mail transmission (and/or the documents accompanying it)
may contain information belonging to the sender which is confidential,
privileged and/or exempt from disclosure under applicable law. The
information is intended only for the use of the individual(s) or entity
named above. If you are not the intended recipient, you are hereby
notified that any disclosure, copying, distribution or the taking of any
action in reliance on the contents of this information is strictly
prohibited. If you have received this E-Mail transmission in error,
please immediately notify us by return E-Mail or telephone to arrange
for return of its contents including any documents.

Learn about our Commitment to Service: hancockwhitney.com/commitment-to-service

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This E-Mail transmission (and/or the documents accompanying it)
may contain information belonging to the sender which is confidential,
privileged and/or exempt from disclosure under applicable law. The
information is intended only for the use of the individual(s) or entity
named above. If you are not the intended recipient, you are hereby
notified that any disclosure, copying, distribution or the taking of any
action in reliance on the contents of this information is strictly
prohibited. If you have received this E-Mail transmission in error,
please immediately notify us by return E-Mail or telephone to arrange
for return of its contents including any documents.

Learn about our Commitment to Service: hancockwhitney.com/commitment-to-service

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This E-Mail transmission (and/or the documents accompanying it)
may contain information belonging to the sender which is confidential,
privileged and/or exempt from disclosure under applicable law. The
information is intended only for the use of the individual(s) or entity
named above. If you are not the intended recipient, you are hereby
notified that any disclosure, copying, distribution or the taking of any
action in reliance on the contents of this information is strictly
prohibited. If you have received this E-Mail transmission in error,
please immediately notify us by return E-Mail or telephone to arrange
for return of its contents including any documents.

Learn about our Commitment to Service: hancockwhitney.com/commitment-to-service

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This E-Mail transmission (and/or the documents accompanying it) may contain information belonging to the sender which is confidential, privileged and/or exempt from disclosure under applicable law. The information is intended only for the use of the individual(s) or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this E-Mail transmission in error, please immediately notify us by return E-Mail or telephone to arrange for return of its contents including any documents.

**EXHIBIT E**

Re: Joint Fee Account

cbrustowicz [cbrustowicz@clfnola.com](cbrustowicz@clfnola.com)

To: Richard Sackett; David Doherty; Amber Cleaver Cc: Trava Aultman

Things have been difficult this past week. I would like to discuss this joint account and how everyone will be paid. According to the contract, Lawco disburses the funds. But I confess I need to read with greater care.

Trava please set up a call next week.

Celeste Brustowicz

Managing Partner


Cooper Law Firm, L.L.C.

1525 Religious Street

New Orleans, Louisiana 70130

Phone: 504.399.0009

Direct: 504.291.1344

Fax: (504) 309-6989

---

**From:** Richard Sackett <Rsackett@groupmatrix.com>
**Sent:** Thursday, May 26, 2022 2:17:27 PM
**To:** Celeste Brustowicz <cbrustowicz@clfnola.com>; David Doherty <ddoherty@groupmatrix.com>; Amber Cleaver <amber@lawcousa.com>
**Subject:** Joint Fee Account

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Hi Celeste: Many of the banks we have contacted had a variety of conflicting rules for joint accounts and personal verifications. TRUIST (formerly BB&T and SUNTRUST) have a streamlined approach to opening business accounts.

**Brandon Mason at Truist** is now assisting with this task remotely.

You will receive shortly an email to accomplish this task with him. There will be a verification code email. We have authorized the first deposit of $100 from one of our accounts at this bank (Truist). His cell number is **931-284-1477** for questions. **24/7.**

Banking is today online, so no office visits are required. Further we have ordered <u>a special scanner for this account to be sent to you</u> so that you can make deposits without confusion or comingling. It is a dual signature account and you are authorized. Should you wish to add another individual authorization, Brandon can send you the form.

Truist Bank is FDIC insured and a full banking service. While it does not have branches in New Orleans, our staff member can go to bank branch Wash DC or Florida at your request.

As you know we spent a lot of energy at Whitney, Capitol One, and others to comply with differing rules. You will find the Truist relationship excellent should you wish to take it further.

Richard Sackett
Administrator/LawcoUSA,PLLC

E: Rsackett@groupmatrix.com
P: (504) 220-5077 • www.groupmatrix.com
409 Royal Plaza Dr. Fort Lauderdale FL, 33301

  No legal advice is given or implid in this transmission.

Fort Lauderdale FL   •  Albany NY   •  New Orleans LA   •  Washington DC

CONFIDENTIALITY NOTICE:
The contents of this email message and any attachments are intended solely for the addressee(s) and may contain confidential and/or privileged information and may be legally protected from disclosure. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited. All information in this email is belongs to Group Matrix, LLC unless otherwise paid for by client.

SPECIAL NOTICE TO CLIENT(S): If you are a client of this firm and this e-mail is directed to you. DO NOT FORWARD to any other party, or you could be waiving the attorney-client privilege.

**EXHIBIT F**

RE: Hernia Mesh and Joint Bank account

cbrustowicz cbrustowicz@clfnola.com
5/31/2022 3:19 PM

To: Richard Sackett; Amber Cleaver Cc: christopher.kinkade@fisherbroyles.com;
Alan Ezkovich

I do not understand your response. If you have reasons why I should reconsider, let
me have them otherwise if this is your way of announcing a future suit against CLF,
you need not say more.

Celeste Brustowicz
Managing Partner

Cooper Law Firm, L.L.C.
1525 Religious Street
New Orleans, Louisiana 70130
Phone: 504.399.0009
Direct: 504.291.1344
Fax: (504) 309-6989

The information contained in this email message is protected under the Electronic Communications Privacy Act, 18 U.S.C. 2310-
2321, and may also be protected by attorney-client and/or the attorney/work product privileges. It is intended only for the use of the
individual named above and the privileges are not waived by virtue of this having been sent by email. If the person actually receiving
this email or any other reader of the email is not the named recipient, any use, dissemination, distribution, or copying of the
communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone at
504-566-1558 and return the original message to us at bcooper@sch-llc.com.

