UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAWCO USA, PLLC,<br><br>    *Plaintiff*,<br><br> v.<br><br>COOPER LAW FIRM, LLC,<br><br>    *Defendant*. | Civil Action No. 23-289 (BAH) |

**PLAINTIFF'S MOTION FOR REMAND AND INCORPORATED
MEMORANDUM OF LAW IN SUPPORT**

  Pursuant to 28 U.S.C. § 1447, Plaintiff LawCo USA, PLLC ("LawCo"), through counsel, respectfully moves this Court for an order remanding this case back to the Superior Court for the District of Columbia.  Any subject matter jurisdiction justifying removal could only be based on diversity of citizenship between the parties pursuant to 28 U.S.C. § 1332(a).  Because the citizenship of an LLC is the citizenship of its members, complete diversity does not exist in this case because both a member of LawCo and a member of Defendant Cooper Law Firm ("CLF") are Florida residents.  Pursuant to Local Civil Rule 7(m), undersigned counsel has conferred with counsel for Defendant, who states that does not object to the filing of this Motion but reserves the right to oppose it.

  Moreover, the statute's amount in controversy requirement is not, and cannot, be satisfied.  Where, as here, Plaintiffs' Amended Complaint seeks only declaratory and injunctive relief, the amount in controversy is determined either by the value of the right the plaintiff seeks to enforce or the cost to the defendant in remedying the denial of that right.  *Busby v. Capital One, N.A.*, 932 F. Supp. 2d 114, 132 (D.D.C. 2013).

This case concerns a Joint Venture Agreement ("JVA") between Plaintiff and Defendant whereby Plaintiff aggregates prospective plaintiffs in products liability litigation involving hernia mesh implants through "Local Counsel Affiliates" and then forwards those claims to Defendant. Defendant, in turn, conducts further screening of the claims, determines which claims should be pursued, and then files the necessary lawsuits in one of several multi-district litigations pending in various parts of the country. In this lawsuit, Plaintiff seeks to enforce each and every provision of the JVA after learning from Defendant – specifically, Defendant's counsel of record in this case and four years into the JVA -- that Defendant suddenly has ethical concerns with regard to certain of its contractual obligations thereunder, despite the fact that it was counsel of record for Defendant who negotiated the JVA on Defendant's behalf in the first instance. Thus, the value to Plaintiff in enforcing its rights under the JVA is the demonstrable value of the percentage of settlement proceeds to which it is contractually entitled with respect to each of the hernia mesh litigations subject to the JVA. But any such value involves future, contingent interests that cannot presently be predicted, let alone valued. Under well-settled federal courts jurisprudence, such future contingencies cannot form the basis for satisfying the jurisdictional amount requirement under 28 U.S.C. § 1332(a).

Accordingly, this case must be remanded to the Superior Court.

**RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

**I.      The Citizenship of the Parties**

Barry J. Cooper is a member of Defendant CLF. *See* https://clfnola.com/attorneys/#. As evidenced by a document CLF submitted in another litigation,[1] Cooper is a citizen of the State of

---

[1] A copy of this document is attached as Exhibit A.

Florida. Richard Sackett is a managing member of Plaintiff LawCo. Declaration of Richard Sackett, ¶ 2.[2] Sackett is a citizen of the State of Florida. *Id.*, ¶ 3.

## II.  The JVA

On August 1, 2018, Plaintiff and Defendant entered into a joint venture agreement to partner to provide legal representation in connection with the side effects from the implantation of hernia mesh products and to represent potential claimants in lawsuits against the manufacturers, distributors, and sales representatives who promote and implant hernia mesh implants (the "JVA"). Amended Complaint ("Am. Compl."), ¶ 5 and Exhibit A. The person who negotiated the JVA on behalf of LawCo was attorney James Crosland. The person who negotiated the JVA on behalf of Cooper Law Firm was Celeste Brustowicz, who is the only counsel of record for Defendant in this case.[3] Crossland created the initial draft, but Brustowicz heavily edited it. The JVA that was ultimately signed represented the 50/50 work product of both parties.