**From:** Richard Sackett <Rsackett@groupmatrix.com>
**Sent:** Tuesday, May 31, 2022 2:15 PM
**To:** Celeste Brustowicz <cbrustowicz@clfnola.com>; Amber Cleaver <amber@lawcousa.com>
**Cc:** christopher.kinkade@fisherbroyles.com; Alan Ezkovich <Alan.Ezkovich@ezkovichlaw.com>
**Subject:** RE: Hernia Mesh and Joint Bank account

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless
you recognize the sender and know the content is safe.

Hi Celeste: Not acceptable. Cooper Laws failure to honor a long standing agreement which you
have previously encouraged is the very reason why it is necessary. I  I suspect, as before with
Cooper Law, Mike Stag and with regrets Stuart Smith compliance will be required as before by
the courts.

Richard Sackett/Administrator*
504-220-5077
LawcoUSA, LLC

Washington DC


*No legal advice is included or intended in this transmittal.

**From:** Celeste Brustowicz <cbrustowicz@clfnola.com>
**Sent:** Tuesday, May 31, 2022 2:06 PM
**To:** Richard Sackett <Rsackett@groupmatrix.com>
**Subject:** Hernia Mesh and Joint Bank account

I have read the executed JPA regarding this joint account. I understand you wanted this because of issues you had with Mike Stag. I have some concerns and overall do not feel this is necessary.

Lawco is  authorized to do business in Louisiana- I checked with the sec. of state- but you have no Louisiana attorney. I do not want CLF involved in the potential issues that might arise from this. Was the account ever set up before as described in the JPA? I think not as I cannot see any evidence of it on my end. To me, that is another reason not to have the account as our course of conduct showed it was unnecessary.

The settlement funds will come to CLF as counsel of record. CLF will prepare settlement statements to be approved by Lawco and Local counsel in advance of distribution. I will agree to distribute all sums due to the parties entitled to payment on the same day we do client distribution. If you want  Lawco to receive local counsel's share at that time, I am happy to accommodate as long as local counsel agrees.

CLF will return your $100 check to you and it will not move forward with a joint account.


Celeste Brustowicz
Managing Partner

Cooper Law Firm, L.L.C.
1525 Religious Street
New Orleans, Louisiana 70130
Phone: 504.399.0009
Direct: 504.291.1344
Fax: (504) 309-6989

The information contained in this email message is protected under the Electronic Communications Privacy Act, 18 U.S.C. 2310-2321, and may also be protected by attorney-client and/or the attorney/work product privileges. It is intended only for the use of the individual named above and the privileges are not waived by virtue of this having been sent by email. If the person actually receiving this email or any other reader of the email is not the named recipient, any use, dissemination, distribution, or copying of the communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone at 504-566-1558 and return the original message to us at bcooper@sch-llc.com.

SPECIAL NOTICE TO CLIENT(S): If you are a client of this firm and this e-mail is directed to you. DO NOT FORWARD to any other party, or you could be waiving the attorney-client privilege. SPECIAL NOTICE TO CLIENT(S): If you are a client of this firm and this e-mail is directed to you. DO NOT FORWARD to any other party, or you could be waiving the attorney-client privilege.

**EXHIBIT G**

**Jeffrey McFadden**

| | |
|---|---|
| **From:** | Celeste Brustowicz <cbrustowicz@clfnola.com> |
| **Sent:** | Friday, December 9, 2022 10:51 AM |
| **To:** | Jeffrey McFadden; Alan Ezkovich; Amber Cleaver |
| **Cc:** | Barry J. Cooper, Jr.; Trava Aultman; Victor Cobb |
| **Subject:** | Hernia Mesh Settlements for Terrell and Brewer |
| | |
| **Importance:** | High |

Settlement funds have arrived in our IOLTA account for these two plaintiffs. I need any costs Lawco or your local counsel have pertaining to them. I also need the name of the local attorney firm to put on the settlement statement. The clients have already executed the settlement agreements. Once you provide the necessary information I have requested, I will send you the statement for the clients, Lawco, and local counsel to execute. And then checks will be sent to the clients or to Lawco for distribution to the clients- you tell me your preference.

We need to discuss your continued request for the second bank account- the attorney fees for all three are approximately $27K- seems wasteful to open another account to distribute those amounts when all three firms are required to sign off on the settlement statement. But that is really your call.

As soon as you provide this information, we will proceed as outlined above.

Celeste Brustowicz
Managing Partner

Cooper Law Firm, L.L.C.
1525 Religious Street
New Orleans, Louisiana 70130
Phone: 504.399.0009
Direct: 504.291.1344
Fax: 504 309 6989

The information contained in this email message is protected under the Electronic Communications Privacy Act, 18 U.S.C. 2310-2321, and may also be protected by attorney-client and/or the attorney/work product privileges. It is intended only for the use of the individual named above and the privileges are not waived by virtue of this having been sent by email. If the person actually receiving this email or any other reader of the email is not the named recipient, any use, dissemination, distribution, or copying of the communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone at 504-566-1558 and return the original message to us at bcooper@sch-llc.com.

SPECIAL NOTICE TO CLIENT(S): If you are a client of this firm and this e-mail is directed to you. DO NOT FORWARD to any other party, or you could be waiving the attorney-client privilege.

**EXHIBIT H**

**Jeffrey McFadden**

| | |
|---|---|
| **From:** | Celeste Brustowicz <cbrustowicz@clfnola.com> |
| **Sent:** | Monday, December 12, 2022 9:56 AM |
| **To:** | Amber Cleaver; Jeffrey McFadden; Alan Ezkovich |
| **Cc:** | Barry J. Cooper, Jr.; Victor Cobb; Matthew Camm |
| **Subject:** | Lawco |
| | |
| **Importance:** | High |

I am retracting my email to all of you from last week concerning the hernia mesh settlements.