The implementation of the JVA has resulted in the filing of approximately 70 cases against four or more defendants. Nationwide, hernia mesh litigation has been consolidated in multi-district litigation ("MDL") in at least four federal courts. Two bellwether trials have already taken place in one of the MDLs, resulting in one verdict for the plaintiffs and one verdict for the defendant. Two more bellwether trials are scheduled for later this year.

To date, only two cases brought pursuant to the JVA have settled, entitling Plaintiff LawCo to the aggregate amount of $20,606.04, which Defendant Cooper Law Firm seeks to

---

[2] A copy of the Sackett Declaration is attached as Exhibit B.

[3] A copy of an email exchange between Crosland and Brustowicz in this regard is attached as Exhibit C.

deposit into the Registry of this Court on the basis of a procedurally and factually flawed "interpleader." (ECF No. 9.)[4]

### III. Procedural History

The events leading up to the filing of Plaintiff's original Complaint in the Superior Court are set forth in Paragraphs 12 through 16 of the Amended Complaint and the Exhibits cited in those paragraphs, all of which are incorporated by reference here. As those allegations and exhibits make clear, Defendant announced on May 31, 2022 that it had no intention of creating the joint bank account required by Paragraph 6.4 of the JVA for reasons that, notably, had nothing to do with any ethical concern.[5] Plaintiff filed its original Complaint in the Superior Court on July 14, 2022.

On November 4, 2022, Defendant filed a Motion for Stay (Notice of Settlement). In support of that Motion, Defendant claimed that "the parties reached the terms of a settlement agreement on October 5th, 2022 . . . however, the exact terms mutually negotiated between counsel for the parties . . . have not been incorporated into the *Consent Judgment* drafted and circulated by counsel for Plaintiff . . . on November 1st, 2022." This Motion was never served on Plaintiff, and Plaintiff only learned of it after the Superior Court granted the Motion by Order dated November 14, 2022.

On November 18, 2022, Plaintiff filed a Motion to Lift Stay, asserting that Defendant's assertions concerning the near-consummation of a consent judgment were, at best, misleading, because in discussions between Plaintiff's counsel and counsel of record for Defendant, Brustowicz --

---

[4] For the reasons cited in a Motion for Stay filed contemporaneously with this Motion, any further motions practice as to Defendant's ExParte Motion to Deposit Funds in the Registry of the Court should be stayed pending the Court's disposition of this Motion for Remand. In addition, for the reasons cited in Plaintiff's Opposition to Plaintiff's Opposition to Defendant's *Ex Parte* Motion for Clerk of Court to Accept Interpleader Deposit, Defendant's attempt at interpleader is legally, factually, and procedurally flawed and is of no moment.

[5] *Cf.* Defendant's Answer, Counterclaim, and Interpleader (ECF No. 7), ¶¶ 14, 39, 44, 77, 96-101, 111, (mischaracterizing the bank account at issue as a "trust account")

discussions that had taken place before Defendant filed its Motion for Stay -- Brustowicz had questioned whether, as a matter of her ethical responsibilities under Louisiana law, the Agreement was enforceable at all given that LawCo's owner was a non-lawyer. She further stated her intention to obtain a formal opinion from the Louisiana bar on the matter. Given those developments, Plaintiff's Motion to Lift Stay also requested leave to file an amended complaint.

On December 6, the Superior Court granted Plaintiff's Motion to Lift Stay and directed Plaintiff to file an amended complaint by December 27, 2022.

Plaintiff filed its Amended Complaint on December 23, 2022. Defendant accepted service of the Amended Complaint on January 4, 2023. Pursuant to Superior Court Civil Rule 15(a)(4), Defendant was required to answer or otherwise respond to the Amended Complaint by January 18, 2023. It failed to do so.

At a Scheduling Conference two days later, on January 20, 2023, counsel for Plaintiff pointed out that Defendant had failed timely to answer or otherwise respond to the Amended Complaint. Counsel for Defendant acknowledged that failure. The Court then asked counsel for Defendant if Defendant was seeking an extension of the deadline. Counsel for Defendant responded affirmatively and asked for an additional two weeks to respond. Counsel for Plaintiff did not object, and the Superior Court gave Defendants until February 1, 2023 to answer or otherwise respond.

The Superior Court entered a Track I Scheduling Order later that same day, January 20, 2023.