We have now received the Ethics Opinion I discussed with you on prior occasions. It informs us that we cannot make payments of attorney fees to Lawco if is owned by a non-attorney as we were informed for this and any other JPA that Lawco may claim to be a member of with CLF.

The reason is this: Although there is an ABA Formal Opinion (464) that would permit such an arrangement, Louisiana has not accepted that opinion and has been very restrictive with these types of arrangements because they violate Rule 5.4 (a) - cannot share a legal fee with a non-lawyer; 5.4 (b) - can't form  partnership with a non-lawyer if activities include practice of law; and 7.2 (c) (13) - can't give anything of value for recommending lawyer. If Lawco is, in fact, owned by a non-lawyer, all of these rules would be implicated and likely violated.

Please confirm who owns Lawco  and their status as a lawyer. If Lawco is in fact owned by a non-attorney as we were told, my plan is to distribute the hernia mesh fees to CLF and your local counsel and hold the Lawco "share" in trust until you provide to me an opinion from a Louisiana ethics attorney on whether and how Lawco can receive the funds under Louisiana rules. If necessary, we will obtain the clients' signatures on the settlement statements.

Though we do not believe Lawco is or was ever a member of the St. Louis JPA, I am holding funds in trust from the Dailey settlement in the amount of  $2,893.85 until you provide me the ethics opinion (above) and satisfy the St. Louis JPA that Lawco is as a matter of law a JPA member.

I still require the contact information for the local attorneys in hernia mesh and their percentages per case.

Celeste Brustowicz
Managing Partner

Cooper Law Firm, L.L.C.
1525 Religious Street
New Orleans, Louisiana 70130
Phone: 504.399.0009
Direct: 504.291.1344
Fax: 504.309.6989

# EXHIBIT I

## Jeffrey McFadden

**From:** Jeffrey McFadden
**Sent:** Friday, December 23, 2022 12:06 PM
**To:** Jeffrey McFadden
**Subject:** FW: Russell Daggett "Motion to Substitute Parties"

**From:** Amber Cleaver
**Sent:** Friday, October 8, 2021 11:14:23 AM
**To:** Victor Cobb <vcobb@clfnola.com>
**Cc:** Lisa Richardson <lrichardson@clfnola.com>; Claris Smith <csmith@clfnola.com>; cbrustowicz <cbrustowicz@clfnola.com>
**Subject:** Re: Russell Daggett "Motion to Substitute Parties"

Victor,

I think you'd agree that the client management duties outlined in the agreement do not in anyway infer responsibility for a litigation function such as opening an estate. I have said this multiple times, and I am happy to say it again, I am willing to assist in whatever capacity I can to get the estate open. One thing you should also understand is that it is going to continue to be difficult to complete this task when we have no evaluation of the case. I'd suggest that once you have an evaluation you provide me with same, and I can circle back to the referrals. Otherwise, if you have a referral, you can send it to me and I am happy to assist by contacting the firm and providing the information for the estate.


> On Oct 8, 2021, at 11:04 AM, Victor Cobb <vcobb@clfnola.com> wrote:
>
> How can Lawco obtain "all necessary  client approvals, authorizations and signatures on settlement documents" for someone who is deceased if there is no estate open?
>
> How can Lawco and its local counsel "manage all client sign off on final paperwork and distribution of funds" for someone who is deceased if there is no estate open?
>
> Victor Cobb
>
> Cooper Law Firm, L.L.C.
> 1525 Religious Street
> New Orleans, Louisiana 70130
> Phone: (504) 291-1347
> Fax: (504) 581-9055
>
> The information contained in this email message is protected under the Electronic Communications Privacy Act, 18 U.S.C. 2310-2321, and may also be protected by attorney-client and/or the attorney/work product privileges. It is intended only for the use of the individual named above and the privileges are not waived by virtue of this having been sent by email. If the person actually receiving this email or any other reader of the email is not the named recipient, any use, dissemination, distribution, or copying of the communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone at 504-566-1558 and return the original message to us at bcooper@sch-llc.com.
>
> -----Original Message-----

1

> From: Amber Cleaver <amber@lawcousa.com>
> Sent: Friday, October 8, 2021 10:00 AM
> To: Victor Cobb <vcobb@clfnola.com>
> Cc: Lisa Richardson <lrichardson@clfnola.com>; Claris Smith <csmith@clfnola.com>; Celeste Brustowicz <cbrustowicz@clfnola.com>
> Subject: Re: Russell Daggett "Motion to Substitute Parties"
>
> CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.
>
>
> If you have referrals, feel free to send them.
>
>> On Oct 8, 2021, at 10:51 AM, Amber Cleaver <amber@lawcousa.com> wrote:
>>
>> Victor,
>>
>> Thank you so much for your analysis. However, I'm not sure how your interpretation of 3.1h in any way suggests LawCo is responsible for opening estates. Handling "client sign off" is not equivalent to opening an estate. As I stated to you before, any previous undertaking of such tasks was done in good faith to try and quickly resolve these matters. However, these actions do not constitute a modification or amendment to the JVA.
>>
>> As I advised, I am happy to assist in any way that I can. I have contacted local counsel and several other law firms, none of which are interested in opening this estate. Therefore, I defer to you.
>>
>>>> On Oct 8, 2021, at 10:09 AM, Victor Cobb <vcobb@clfnola.com> wrote:
>>>
>>> I appreciate your suggestion, however, while the issue of opening of estates is not specifically covered in the JVA, the JVA does indicate that this responsibility would fall on Lawco under the JVA.
>>>
>>> See page 4 paragraph 3.1(h): "LawCo will be responsible for obtaining all necessary client approvals, authorizations and signatures on all settlement documents. Lawco or its Local Counsel will manage all client sign off on final paperwork and distribution of funds."
>>>
>>> A review of section 3.2 does not indicate in any way that this responsibility falls to Cooper Law Firm.
>>>
>>> Lawco has handled these issues in the past based on interpretation of the JVA.  Opening an estate so that the plaintiff can be paid upon settlement would fall within obtaining necessary client approvals, authorization and signatures on settlement documents. Without the opening of an estate, it is impossible for Lawco or its local counsel to manage client sign off on final paperwork and distribution of funds.
>>>
>>> I know that Jamie Huntzinger (sp?) has handled some of these issues in the past for Lawco. Have you spoken to her?
>>>
>>> Victor Cobb
>>>
>>> Cooper Law Firm, L.L.C.
>>> 1525 Religious Street
>>> New Orleans, Louisiana 70130
>>> Phone: (504) 291-1347
>>> Fax: (504) 581-9055
>>>
>>> The information contained in this email message is protected under the Electronic Communications Privacy Act, 18