On February 1, Defendant filed a Notice of Removal in this Court. (ECF No. 1.) The filing contained two deficiencies, which Defendant cured the following day, February 2, 2023. (ECF Nos. 2 and 3.)

The Notice of Removal recites that LawCo is a PLLC organized under the laws of the District of Columbia and that none of its members are citizens of the State of Louisiana. It further recites that CLF is an LLC organized under the laws of the State of Louisiana and that none of its members are citizens of the District of Columbia. But the Notice fails to cite that a member of both entities are

citizens of the State of Florida.  As for the amount in controversy, the Notice of Removal makes the following recitation: "CLF reasonably believes the aggregate value of the [hernia mesh legal fees] will be well in excess of $75,000."  Notice, ¶ 4.  Further on, the Notice states, "the amount in controversy *now* exceeds $75,000;" *id.*, ¶ 9 (emphasis added); but provides no further basis for that assertion.

## LEGAL STANDARD

Removal is appropriate only when the case might have originally been brought in federal court. *Wexler v. United Airlines, Inc.,* 496 F.Supp.2d 150, 152 (D.D.C. 2007) (citing 28 U.S.C. § 1441(a) and *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987)).  28 U.S.C. § 1332(a) vests a district court with subject matter jurisdiction when the parties are diverse and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  The removing party bears the burden of showing that federal subject matter jurisdiction exists.  *Wexler,* 496 F. Supp. at 152 (citing *Your Girl Friday, LLC v. MGF Holdings, Inc.,* 2006 WL 1028959, *2 (D.D.C. Apr. 18, 2006)).  Where a district court has jurisdiction solely on the basis of diversity of citizenship between the parties, there must be "complete diversity," meaning that no plaintiff may have the same citizenship as any defendant.  *Busby*, 932 F.Supp. at 130.

When a plaintiff contests a defendant's assertion regarding the amount in controversy, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount in controversy requirement has been satisfied." *Clean Label Project Foundation v. Now Health Group, Inc.*, 2021 WL 2809106, *2 (D.D.C. Jul. 6, 2021) (citing 28 U.S.C. § 1446(c)(2)(B) and quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014)).  Courts in this District will only consider values supported by evidence in the record and will not count claimed amounts based solely on unsupported assertions or speculation. *See, e.g., Wexler,* 496 F.Supp.2d at 154 ("[A] nonexistent evidentiary showing is insufficient to meet [defendant's]

burden to establish the existence of federal subject matter jurisdiction.").

Pursuant to 28 U.S.C. § 1447(c), "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Because removal implicates significant federalism concerns, a court must "strictly construe[ ] the scope of its removal jurisdiction." *Downey v. Ambassador Devel., LLC*, 568 F.Supp.2d 28, 30 (D.D.C. 2008). "Any ambiguities regarding the existence of removal jurisdiction must be resolved in favor of remand." *Wexler*, 496 F.Supp.2d at 152 (citations omitted). Simply stated, "[w]hen it appears that a district court lacks subject matter jurisdiction over a case that has been removed from a state court, the district court *must* remand the case." *Republic of Venezuela v. Philip Morris Inc.*, 287 F.3d 192, 196 (D.C. Cir. 2002) (emphasis added).

## ARGUMENT

**I.    COMPLETE DIVERSITY BETWEEN THE PARTIES DOES NOT EXIST.**

LawCo is a professional limited liability company. CLF is a limited liability company. "Limited liability companies . . . carry the citizenship of each of their members." *Simon v. Hofgard*, 172 F.Supp.3d 308, 314-15 (D.D.C. 2016). Because LawCo member Richard Sackett and CLF member Barry Cooper are both citizens of the State of Florida, complete diversity of citizenship, and thus federal subject matter jurisdiction, does not exist, and the case must be remanded.[6]

---

[6] CLF could not possibly argue to the contrary, given the fact that it filed a Motion for Remand in a case pending in Louisiana captioned *Barry J. Cooper, Jr. as Executor of the Estate of Stuart H. Smith v. Richard Sackett, Individually and as Managing-Member of Jet Group One, LLC,* Civil No. 2:22-cv-01306 (E.D. La.), in which CLF successfully argued that there was not compete diversity between the parties because they were all (including Barry J. Cooper, Jr.), domiciled in the State of Florida. And the lawyer who signed the motion and memorandum in that case is the same lawyer who is counsel of record for Defendant in this case: Celeste Brustowicz. *See* Exhibit A.