U.S.C. 2310-2321, and may also be protected by attorney-client and/or the attorney/work product privileges. It is intended only for the use of the individual named above and the privileges are not waived by virtue of this having been sent by email. If the person actually receiving this email or any other reader of the email is not the named recipient, any use, dissemination, distribution, or copying of the communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone at 504-566-1558 and return the original message to us at bcooper@sch-llc.com.

>>>
>>> -----Original Message-----
>>> From: Amber Cleaver <amber@lawcousa.com>
>>> Sent: Friday, October 8, 2021 4:50 AM
>>> To: Victor Cobb <vcobb@clfnola.com>
>>> Cc: Lisa Richardson <lrichardson@clfnola.com>
>>> Subject: Re: Russell Daggett "Motion to Substitute Parties"
>>>
>>> CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.
>>>
>>>
>>> Good morning,
>>>
>>> The referral declined to open the estate. The firm gave me another referral which was also a dead end. Victor, you might want to step in here to take over handling this specific estate.
>>>
>>>
>>>
>>>>> On Oct 4, 2021, at 3:16 PM, Victor Cobb <vcobb@clfnola.com> wrote:
>>>>
>>>> It is too early in the process of the MDL to properly evaluate what his case is worth. The first bellwether trial went forward and the defendants won. However, this does mean that the litigation has no hope because that was a defense picked case.
>>>>
>>>> There just is not enough information at this point to make a proper evaluation.
>>>>
>>>>
>>>> Sent from my iPhone
>>>>
>>>>>> On Oct 4, 2021, at 12:41 PM, Amber Cleaver <amber@lawcousa.com> wrote:
>>>>>
>>>>> CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.
>>>>>
>>>>>
>>>>> Local counsel is requesting the approximate litigation recovery amount for Daggett. Please advise.
>>>>>
>>>>> Thank you!
>>>>>
>>>>> -----Original Message-----
>>>>> From: Victor Cobb <vcobb@clfnola.com>
>>>>> Sent: Wednesday, September 29, 2021 12:38 PM
>>>>> To: Amber Cleaver <amber@lawcousa.com>; Lisa Richardson <lrichardson@clfnola.com>
>>>>> Subject: RE: Russell Daggett "Motion to Substitute Parties"
>>>>>

>>>>> Thanks Amber. Let me know if you need anything.
>>>>>
>>>>> Victor Cobb
>>>>>
>>>>> Cooper Law Firm, L.L.C.
>>>>> 1525 Religious Street
>>>>> New Orleans, Louisiana 70130
>>>>> Phone: (504) 291-1347
>>>>> Fax: (504) 581-9055
>>>>>
>>>>> The information contained in this email message is protected under the Electronic Communications Privacy Act, 18 U.S.C. 2310-2321, and may also be protected by attorney-client and/or the attorney/work product privileges. It is intended only for the use of the individual named above and the privileges are not waived by virtue of this having been sent by email. If the person actually receiving this email or any other reader of the email is not the named recipient, any use, dissemination, distribution, or copying of the communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone at 504-566-1558 and return the original message to us at bcooper@sch-llc.com.
>>>>>
>>>>> -----Original Message-----
>>>>> From: Amber Cleaver <amber@lawcousa.com>
>>>>> Sent: Wednesday, September 29, 2021 11:37 AM
>>>>> To: Lisa Richardson <lrichardson@clfnola.com>
>>>>> Cc: Victor Cobb <vcobb@clfnola.com>
>>>>> Subject: Re: Russell Daggett "Motion to Substitute Parties"
>>>>>
>>>>> CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.
>>>>>
>>>>>
>>>>> I have connected with the referral for Daggett and he has confirmed he can assist. I am awaiting his response to determine what he needs to get started.
>>>>>
>>>>> I will look into the Richardson matter.
>>>>>
>>>>>>> On Sep 29, 2021, at 9:48 AM, Lisa Richardson <lrichardson@clfnola.com> wrote:
>>>>>>
>>>>>> Good morning Amber,
>>>>>>
>>>>>> Would you please confirm that the process of opening an estate has begun?
>>>>>>
>>>>>> Also, please provide an update on the succession for Dinah Richardson in Tennessee.
>>>>>>
>>>>>> Thanks,
>>>>>>
>>>>>> Lisa Richardson
>>>>>> Paralegal
>>>>>>
>>>>>> Cooper Law Firm, L.L.C.
>>>>>> 1525 Religious Street
>>>>>> New Orleans, Louisiana 70130
>>>>>> Phone: (504) 291-1352
>>>>>>

>>>>>>

>>>>>> The information contained in this email message is protected under the Electronic Communications Privacy Act, 18 U.S.C. 2310-2321, and may also be protected by attorney-client and/or the attorney/work product privileges. It is intended only for the use of the individual named above and the privileges are not waived by virtue of this having been sent by email. If the person actually receiving this email or any other reader of the email is not the named recipient, any use, dissemination, distribution, or copying of the communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone at 504-399-0009 and return the original message to us at bcooper@sch-llc.com.