## II. THE AMOUNT IN CONTROVERSY CANNOT BE SATISFIED.

The Amended Complaint contains three counts. Count I seeks declaratory relief concerning the enforceability of the JVA and the disposition of LawCo's rights under it. Count II seeks injunctive relief to enforce each and every term of the JVA against CLF and to direct the immediate release of $20,606.04 in settlement proceeds CLF is wrongfully holding hostage. Count III is a claim for specific performance of the JVA. Where, as here, a complaint seeks only declaratory and injunctive relief and does not contain a claim for money damages, the amount in controversy may be determined either by the value of the right the plaintiff seeks to enforce or the cost to the defendant in complying with the injunction. *Busby*, 932 F.Supp.2d at 132; *see also Animal Legal Defense Fund v. Hormel Foods Corp.,* 249 F.Supp.3d 53, 60 (D.D.C. 2017) (citing cases).

The question thus presented is whether the readily-determinable, non-contingent, non-speculative value of the enforcement of the JVA at the time Plaintiff filed its Amended Complaint exceeded $75,000. Because Defendant cannot prove so by a preponderance of the evidence, the case must be remanded to the Superior Court.

The amount or value in controversy in disputes involving injunctions relates to the amount or value as of the time of the commencement of suit. *Naegle v. Albers*, 110 F.Supp.3d 126, 141 (D.D.C. 2015). As of Plaintiff's filing of its Amended Complaint, the only matured and non-contingent amount in controversy between the parties as to the enforcement of the JVA is the $20,606.04 due and owing to LawCo as its share of settlement proceeds ***actually received*** in two hernia mesh litigations. Indeed, in the Prayer for Relief in its Amended Complaint, Plaintiff expressly asks the Court to "Order Defendant immediately to distribute the settlement proceeds

due and owing to Plaintiff, its Local Counsel, and the clients that are the subject of Brustowicz's December 9 and 12 e-mails." Am. Compl., Prayer for Relief, subsection c.

Any prospective amount of additional settlement proceeds from any other hernia mesh case covered by the JVA is immature, contingent, speculative, and may never be recovered. It is well-settled, both in this and in other federal courts around the country, that the amount in controversy requirement cannot be satisfied on the basis of such future, contingent claims.[7] *See generally Inclusion of Future, Immature, and Contingent Claims in Amount in Controversy*, Cyclopedia of Federal Procedure § 2.259 ("Future claims and demands which are contingent in nature and may never accrue cannot, as a rule, be included in the amount in controversy."); 32A Am. Jur. 2d Federal Courts § 948 (same). *See, e.g., Phelps Oil & Gas, LLC v. Noble Energy Inc.,* 5 F.4th 1122, 1127-28 (10th Cir. 2021) (speculation about the possibility of future, uncertain litigation does not satisfy amount in controversy); *Employers Mut. Cas. Co. v. All Seasons Window & Door M'facturing, Inc.*, 387 F.Supp.2d 1205, 1211-12 (S.D. Ala. 2005) (amount in controversy not satisfied by potential coverage liabilities of insurer where insurer's liability had not yet been determined); *Lutz v. Protective Life Ins. Co.*, 328 F.Supp.2d 1350, 1361 (S.D. Fla. 2004) (contingencies as to future of insurance contract rendered amount in controversy too speculative to support exercise of federal subject matter jurisdiction).

The reasoning of *Lutz* is particularly noteworthy here, given that the alternative relief sought by Defendant is to be let out of the JVA altogether. *See* Defendant's Counterclaim (ECF No. 7), ¶ 109. It defies logic that a party seeking to get out of a contract can assert federal subject matter jurisdiction based on future settlement proceeds were the contract to remain in effect.

---

[7] Whatever settlement demands CLF may have made as to any hernia mesh plaintiff cannot be considered for amount-in-controversy purposes. *See National Consumers League v. Flowers Bakeries, LLC,* 36 F.Supp.3d 26, 33-34 (D.D.C. 2014).