>>>>>>

>>>>>> -----Original Message-----

>>>>>> From: Victor Cobb <vcobb@clfnola.com>

>>>>>> Sent: Wednesday, September 29, 2021 8:39 AM

>>>>>> To: Lisa Richardson <lrichardson@clfnola.com>

>>>>>> Subject: RE: Russell Daggett "Motion to Substitute Parties"

>>>>>>

>>>>>> Looks fine to me. Can we confirm that the process of opening an estate has begun?

>>>>>>

>>>>>> Victor Cobb

>>>>>>

>>>>>> Cooper Law Firm, L.L.C.

>>>>>> 1525 Religious Street

>>>>>> New Orleans, Louisiana 70130

>>>>>> Phone: (504) 291-1347

>>>>>> Fax: (504) 581-9055

>>>>>>

>>>>>> The information contained in this email message is protected under the Electronic Communications Privacy Act, 18 U.S.C. 2310-2321, and may also be protected by attorney-client and/or the attorney/work product privileges. It is intended only for the use of the individual named above and the privileges are not waived by virtue of this having been sent by email. If the person actually receiving this email or any other reader of the email is not the named recipient, any use, dissemination, distribution, or copying of the communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone at 504-566-1558 and return the original message to us at bcooper@sch-llc.com.

>>>>>>

>>>>>> -----Original Message-----

>>>>>> From: Lisa Richardson <notifier@mail.vault.netvoyage.com>

>>>>>> Sent: Wednesday, September 29, 2021 8:37 AM

>>>>>> To: Victor Cobb <vcobb@clfnola.com>

>>>>>> Cc: Lisa Richardson <lrichardson@clfnola.com>

>>>>>> Subject: Russell Daggett "Motion to Substitute Parties"

>>>>>>

>>>>>> CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

>>>>>>

>>>>>>

>>>>>> Please review and approve the attached Motion for filing today.

>>>>>>

>>>>>> Respectfully,

>>>>>>

>>>>>> Lisa

>>>>>> SPECIAL NOTICE TO CLIENT(S): If you are a client of this firm and this e-mail is directed to you. DO NOT FORWARD to any other party, or you could be waiving the attorney-client privilege.

>>>>> SPECIAL NOTICE TO CLIENT(S): If you are a client of this firm and this e-mail is directed to you. DO NOT FORWARD

to any other party, or you could be waiving the attorney-client privilege.

>>>> SPECIAL NOTICE TO CLIENT(S): If you are a client of this firm and this e-mail is directed to you. DO NOT FORWARD to any other party, or you could be waiving the attorney-client privilege.

>>> SPECIAL NOTICE TO CLIENT(S): If you are a client of this firm and this e-mail is directed to you. DO NOT FORWARD to any other party, or you could be waiving the attorney-client privilege.

> SPECIAL NOTICE TO CLIENT(S): If you are a client of this firm and this e-mail is directed to you. DO NOT FORWARD to any other party, or you could be waiving the attorney-client privilege.

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
**Telephone: (202) 879-1133 Website: www.dccourts.gov**

_____
                                            Plaintiff

                    vs.
                                                        Case Number  _____

_____
                                            Defendant

## SUMMONS

To the above named Defendant:

        You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

        You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

_____                     _Clerk of the Court_
Name of Plaintiff's Attorney

_____          By  _____
Address                                                             Deputy Clerk

_____

_____          Date  _____
Telephone
如需翻译,请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction        Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828로 전화주십시오.      የአማርኛ ትርጉም ለማግኘት  (202) 879-4828  ይደውሉ

        IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME_.

        If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]                                                                        Super. Ct. Civ. R. 4

**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
**Sección de Acciones Civiles**
**500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001**
**Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov**

LawCo USA, PLLC
Demandante

contra

Número de Caso: 2022 CA 003131 B

Cooper Law Firm, LLC
Demandado

## CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

Jeffrey E. McFadden
Nombre del abogado del Demandante

*SECRETARIO DEL TRIBUNAL*

312 Prospect Bay Drive East, Grasonville, MD 21638
Dirección

Por: ____________________
Subsecretario

(410) 490 - 1163
Teléfono

Fecha ____________________

如需翻译,请打电话 (202) 879-4828 Veuillez appeler au (202) 879-4828 pour une traduction Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요 የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO*.

Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

DO NOT COMPLETE

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH
INFORMATION SHEET

LawCo USA, PLLC

vs

Cooper Law Firm, LLC

Case Number: 2022 CA 003131 B

Date: 12/23/22

☐ One of the defendants is being sued
in their official capacity.

| Name: *(Please Print)* Jeffrey E. McFadden | Relationship to Lawsuit |
|---|---|
| Firm Name: Law Offices of Jeffrey E. McFadden, LLC | ☑ Attorney for Plaintiff |
| Telephone No.:          Six digit Unified Bar No.: (410) 490-1163        434234 | ☐ Self (Pro Se) |
| | ☐ Other: _____ |

TYPE OF CASE: ☑ Non-Jury        ☐ 6 Person Jury        ☐ 12 Person Jury

Demand: $ n/a        Other: Declaratory and Injunctive Relief
Specific Performance

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.:_____   Judge: _____   Calendar #:_____

Case No.:_____   Judge: _____   Calendar#:_____

NATURE OF SUIT:   *(Check One Box Only)*

**A. CONTRACTS**                    COLLECTION CASES

☑ 01 Breach of Contract        ☐ 14 Under $25,000 Pltf. Grants Consent   ☐ 16 Under $25,000 Consent Denied
☐ 02 Breach of Warranty        ☐ 17 OVER $25,000 Pltf. Grants Consent   ☐ 18 OVER $25,000 Consent Denied
☐ 06 Negotiable Instrument     ☐ 27 Insurance/Subrogation               ☐ 26 Insurance/Subrogation
☐ 07 Personal Property               Over $25,000 Pltf. Grants Consent        Over $25,000 Consent Denied
☐ 13 Employment Discrimination ☐ 07 Insurance/Subrogation               ☐ 34 Insurance/Subrogation
☐ 15 Special Education Fees          Under $25,000 Pltf. Grants Consent        Under $25,000 Consent Denied
                               ☐ 28 Motion to Confirm Arbitration
                                     Award (Collection Cases Only)