One other potential component of the amount in controversy analysis requires discussion. "Attorney fees are part of the amount in controversy if they are provided for by statute or contract." *Zuckman v. Monster Beverage Corp.*, 958 F.Supp.2d 293, 301 (D.D.C. 2013)  The JVA contains a fee shifting provision, and Plaintiff is seeking such fees in its Amended Complaint.  Am. Compl., Prayer for Relief subsection e.  But courts in this District have repeatedly rejected "attempts to create federal jurisdiction through speculative assertions as to the potential award of attorneys' fees."  *See, e.g., Nat'l Consumers League v. Bimbo Bakeries USA,* 46 F.Supp.3d 64, 74 (D.D.C. 2014) ("The Court could only speculate as to the eventual cost of this litigation. As such, including attorneys' fees in the jurisdictional calculus here is not appropriate."); *Breakman v. AOL LLC*, 545 F.Supp.2d 96, 107 (D.D.C. 2008) ("defendant's conjecture regarding the possible amount of fees is inadequate to support an assertion of diversity jurisdiction in this case"); *Your Girl Friday, LLC v. MGF Holdings, Inc.*, 2006 WL 1028959, at *2 (D.D.C. Apr. 18, 2006) (same).  At this stage in the litigation, any conjecture by Defendant as to the amount of attorneys' fees ultimately recoverable by Plaintiff is as speculative and conjectural as the possibility and amounts of future hernia mesh settlements under the JVA.[8]

### III. LAWCO IS ENTITLED TO THE ATTORNEY'S FEES INCURRED IN SEEKING REMAND.

28 U.S.C. § 1447(c) vests a federal district court with discretion to award attorney's fees to the party seeking remand.  The Supreme Court has held that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an

---

[8] Defendant's allusions to the forum selection clause in the JVA in its Notice of Removal (ECF No. 2) are irrelevant. A contractual forum selection clause does not create federal subject matter jurisdiction in the absence of any statutory basis for such jurisdiction.  *See Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003) ("because subject-matter jurisdiction is 'an Art. III as well as a statutory requirement . . . no action of the parties can confer subject-matter jurisdiction upon a federal court.'") (citations omitted).

10

objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

In *Johnson-Brown v. 2200 M Street LLC,* 257 F.Supp.2d 175 (D.D.C. 2003), Judge Urbina observed,

> Courts uniformly have held that a relevant factor for imposing costs and expenses is whether the removing party contradicts well-settled law in attempting to remove the case to federal court. Indeed, if non-removability is obvious or contrary to well-settled law, courts regularly impose costs and expenses as a result of removal.

*Id.*, 257 F.Supp.2d at 180. Applying that principle to the facts before him, Judge Urbina, ruled that "defendants' arguments in favor of removal are dubious at best if not disingenuous. Given the century of Supreme Court precedent, it is hard to imagine a more well-settled authority than the corporate citizenship rule." *Id.*

The facts in this case demonstrate that CLF's position with respect to diversity of citizenship is disingenuous at best if not deliberately misleading. While the recitations in their Notice of Removal recognize that the citizenship of an LLC's members must be considered in the diversity calculus, they conveniently ignore that fact that members of both LawCo and CLF are residents of Florida, a fact *expressly pointed out by CLF* in successfully moving for remand in a case pending in Louisiana.

Under the standards enunciated in *Martin and Johnson-Brown*, CLF had no objectively reasonable basis for removal and indeed *knew* that its removal was completely contrary to well-settled law as to the citizenship of limited liability companies and given the position it took in another lawsuit. The Court should award LawCo its reasonable attorney's fees in seeking remand.

11

## CONCLUSION

For all the foregoing reasons, the Court should remand the case to the Superior Court and award LawCo the reasonable attorney's fees it incurred in seeking such remand.

A form of order is attached.

Dated: March 1, 2023                                Respectfully submitted,

/s/ *Jeffrey E. McFadden*
Jeffrey E. McFadden
D.C. Bar No. 434234
LAW OFFICES OF JEFFREY E. MCFADDEN, LLC
312 Prospect Bay Drive East
Grasonville, MD 21638-1181
410-490-1163
jmcfadden@jmcfaddenlaw.com

**Counsel for Plaintiff**