**B. PROPERTY TORTS**

☐ 01 Automobile              ☐ 03 Destruction of Private Property   ☐ 05 Trespass
☐ 02 Conversion              ☐ 04 Property Damage
☐ 07 Shoplifting, D.C. Code § 27-102 (a)

**C. PERSONAL TORTS**

☐ 01 Abuse of Process            ☐ 10 Invasion of Privacy              ☐ 17 Personal Injury- (Not Automobile,
☐ 02 Alienation of Affection     ☐ 11 Libel and Slander                     Not Malpractice)
☐ 03 Assault and Battery         ☐ 12 Malicious Interference           ☐ 18 Wrongful Death (Not Malpractice)
☐ 04 Automobile- Personal Injury ☐ 13 Malicious Prosecution            ☐ 19 Wrongful Eviction
☐ 05 Deceit (Misrepresentation)  ☐ 14 Malpractice Legal                ☐ 20 Friendly Suit
☐ 06 False Accusation            ☐ 15 Malpractice Medical (Including Wrongful Death)  ☐ 21 Asbestos
☐ 07 False Arrest                ☐ 16 Negligence- (Not Automobile,     ☐ 22 Toxic/Mass Torts
☐ 08 Fraud                            Not Malpractice)                 ☐ 23 Tobacco
                                                                       ☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE        IF USED

CV-496/June 2015

# Information Sheet, Continued

## C. OTHERS

- [ ] 01 Accounting
- [ ] 02 Att. Before Judgment
- [ ] 05 Ejectment
- [ ] 09 Special Writ/Warrants
      (DC Code § 11-941)
- [ ] 10 Traffic Adjudication
- [ ] 11 Writ of Replevin
- [ ] 12 Enforce Mechanics Lien
- [x] 16 Declaratory Judgment

- [ ] 17 Merit Personnel Act (OEA)
      (D.C. Code Title 1, Chapter 6)
- [ ] 18 Product Liability

- [ ] 24 Application to Confirm, Modify,
      Vacate Arbitration Award (DC Code § 16-4401)
- [ ] 29 Merit Personnel Act (OHR)
- [ ] 31 Housing Code Regulations
- [ ] 32 Qui Tam
- [ ] 33 Whistleblower

## II.

- [ ] 03 Change of Name
- [ ] 06 Foreign Judgment/Domestic
- [ ] 08 Foreign Judgment/International
- [ ] 13 Correction of Birth Certificate
- [ ] 14 Correction of Marriage
      Certificate
- [ ] 26 Petition for Civil Asset Forfeiture (Vehicle)
- [ ] 27 Petition for Civil Asset Forfeiture (Currency)
- [ ] 28 Petition for Civil Asset Forfeiture (Other)

- [ ] 15 Libel of Information
- [ ] 19 Enter Administrative Order as
      Judgment [ D.C. Code §
      2-1802.03 (h) or 32-151 9 (a)]
- [ ] 20 Master Meter (D.C. Code §
      42-3301, et seq.)

- [ ] 21 Petition for Subpoena
      [Rule 28-I (b)]
- [ ] 22 Release Mechanics Lien
- [ ] 23 Rule 27(a)(1)
      (Perpetuate Testimony)
- [ ] 24 Petition for Structured Settlement
- [ ] 25 Petition for Liquidation

## D. REAL PROPERTY

- [ ] 09 Real Property-Real Estate
- [ ] 12 Specific Performance
- [ ] 04 Condemnation (Eminent Domain)
- [ ] 10 Mortgage Foreclosure/Judicial Sale
- [ ] 11 Petition for Civil Asset Forfeiture (RP)

- [ ] 08 Quiet Title
- [ ] 25 Liens: Tax / Water Consent Granted
- [ ] 30 Liens: Tax / Water Consent Denied
- [ ] 31 Tax Lien Bid Off Certificate Consent Granted

_____
Attorney's Signature

_12/23/22_____
Date

CV-496/ June 2015

Exhibit 14

eFiled
01/08/2023 1:59:58 PM
Superior Court
of the District of Columbia

## IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | | |
|---|---|---|
| **LAWCO USA, PLLC,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| | * | |
| | * | |
| **v.** | * | **CASE NO.:  2022 CA 003131 B** |
| | * | |
| **COOPER LAW FIRM, LLC,** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |
| | * | |

*    *    *    *    *    *    *    *    *    *    *    *    *

### AFFIDAVIT OF SERVICE

I, Jeffrey E. McFadden, counsel for Plaintiff in the above-captioned case, hereby certify that I effected service of the Summons and First Amended Complaint in this action on Defendant Cooper Law Firm, LLC by sending copies of both by electronic mail to Celeste Brustowicz, Esq., Managing Partner, Cooper Law Firm, LLC on January 4, 2020.  As evidenced by the electronic mail chain attached as **Exhibit A**, Ms. Brustowicz accepted service on behalf of Cooper Law Firm on January 4, 2020.

Dated: January 8, 2023             Respectfully submitted,

_____/s/_____
Jeffrey E. McFadden (Bar No. 434234)
LAW OFFICES OF JEFFREY E. MCFADDEN, LLC
312 Prospect Bay Drive East
Grasonville, MD  21638
(410) 490-1163
jmcfadden@jmcfaddenlaw.com

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of January 2021, I caused a copy of this Affidavit of

Service to be served on counsel for Defendant via the Court's electronic filing system.


_____/s/_____
Jeffrey E. McFadden

**EXHIBIT A**

**Jeffrey McFadden**

---

| | |
|---|---|
| **From:** | Jeffrey McFadden |
| **Sent:** | Sunday, January 8, 2023 1:38 PM |
| **To:** | Celeste Brustowicz; Barry J. Cooper, Jr.; Jonathan Zitt |
| **Cc:** | Alan D. Ezkovich (Alan.Ezkovich@ezkovichlaw.com); Trava Aultman |
| **Subject:** | RE: LawCo v. CLF; Amended Complaint and Service of Process |

Yes.

**Jeffrey E. McFadden**
**Law Offices of Jeffrey E. McFadden, LLC**
**312 Prospect Bay Drive East**
**Grasonville, MD  21638**
**(410) 490-1163**
jmcfadden@jmcfaddenlaw.com

*Fellow,* American Bar Foundation
*Fellow,* National Institute of Military Justice

**From:** Celeste Brustowicz <cbrustowicz@clfnola.com>
**Sent:** Thursday, January 5, 2023 11:27 AM
**To:** Jeffrey McFadden <jmcfadden@jmcfaddenlaw.com>; Barry J. Cooper, Jr. <bcooper@clfnola.com>; Jonathan Zitt <jrzitt@yahoo.com>
**Cc:** Alan D. Ezkovich (Alan.Ezkovich@ezkovichlaw.com) <Alan.Ezkovich@ezkovichlaw.com>; Trava Aultman <taultman@clfnola.com>
**Subject:** RE: LawCo v. CLF; Amended Complaint and Service of Process

So, our agreement is crystal clear, the acceptance of service by CLF occurred yesterday, 1/4/2023, and that is the date on which the due date for responsive pleadings is calculated.

Celeste Brustowicz
Managing Partner

Cooper Law Firm, L.L.C.
1525 Religious Street
New Orleans, Louisiana 70130
Phone: 504.399.0009
Direct: 504.291.1344
Fax: (504) 309-6989

The information contained in this email message is protected under the Electronic Communications Privacy Act, 18 U.S.C. 2310-2321, and may also be protected by attorney-client and/or the attorney/work product privileges. It is intended only for the use of the individual named above and the privileges are not waived by virtue of this having been sent by email. If the person actually receiving this email or any other reader of the email is not the named recipient, any use, dissemination, distribution, or copying of the communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone at 504-566-1558 and return the original message to us at bcooper@sch-llc.com.

**From:** Jeffrey McFadden <jmcfadden@jmcfaddenlaw.com>
**Sent:** Wednesday, January 4, 2023 1:58 PM

**To:** Celeste Brustowicz <cbrustowicz@clfnola.com>; Barry J. Cooper, Jr. <bcooper@clfnola.com>; Jonathan Zitt <jrzitt@yahoo.com>
**Cc:** Alan D. Ezkovich (Alan.Ezkovich@ezkovichlaw.com) <Alan.Ezkovich@ezkovichlaw.com>
**Subject:** RE: LawCo v. CLF; Amended Complaint and Service of Process

---

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

---

Yes, of course.

I will file an affidavit of service.

Thank you.

**Jeffrey E. McFadden**
**Law Offices of Jeffrey E. McFadden, LLC**
**312 Prospect Bay Drive East**
**Grasonville, MD  21638**
**(410) 490-1163**
**jmcfadden@jmcfaddenlaw.com**

*Fellow,* American Bar Foundation
*Fellow,* National Institute of Military Justice

---

**From:** Celeste Brustowicz <cbrustowicz@clfnola.com>
**Sent:** Wednesday, January 4, 2023 2:13 PM
**To:** Jeffrey McFadden <jmcfadden@jmcfaddenlaw.com>; Barry J. Cooper, Jr. <bcooper@clfnola.com>; Jonathan Zitt <jrzitt@yahoo.com>
**Cc:** Alan D. Ezkovich (Alan.Ezkovich@ezkovichlaw.com) <Alan.Ezkovich@ezkovichlaw.com>
**Subject:** RE: LawCo v. CLF; Amended Complaint and Service of Process

If you agree to provide the reciprocal courtesy we will accept service. If you agree, please confirm in this email chain.

Celeste Brustowicz
Managing Partner

Cooper Law Firm, L.L.C.
1525 Religious Street
New Orleans, Louisiana 70130
Phone: 504.399.0009
Direct: 504.291.1344
Fax: (504) 309-6989

The information contained in this email message is protected under the Electronic Communications Privacy Act, 18 U.S.C. 2310-2321, and may also be protected by attorney-client and/or the attorney/work product privileges. It is intended only for the use of the individual named above and the privileges are not waived by virtue of this having been sent by email. If the person actually receiving this email or any other reader of the email is not the named recipient, any use, dissemination, distribution, or copying of the communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone at 504-566-1558 and return the original message to us at bcooper@sch-llc.com.

**From:** Jeffrey McFadden <jmcfadden@jmcfaddenlaw.com>
**Sent:** Wednesday, January 4, 2023 1:10 PM
**To:** Celeste Brustowicz <cbrustowicz@clfnola.com>; Barry J. Cooper, Jr. <bcooper@clfnola.com>; Jonathan Zitt <jrzitt@yahoo.com>
**Cc:** Alan D. Ezkovich (Alan.Ezkovich@ezkovichlaw.com) <Alan.Ezkovich@ezkovichlaw.com>
**Subject:** LawCo v. CLF; Amended Complaint and Service of Process

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Counsel,

Please find attached the file-stamped amended complaint and issued summons in the above-referenced case.  I would appreciate your letting me know if you would be willing to accept service on behalf of Defendant Cooper Law Firm.

Thank you for your attention to this matter.


Jeff

**Jeffrey E. McFadden**
**Law Offices of Jeffrey E. McFadden, LLC**
**312 Prospect Bay Drive East**
**Grasonville, MD  21638**
**(410) 490-1163**
jmcfadden@jmcfaddenlaw.com

*Fellow,* American Bar Foundation
*Fellow,* National Institute of Military Justice

SPECIAL NOTICE TO CLIENT(S): If you are a client of this firm and this e-mail is directed to you. DO NOT FORWARD to any other party, or you could be waiving the attorney-client privilege.
SPECIAL NOTICE TO CLIENT(S): If you are a client of this firm and this e-mail is directed to you. DO NOT FORWARD to any other party, or you could be waiving the attorney-client privilege.

Exhibit 15



**Superior Court of the District of Columbia**
**Civil Division - Civil Actions Branch**
**500 Indiana Ave NW, Room 5000, Washington DC 20001**
**202-879-1133 | www.dccourts.gov**

**2022-CA-003131-B**

**LAWCO USA, PLLC   Vs.  COOPER LAW FIRM, LLC**

### TRACK I SCHEDULING ORDER

This Order may not be modified except by leave of Court upon a showing of good cause. Stipulations by counsel will not be effective to change any deadlines in the Order without court approval. Failure to comply with this Order and the deadlines set forth herein may result in dismissal, default judgment, refusal to let witnesses testify, refusal to admit exhibits, the assessment of costs and expenses, including attorney's fees, or other sanctions.

A Joint Pretrial Statement is required unless otherwise ordered by the Court.

### Pretrial Deadlines

| | |
|---|---|
| Exchange Lists of Fact Witnesses: | 02/19/2023 |
| Proponent's Rule 26(a)(2)(B) Report: | 02/26/2023 |
| Opponent's Rule 26(a)(2)(B) Report: | 03/12/2023 |
| Discovery Requests: | 03/26/2023 |
| Close of Discovery[1]: | 04/25/2023 |
| Filing Motions[2]: | 05/25/2023 |
| Dispositive Motions Decided: | 06/24/2023 |
| Mediation Date: | 07/09/2023 - 08/08/2023 |
| Pretrial Date[3]: | (To be set upon completion of Mediation) |

Date:  01/20/2023

_____
Juliet J McKenna, Associate Judge

---

[1] No motion relating to discovery and no deposition or other discovery may be had after this date, except by leave of court. Notices of deposition must be served not less than 5 days before the date scheduled for the deposition, and no deposition may be noticed to take place after the close of discovery date.

[2] This deadline does not apply (1) to motions relating to discovery, which must be filed by the close of discovery, or (2) to motions in limine, motions to bifurcate, or any other motion respecting the conduct of the trial, which must be filed at least 3 weeks prior to the pretrial conference.

[3] A Joint Pretrial Statement is required unless otherwise ordered by the Court.

Exhibit 16

**Case Caption:**   LAWCO USA, PLLC   Vs.  COOPER LAW FIRM, LLC

**To:**  Cooper Law Firm, LLC                          **Case Number:**   2022-CA-003131-B

Your case is scheduled for online mediation on 07/19/2023 at 9:00 AM. The mediation session will be conducted via a video conference platform. Multi-Door will reach out to you with information on how to access your session. Attorneys are required to submit a Mediation Readiness Certificate (MRC) and Confidential Settlement Statement (CSS) no later than 21 days prior to the mediation date. Pro se parties are required to submit a CSS no later than 21 days prior to the mediation date. MRC and CSS forms can be found on the Civil Mediation page of the Superior Court's website (https://www.dccourts.gov/services/mediation-matters/civil) and submitted to CivilMRC-CSS@DCSC.GOV.

**Parties that do not submit MRC and CSS paperwork 14 days before the scheduled mediation date, will result in  Multi-Door will cancel the mediation and notify the court, including identifying the party or parties, and any attorney, who did not provide the documents which may result in a show cause order and fines.**

To reschedule this mediation:  If your request for a continuance is *by consent* of all parties and made *30 days or more in advance* of the mediation date, please contact the Civil Actions Branch (202-879-1133).  If you wish to reschedule *within 30 days* of mediation, you must file a motion for a continuance with the calendar judge. Attorneys receiving this notice are deemed counsel of record.  For additional instructions review the Mediation Procedures received at the scheduling conference, and also located on the Superior Court's website (dccourts.gov) or contact the Multi-Door Dispute Resolution Division at 202-879-1549.

*(For non-attorney parties: Multi-Door Case Managers will be communicating important information about your mediation primarily through email. To ensure that you do not miss any vital information, please call 202-879-1549 to verify your email address with the Case Manager assigned to your case.)*

To request a change in your method of participation in mediation, visit www.dccourts.gov/services/remote-hearing-information for instructions and forms.



Superior Court of the District of Columbia
Multi-Door Dispute Resolution – Civil ADR Branch
410 E Street NW, Washington, DC 20001
202-879-1549 | https://www.dccourts.gov

First Class Mail
U. S. Postage Paid
Washington, D.C.
Permit No. 1726

Cooper Law Firm, LLC
1525 Religious Street
NEW ORLEANS LA  70130

Exhibit 17

eFiled
01/26/2023 4:08:56 PM
Superior Court
of the District of Columbia

## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA

LAWCO USA, PLLC,

        *Plaintiff,*

*v.*

*COOPER LAW FIRM, LLC,*

        *Defendant.*

Case No.  2022 CA 003131 B
Judge: Juliet McKenna
Calendar No.: 13
Next Event:

## AMENDED ENTRY OF APPEARANCE

The undersigned, Christopher T. Nace, whose address, telephone number and bar number appear below, hereby enters his appearance as counsel on behalf of the Defendant. Counsel also asks this Court to please strike original entry of appearance for incorrect party.

Respectfully submitted,

PAULSON & NACE, PLLC

    */s/  Christopher T. Nace*
Christopher T. Nace, Esq.
Bar No. 977865
1025 Thomas Jefferson St., NW
Suite 810
Washington, DC 20007
202-463-1999 (Tel.)
202-223-6824 (Fax)
ctnace@paulsonandnace.com
*Counsel for Defendant*

And

Jonathan R. Zitt (D.C.Bar#1030902)
2028 Harrison Street, Suite 201-4
Hollywood, Florida 33020
Telephone: (954) 654-5979
jrzitt@gmail.com

*Counsel for Defendant*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on January 26, 2023, I caused a true and exact copy of the foregoing to

be served upon all counsel of records via the Court's Filing System upon.


                                             */s/  Christopher T. Nace*
                                             Christopher T. Nace, Esq.